**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DINESH VIGNESWARAN, d/b/a ChitramTV § <br> Canada and Chitram.ca, and DOES 1-10, § <br> individually and together d/b/a ChitramTV and § <br> Chitram.tv, § <br> § <br> Defendants. § | Civil Action No. 4:21-cv-859 |

## COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Dinesh Vigneswaran, d/b/a ChitramTV Canada and Chitram.ca ("Vigneswaran") and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv (collectively, "Chitram" and with Vigneswaran, "Defendants"), and states as follows:

### Nature of the Action

1. DISH brings this suit for direct and contributory copyright infringement because Chitram is taking television channels exclusively licensed to DISH and is unlawfully retransmitting these channels throughout the United States on Defendants' ChitramTV service (the "Chitram Service") to customers who purchase Defendants' Chitram set-top boxes and Chitram Service subscriptions ("Chitram Subscriptions"). Vigneswaran is materially contributing to and inducing direct copyright infringement by Chitram. Defendants demonstrated the willfulness of their copyright infringement by Chitram continuing to transmit channels exclusively licensed to DISH, and Defendants continuing to distribute the Chitram Service, despite receiving demands to cease.

**Parties**

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendants DOES 1-10 are individuals or entities doing business as ChitramTV and Chitram.tv. Chitram transmits television channels to users of the Chitram Service and distributes, sells, and promotes Chitram set-top boxes and Chitram Subscriptions that provide access to the Chitram Service. Chitram owns and operates the Chitram.tv domain and website ("Chitram.tv") and the Thulsi.net domain. Chitram has been assigned the computer servers identified by the following Internet Protocol ("IP") addresses: 5.45.75.130; 45.178.7.78; 87.255.35.151; 89.248.173.151; 91.224.187.34; 91.230.121.93; 93.125.70.2; 93.125.70.4; 179.43.144.190; 185.39.11.72; 185.69.16.139; 185.69.19.21; 185.196.9.182; and 185.216.140.82. Chitram.tv states "[w]e are located in Germany-: Head office, United Kingdom and United States of America." A Germany based phone number is listed on the Chitram.tv website. DISH believes discovery will identify DOES 1-10 and enable DISH to amend the complaint to list them by name.

4. Defendant Dinesh Vigneswaran, also known as Dinesh Vicky, is an individual residing in Toronto, Ontario, Canada. Vigneswaran does business as ChitramTV Canada and Chitram.ca and he owns and operates the Chitram.ca domain and website ("Chitram.ca"). Vigneswaran is Chitram's "US Manager" in charge of United States resellers of Chitram set-top boxes and Chitram Subscriptions. Vigneswaran distributes, sells, and promotes Chitram set-top boxes and Chitram Subscriptions that provide access to the Chitram Service.

**Jurisdiction and Venue**

5. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction is proper against Defendants under Rule 4(k)(2) of the Federal Rules of Civil Procedure. Chitram transmits channels exclusively licensed to DISH to Chitram Service users located in the United States ("Service Users"), including in the State of Texas. Defendants distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state.

7. Chitram promotes the Chitram Service to Service Users on Chitram.tv as offering "Free Worldwide Shipping," a "Sales & Support" phone number in the USA, and permits Service Users to "Shop Online" and purchase Chitram set-top boxes and Chitram Subscriptions by adding them to a shopping "Cart."



3

8. Vigneswaran listed five of his resellers of Chitram set-top boxes and Chitram Subscriptions in the United States on Chitram.ca, including one reseller in Missouri City, Texas.



9. Vigneswaran has approximately 60 resellers of Chitram set-top boxes and Chitram Subscriptions in the United States and a warehouse of Chitram set-top boxes in the United States.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district and under § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

### DISH's Copyrights

11. DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide. DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

12. DISH contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents, including ARY Digital USA LLC; B4U U.S.;

4

Bennett, Coleman and Company Limited; Geo USA Holdings, Inc. d/b/a Geo USA LLC; Hum Network Limited; MSM Asia Limited; National Communications Services (SMC-PVT.) Limited; Television Media Network (Pvt) Ltd; and TV Today Network Ltd. (collectively, the "Networks").

13. The Networks' channels include Aaj Tak; ARY Digital; ARY News; B4U Movies; B4U Music; Dunya TV; Express Entertainment; Express News; Geo News; Geo TV; Hum Masala; Hum Sitaray; Hum TV; India Today; SAB; SET (a/k/a Sony SET); SET MAX; Times Now; and Zoom (collectively, the "Protected Channels"). The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

14. DISH entered into signed, written licensing agreements with the Networks granting DISH the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States by means including satellite, over-the-top ("OTT"), Internet protocol television ("IPTV"), and Internet. DISH's exclusive rights were in effect at all relevant times and are currently in effect. Many of the works that aired on the Protected Channels and for which DISH holds exclusive distribution and public performance rights are registered with the United States Copyright Office. (*See* Exhibit 1.) A vast number of additional, unregistered copyrighted works in which DISH holds exclusive distribution and public performance rights also aired on the Protected Channels. (*See* Exhibit 2.)

15. Defendants are not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels or works that air on those channels in the United States, and DISH has received no compensation from Defendants to do so.

**Defendants' Wrongful Conduct**

16. Chitram distributes, sells, and promotes Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers, including Vigneswaran, with knowledge that those resellers, including Vigneswaran, distribute, sell, and promote them to Service Users.

17. Chitram promoted the Chitram Service on Chitram.tv as providing "Over 500 Channels and 10,000 Movies," "more than 200 Channels . . . of Indian Television," "WATCH ALL THE POPULAR CHANNELS & MOVIES YOU WANT," and "Watch all your favourite Indian TV Channel Programs."



18. Vigneswaran promotes the Chitram Service on Chitram.ca as having "150+ HD QUALITY CHANNELS."



19. Chitram.tv and Chitram.ca included links to Defendants' Facebook, Twitter, Google+, and YouTube accounts that Defendants used to promote the Chitram Service.

20. Chitram uses their Chitram Service to transmit the Protected Channels to Service Users soon after the original authorized transmission. Chitram takes broadcasts or streams of the Protected Channels, transfers them to one or more computer servers provided, controlled, and maintained by Chitram, and then transmits the Protected Channels to Service Users through OTT delivery to subscribers in the United States.

21. Chitram is directly responsible for the transmission of the channels on the Chitram Service, including the Protected Channels, as shown by claims on Chitram.tv that they are "one of the major IPTV service provider worldwide offering content" and "[o]ur team of professionals have many years of experience with IPTV, STB and Middleware, and have the expertise in building and operating complete head-end systems."

**About**

Chitram TV is one of the major IPTV service provider worldwide offering content. Our team of professionals have many years of experience with IPTV, STB and Middleware, and have the expertise in building and operating complete head-end systems.

7

22.     Defendants promote their Chitram Service with features including Catchup TV and Timeshift.  The Catchup TV feature is described on Chitram.tv and Chitram.ca as "14 days after live broadcasting, you can still watch your missed favourite TV shows & Serials."  Chitram.tv and Chitram.ca state that the Timeshift feature "allows you as a subscriber, living in different time zones, to customize and watch TV shows at your convenience."  The Catchup TV and Timeshift features mean that Chitram saves a copy of the original broadcast of the channels onto their servers and makes them available on-demand or after a delay at different times to appeal to users in different countries and time zones.  The Timeshift feature allows Service Users to watch programming from the Protected Channels in the United States during approximately the same time of the day that the programming aired in Pakistan and India.



23.     Chitram controls the channels that they transmit on the Chitram Service.  Chitram.tv states "[w]e reserve the right to change the list of TV channels included in the package.  Also, we can add channels to the package."

24.     Chitram transmits the Protected Channels to Service Users with its assigned computer servers hosted by content delivery networks ("CDNs) DaNet Service B.V.; Novogara BV; Serverius Holding B.V.; Private Layer Inc.; Swiss Global Services S.A.S.; Owl Protect LLC;

Virtual Systems LLC; Budovit S.R.O.; International Hosting Solutions LLP; Network Dedicated SAS; Simple Carrier LLC; and IP Volume Inc.[1]

25. Any member of the public with Internet access, including Service Users, can receive the Protected Channels by simply: (1) purchasing a Chitram set-top box with a Chitram Subscription; powering on the device; inserting the included Subscription ID into the Chitram set-top box, and selecting the Protected Channels; or (2) purchasing a Chitram Subscription; downloading a Chitram app from Chitram.tv or Chitram.ca to a compatible device such as an Android TV, Android phone or tablet, Firestick, computer with a Windows or Mac operating system, or Linux system; inserting the Chitram Subscription ID into the Chitram app; and selecting the Protected Channels.

26. Chitram.tv includes a "BUY NOW" page that permits consumers to "Login and Buy" to add a Chitram set-top box or Chitram Subscription to a shopping cart, where Chitram sells their Chitram set-top box for approximately $149, with a one year Chitram Subscription for accessing the channels. Service Users who want to continue to receive the channels after the initial subscription period must purchase a fourteen month Chitram Subscription renewal for approximately $115. Chitram also sells a six month Chitram Subscription for accessing the channels for approximately $70.

27. On October 19, 2020, DISH's investigator contacted a Chitram reseller who owns and operates the Chitram.co.uk domain and website, through WhatsApp at +447721380843 to

---

[1] The computer servers Chitram is using to transmit the Protected Channels are identified by IP addresses: 5.45.75.130; 89.248.173.151; 91.230.121.93; and 179.43.144.190. Other computer servers Chitram used to transmit the Protected Channels include those identified by IP addresses: 45.178.7.78; 87.255.35.151; 91.224.187.34; 93.125.70.2; 93.125.70.4; 185.39.11.72; 185.69.16.139; 185.69.19.21; 185.196.9.182; and 185.216.140.82.

inquire about becoming a reseller of Chitram set-top boxes and Chitram Subscriptions in the United States. The Chitram reseller referred DISH's investigator to their Chitram supplier in Germany.

28. DISH's investigator received a call from Chitram on the same day from +4915171817123. Chitram introduced themselves stating they were calling because "you spoke to our dealer in the UK." Chitram explained they are the main Chitram company that is headquartered in Germany, Chitram set-top boxes would be shipped from Canada or the United States, and that Chitram's "US manager" would call and provide all the information.

29. On the same day, DISH's investigator received a call from Vigneswaran from 647-262-8404. Vigneswaran introduced himself stating "I got your number from ChitramTV in Europe." Vigneswaran explained Chitram has one subscription package for the United States and Canada and described the pricing for Chitram set-top boxes and Chitram Subscriptions. Vigneswaran offered to sell Chitram set-top boxes with a 12 month Chitram Subscription to the channels, including the Protected Channels, for $109 each with free shipping, and DISH's investigator was required to resell them for a minimum of $149 each. Vigneswaran offered to sell 14 month Chitram Subscription renewals for $89, and DISH's investigator was required to resell them for a minimum of $129 each.

30. Vigneswaran provided DISH's investigator with information about Chitram and its transmission of the channels. Vigneswaran stated Chitram.tv is the main Chitram website. Vigneswaran stated that he could be contacted if there was an issue with channels not working and he would in turn contact Chitram. Vigneswaran stated that if channels are down they are usually only down for 2-3 hours, and it doesn't take long for Chitram to get the channels back up as long as it is not during the middle of the night in Germany.

31. Vigneswaran also provided DISH's investigator with information about his business and presence in the United States. Vigneswaran stated he is located in Toronto, but he has approximately 60 Chitram resellers in the United States and a warehouse in the United States. Vigneswaran stated payments to him for Chitram set-top boxes and Chitram Subscriptions could be made to his accounts with PayPal or Toronto Dominion ("TD") Bank, which has branches in New York. Vigneswaran identified his business as ChitramTV Canada and his PayPal email address is Chitramtvcanada@outlook.com.

32. On November 2, 2020, DISH's investigator purchased four Chitram set-top boxes and six Chitram Subscriptions from Vigneswaran, making payment to his PayPal email address Chitramtvcanada@outlook.com. On November 30, 2020, DISH's investigator purchased three Chitram set-top boxes and three Chitram Subscriptions from Vigneswaran, making payment to his PayPal email address Chitramtvcanada@outlook.com. On January 22, 2021, DISH's investigator purchased three Chitram set-top boxes and three Chitram Subscriptions from Vigneswaran, making payment to his PayPal email address Chitramtvcanada@outlook.com.

33. The Protected Channels were observed during testing of the Chitram set-top boxes and Chitram Subscriptions purchased from Defendants.

34. Chitram has actual knowledge that the transmission of the Protected Channels on the Chitram Service infringes DISH's copyrights. DISH and Networks sent at least 134 notices of infringement to Chitram between July 25, 2014 and November 25, 2015, demanding that they cease transmitting the Protected Channels identified in the notices. Chitram temporarily ceased transmitting the Protected Channels on the Chitram Service by December 2, 2015.

35. Chitram resumed transmitting the Protected Channels on the Chitram Service on or before December 15, 2017. DISH and Networks sent at least 30 additional notices of infringement

11

to Chitram between December 15, 2017 and the filing of this Complaint, demanding that they cease transmitting the Protected Channels identified in the notices. Chitram failed to respond to these notices.

36. DISH and Networks sent at least 49 additional notices to CDNs associated with the Chitram Service from April 14, 2018 to the filing of this Complaint, requesting the removal of the Protected Channels. Upon information and belief, at least some of these notices were forwarded to Chitram. Even when these CDNs removed the unauthorized content based on Chitram's copyright infringement, Chitram intentionally interfered with the takedown efforts by, for example, transmitting the Protected Channels from different CDNs or locations.

37. Vigneswaran has actual knowledge that the transmission of the Protected Channels on the Chitram Service infringes DISH's copyrights. DISH and Networks sent Vigneswaran notices of infringement on November 6, 2020, December 16, 2020, and January 8, 2021, demanding that he cease distributing, selling, and promoting the Chitram Service in the United States. Vigneswaran failed to respond to these notices.

## CLAIMS FOR RELIEF

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

38. DISH repeats and realleges the allegations in paragraphs 1-37.

39. DISH is a copyright owner under 17 U.S.C. § 106 because DISH holds the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs that make up the Protected Channels.

40. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's

copyrights in programs that aired on the Protected Channels arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including Pakistan and India where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and, therefore, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

41. Chitram directly infringed DISH's copyrights in violation of 17 U.S.C. § 501 by distributing and publicly performing programs that make up the Protected Channels to Service Users, including the works identified in Exhibits 1-2. The copyrighted programs were transmitted from computer servers controlled by Chitram to Service Users who accessed the programs using the Chitram Service.

42. DISH has not authorized Chitram to distribute or publicly perform the programs that make up the Protected Channels in any manner.

43. The infringement of DISH's rights in each program constitutes a separate and distinct act of copyright infringement.

44. Chitram's actions are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

45. Unless enjoined by the Court, Chitram will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

**Inducing and Materially Contributing to Copyright Infringement Under 17 U.S.C. § 501**

46. DISH repeats and realleges the allegations in paragraphs 1-37 and 39-40.

47. DISH's exclusive rights to distribute and publicly perform the Protected Channels and programs that make up the Protected Channels are directly infringed by the unauthorized transmission of these programs to Service Users who access the programs using Defendants' Chitram Service.

48. Defendants materially contribute to this infringement of DISH's exclusive distribution and public performance rights by, among other things, providing Service Users access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access. Defendants also induce the infringement of DISH's exclusive distribution and public performance rights by, among other things, creating the audience for that infringement in the United States.

49. Defendants sell the Chitram Service in the United States providing Service Users access to unauthorized streams of the Protected Channels and the programs that make up the Protected Channels. Service Users simply (1) purchase a Chitram set-top box with a Chitram Subscription; power on the device; insert the included Subscription ID into the Chitram set-top box, and select the Protected Channels; or (2) purchase a Chitram Subscription; download a Chitram app from Chitram.tv or Chitram.ca to a compatible device such as an Android TV, Android phone or tablet, Firestick, computer with a Windows or Mac operating system, or Linux system; insert the Chitram Subscription ID into the Chitram app; and select the Protected Channels.

50. Defendants advertise the Chitram Service as a means of accessing the Protected Channels. Chitram promotes the Chitram Service as having "Over 500 Channels," "more than 200 Channels . . . of Indian Television," "WATCH ALL THE POPULAR CHANNELS," and "Watch all your favourite Indian TV Channel Programs." Vigneswaran promotes the Chitram Service as having "150+ HD QUALITY CHANNELS."

14

51. Defendants provide material assistance to those directly infringing DISH's exclusive rights by providing the Chitram Service for the Protected Channels to be viewed. The Protected Channels are presented to Service Users through the Chitram Service.

52. Defendants intend that the Chitram Service be used to access the Protected Channels and the programs that make up the Protected Channels, and they promote, encourage, and facilitate using the Chitram Service in this manner.

53. Defendants have actual knowledge that the transmission of the Protected Channels and the programs that make up the Protected Channels to Service Users infringes DISH's exclusive distribution and public performance rights.

54. Defendants can take simple measures to prevent further infringement of DISH's exclusive rights to distribute and publicly perform the programs that make up the Protected Channels, such as removing the Protected Channels from the Chitram Service, blocking the Chitram Service from accessing servers and URLs that are identified to be streaming the Protected Channels, ceasing to buy further Chitram set-top boxes and Chitram Subscriptions until the Protected Channels are removed from the Chitram Service, and ceasing to sell Chitram set-top boxes and Chitram Subscriptions in the United States.

55. Defendants' actions are willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of DISH.

56. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order (including, without limitation, resellers of the Chitram Service), from:

1. transmitting, streaming, distributing, or publicly performing in the United States, with any Chitram set-top box, Chitram Subscription, Chitram app, or any other device, application, service, or process, any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

2. distributing, selling, providing, or promoting any product or service in the United States, including any Chitram set-top box, Chitram Subscription, or Chitram app, that comprises the whole or part of a network or service for the distribution or public performance of any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

3. advertising, displaying, or marketing any Chitram set-top box, Chitram Subscription, Chitram app, or other service in connection with the Protected Channels or the programming that comprises the Protected Channels;

4. inducing or contributing to another's conduct that falls within 1, 2, or 3 above; and

5. selling, leasing, licensing, assigning, conveying, distributing, loaning, encumbering, pledging, or otherwise transferring, whether or not for consideration or compensation, any part of their infringing operations.

B. For 207 or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the Defendants' profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b).

C. For unregistered works, an award of Defendants' profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b).

D. For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E. For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F. For an order permanently transferring each domain name that Defendants used in connection with the infringement to DISH.

G. For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

H. For such additional relief as the Court deems just and equitable.

Dated:  March 16, 2021Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**