United States Courts
Southern District of Texas
FILED

JUL 0 6 2021

Nathan Ochsner, Clerk of Court

# beschikking

---

## RECHTBANK DEN HAAG

Centrale Autoriteit als bedoeld in artikel 2 van het Verdrag inzake de verkrijging
van bewijs in het buitenland in burgerlijke en in handelszaken van 18 maart 1970
(Bewijsverdrag).

zaaknummer / rekestnummer: C/09/612820 / KG RK 21-631

Beslissing van 21 juni 2021

### 1.     Het verzoek en de beoordeling

De Centrale Autoriteit heeft kennis genomen van het verzoekschrift van The
United States District Court Southern District of Texas Houston Division dat aan
deze beslissing is gehecht en strekt tot het opvragen van bescheiden bij drie
rechtspersonen in verschillende arrondissementen.

Het verzoek voldoet aan de bepalingen van voormeld Bewijsverdrag.

Artikel 5 lid 2 van de Uitvoeringswet Bewijsverdrag bepaalt dat indien de Centrale
autoriteit van oordeel is dat het verzoek voldoet aan de bepalingen van het verdrag,
de rogatoire commissie wordt toegezonden aan de rechtbank binnen wier gebied de
uitvoering moet geschieden.

Aangezien het verzoek in drie verschillende rechtsgebieden dient te worden
uitgevoerd is elk van de rechtbanken van deze rechtsgebieden overeenkomstig het
bepaalde in artikel 5 lid 2 van de Uitvoeringswet Bewijsverdrag bevoegd de
rogatoire commissie in haar geheel uit te voeren. De Centrale Autoriteit zal het
verzoek ter volledige uitvoering toezenden aan de rechtbank Amsterdam.

Na uitvoering van de rogatoire commissie dient het proces-verbaal daarvan
overeenkomstig het bepaalde in artikel 14 van de Uitvoeringswet Bewijsverdrag te
worden gezonden aan de Centrale Autoriteit, Team Handel - Algemene Zaken,
postbusnummer 20302, 2500 EH Den Haag.

### 2.     De beslissing

De Centrale Autoriteit draagt bijgevoegd verzoek ter verdere uitvoering over aan
de rechtbank Amsterdam.

Deze beslissing is gegeven op 21 juni 2021 door mr. T.F. Hesselink.

Voor grosse/afschrift

2 1 JUNI 2021

KG/RU 2021.631

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | Civil Action No. 4:21-cv-859 |
| Plaintiff, | § | |
| | § | Ingeschreven de griffie op: |
| v. | § | |
| | § | 1 5 APR. 2021 |
| DINESH VIGNESWARAN, d/b/a ChitramTV | § | |
| Canada and Chitram.ca, and DOES 1-10, | § | Rechtbank Den Haag, |
| individually and together d/b/a ChitramTV and | § | Team Administratie Civiel |
| Chitram.tv, | § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

**IDENTITY AND ADDRESS OF THE APPLICANT:**

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Central Authority of the Netherlands
The District Court in the Hague (Rechtbank Den Haag)
Team Adminstratie Civiel – Algemene Zaken
Postbus 20302
2500 EH THE HAGUE
Netherlands

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of the Netherlands to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>*Plaintiff's Legal Representatives*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv,**<br><br>*Defendants' Legal Representatives*<br>Unknown.  Defendants have not made an appearance. |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

Novogara BV
Kingsfordweb 151
1043 GR Amsterdam
Netherlands
Phone Number: +31 202613481
Email: support@novogara.com

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of the Netherlands appoint an appropriate judicial authority in the Netherlands to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case. Novogara BV shall be permitted to have counsel present.

Novogara BV is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Dinesh Vigneswaran, d/b/a ChitramTV Canada and Chitram.ca ("Vigneswaran") and Does 1-10, individually and together d/b/a ChitramTV and Chitram.tv (collectively, "Chitram" and with Vigneswaran, "Defendants") for direct and contributory copyright infringement. DISH asserts that Chitram transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels") on Defendants' ChitramTV service (the "Chitram Service").

Defendants distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to customers in the United States ("Chitram Users") to be used to receive Defendants' Chitram Service. Chitram Users can receive unauthorized access to the Protected Channels by using Chitram set-top boxes and Subscription Renewals.

Novogara BV is believed to provide internet services and lease servers that are controlled, paid for, or used to transmit the Protected Channels to Chitram Users. Notices of copyright infringement were sent to Novogara BV identifying the IP of the server that was being used to

transmit the Protected Channels to Chitram Users. The identity of the persons or entities that leased the server is relevant to liability and necessary to uncover Chitrams' true identities.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning Novogara BV to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1.    It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request. In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.    It is requested that the judicial authorities of the Netherlands issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.    In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from Novogara BV.

4.    It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of the Netherlands.

WITNESS, the undersigned District Court Judge for the United States District Court for the Southern District of Texas, this ___ day of April 1, 2021.

_____
District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

TRUE COPY I CERTIFY ATTEST:
NATHAN OCHSNER, Clerk of Court
By _____
              Deputy Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | Civil Action No. 4:21-cv-859 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DINESH VIGNESWARAN, d/b/a ChitramTV | § | |
| Canada and Chitram.ca, and DOES 1-10, | § | |
| individually and together d/b/a ChitramTV and | § | |
| Chitram.tv, | § | |
| | § | |
| Defendants. | § | |

## EXHIBIT A

### Definitions Applicable To Document Requests

"Customer" means the persons or entities responsible for IP 185.216.140.82 from March 12, 2019 through April 23, 2019.

### Document Requests

1.     Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.     Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer, including all IP addresses assigned to each Customer.

3.     Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.     Documents submitted to you to create or make changes to each account associated with each Customer.

5.     Account statements for each account associated with each Customer.

6.     Payment records for each account associated with each Customer.

7.       Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets.

Zaak 4:21-cv-00859        Document 9        Ingediend op 01-04-21 bij TXSD        Pagina 8 van 76

Zaak 4:21-cv -00859        Document 4-6        Ingediend op 16 -03-21 bij TXSD        Pagina 110 van 187

## UNITED STATES DISTRICT COURT
## VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
## HOUSTON DIVISIE

DISH NETWORK L.L.C.,                               Civiele Zaak nr. 4:21-cv-859
Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv
Verweerders

VERZOEK OM INTERNATIONALE RECHTSHULP UIT HOOFDE VAN HET VERDRAG
VAN DEN HAAG INZAKE DE VERKRIJGING VAN BEWIJS
IN HET BUITENLAND IN BURGERLIJKE EN HANDELSZAKEN.

IDENTITEIT EN ADRES VAN DE AANVRAGER
RECHTER VAN DE RECHTBANK
United States District Court
van het Zuidelijke District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

CENTRALE AUTORITEIT VAN DE ONTVANGENDE STAAT
Nederlandse Centrale Autoriteit
Rechtbank Den Haag
Team Administratie Civiel – Algemene Zaken
Postbus 20302
2500 EH DEN HAAG
Nederland

Overeenkomstig Artikel 3 van het Verdrag van Den Haag inzake de verkrijging van bewijs in het buitenland in burgerlijke en handelszaken (hierna Haags Verdrag nr. 20 genoemd) heeft de ondergetekende Rechtbank Rechter de eer en de rechterlijke autoriteit deze aanvraag namens de eiser in de bovengenoemde zaak in te dienen

Zaak 4:21-cv-00859      Document 9       Ingediend op 01-04-21 bij TXSD      Pagina 9 van 76

Zaak 4:21-cv-00859      Document 4-6     Ingediend op 16 -03-21 bij TXSD     Pagina 111 van 187

De United States District Court van het Zuidelijke District van Texas biedt haar complimenten aan de Nederlandse rechtelijke autoriteiten en vraagt in deze procedure internationale rechtshulp om bewijsmateriaal te verkrijgen dat zal worden gebruikt in een civiele zaak voor dit Hof.

Overeenkomstig artikel 9 van Haags Verdrag nr. 20 verzoekt dit Hof de Nederlandse rechtbanken om de ondergenoemde entiteit te dwingen om het gevraagde bewijsmateriaal (beschreven in bewijsstuk A) aan een naar behoren aangewezen Nederlandse autoriteit voor te leggen voor verdere onderzoek door deze rechtbank in deze zaak.

| Eiser | Verweerders |
|---|---|
| **DISH Netwerk L.L.C.**<br>9601 South Meridian Boulevard<br>Engelwood, Colorado 80112<br><br>*Wettelijke vertegenwoordigers van eisers*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>VSA<br>Telefoon: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle<@hnbllc.com | **DINESH VIGNESWARAN, hodn ChitramTV Canada en Chitram.ca en DOES 1-10,** zowel individueel als gezamenlijk hodn **ChitramTV alsook Chitram.tv**<br><br>*Wettelijke vertegenwoordigers van verweerders*<br>Onbekend.  De verweerders zijn niet verschijnen. |

**VERTEGENWOORDIGER DIE IS AANGEWEZEN OM NAMENS DEZE RECHTBANK OP TE TREDEN MET BETREKKING TOT DIT VERZOEK:**

Indien contact of correspondentie vereist is met betrekking tot dit verzoek, wordt verzocht, de volgende persoon in deze zaak voor dat doel te benoemen

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX
77024
VSA
Telefoon: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

## ENTITEIT VAN WIE BEWIJS WORDT GEVRAAGD:

> Novogara BV
> Kingsfordweb
> 1043 GR Amsterdam
> Nederland
> Telefoonnummer:+31202613481
> E-mail:  support@novogara.com

## RELEVANTE CONNECTIE OM TE VERZOEKEN:

Dit Hof vraagt de Nederlandse rechtbanken met respect om een geschikte rechterlijke autoriteit in Nederland aan te wijzen om dit verzoek voor te zitten en de bovengenoemde entiteit te dwingen om het bewijsmateriaal zoals beschreven, dat relevant is voor de zaak van eisers, te leveren,

Novogara B.V. mag juridische hulp aanwezig hebben.

Novogara B.V. is een zakelijke entiteit, handelend in Nederland en in het bezit van het gevraagde

bewijs en informatie.

## ONDERWERP EN RELATIVITEIT VAN DIT VERZOEK:

Eiser, DISH Network.L.L.C. ("DISH") heeft bij dit Hof vorderingen ingediend tegen Dinesh Vigneswaran, hodn ChitramTV Canada en Chitram.ca ("Vigneswaran")  en DOES 1-10, zowel individueel als gezamenlijk hodn ChitramTV alsook Chitram.tv (gezamenlijk "Chitram" en met Vigneswaran, "Verweerders") voor directe en bijdragende inbreuk op het auteursrecht.

DISH beweert dat Chitram televisiekanalen die exclusief in licentie zijn gegeven aan DISH in de Verenigde Staten ("Beschermde kanalen") op de ChitramTV-service van de verweerders heeft uitgezonden (de "Chitram-service").

De verweerders verspreiden, verkopen en promoten Chitram set-top boxen en Chitram-abonnementen aan klanten in de Verenigde Staten ("Chitram-gebruikers") om de Chitram-service van verweerders te  ontvangen. Chitram-gebruikers krijgen onbevoegde toegang tot de beveiligde kanalen met behulp van Chitram set-top boxen en abonnementsverlengingen.

Novogara B.V. wordt verondersteld internetdiensten en lease servers te leveren, die worden beheerd, betaald of gebruikt bij het verzenden van de Beschermde Kanalen naar Chitram-gebruikers.

Een kennisgeving van schending van het auteursrecht die het IP-adres van de server die werd gebruikt om de Beschermde kanalen naar Chitram-gebruikers te verzenden identificeren werd verzonden naar Novogara B.V.

De identiteit van de personen of entiteiten die de server hebben geleased, is relevant voor aansprakelijkheid

3

Zaak 4:21-cv-00859        Document 9        Ingediend op 01-04-21 bij TXSD        Pagina 11 van 76

Zaak 4:21 – cv -00859        Document 4-6        Ingediend op 16 -03-21 bij TXSD        Pagina 113 van 187

en noodzakelijk om de ware identiteit van Chitram te openbaren

Gelet op het voorgaande wordt er in het belang van de rechtspraak gevraagd dat

de bevoegde rechterlijke Nederlandse autoriteit overeenkomstig de artikelen 9 en 10 van Haags Verdrag nr. 20 en de wetten en procedures van de Nederlandse rechtbanken,
een bevel uitvaardigt waarbij Novogara B.V. een geschikte vertegenwoordiger moet opleveren die het gevraagde bewijsmateriaal (omschreven in bewijsstuk A) aan de bevoegde Nederlandse autoriteit zal voorleggen om het uiteindelijk aan dit Hof te retourneeren voor gebruik bij het proces in deze zaak.

**SPECIFIEKE VERZOEKEN:**

1. Indien enig deel van dit verzoek op rechtsgronden wordt afgewezen, wordt gevraagd dat een dergelijke weigering geen invloed heeft op de rest van dit verzoek. Overeenkomstig artikel 13 van Haags Verdrag nr. 20 wordt er voorts gevraagd dat de bovengenoemde vertegenwoordiger en dit Hof onmiddellijk in kennis worden gesteld van een dergelijke weigering en de daarmee samenhangende rechtsgronden.

2. Er wordt gevraagd dat de Nederlandse rechterlijke autoriteiten een bevel uitvaardigen om de gevraagde documenten (bijgevoegd als bewijsstuk A) zo snel mogelijk te verstrekken.

3. Overeenkomstig artikel 9 van Haags Verdrag nr. 20 wordt de bevoegde Nederlandse autoriteit verzocht zo snel mogelijk alle informatie te verstrekt over beslissingen die zijn genomen met betrekking tot het verkrijgen van bewijsmateriaal van Novogara B.V.

4. Er wordt gevraagd dat alle gevraagde documenten en bewijzen naar behoren worden verzegeld en gewaarmerkt door de bevoegde Nederlandse autoriteit en in overeenstemming met de Nederlandse wetgeving en aan dit Hof worden geretourneerd voor gebruik bij het proces in deze zaak.

Alle kosten in verband met de verwerving, productie, authenticatie of retournering van dit bewijsmateriaal vallen onder de verantwoordelijkheid van de eiser in deze zaak en deze kosten worden op verzoek terugbetaald aan wettelijke vertegenwoordigers van de eisers.

Indien nodig verleent de ondergetekende rechterlijke autoriteit wederkerige bijstand aan de bevoegde rechterlijke Nederlandse autoriteiten, zoals hierin wordt gevraagd.

4

GETUIGE, de ondergetekende Rechter van de Rechtbank voor de United States District Court van het Zuidelijke District Van Texas, 1 april 2021.


Rechter van de
Rechtbank
United States
District Court
van het Zuidelijke
District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

(SEAL OF COURT)

UNITED STATES DISTRICT COURT
VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
HOUSTON DIVISIE

DISH NETWORK L.L.C.,                                        Civiele Zaak nr. 4:21-cv-859
Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv
Verweerders

## BEWIJSSTUK A

### Definities die van toepassing zijn op documentaanvragen

"Klant": de personen of entiteiten die verantwoordelijk zijn voor IP 185.216.140.82 van 12 maart 2019 tot en met 23 april 2019.

### Documentaanvragen

1. Documenten die voldoende zijn om de volledige naam en contactgegevens (inclusief telefoonnummer, straatadres en e-mailadres) voor elke klant te identificeren.

2. Documenten die voldoende zijn om elk product en elke dienst te identificeren die u aan elke klant hebt gelicentieerd, verkocht of verstrekt, inclusief alle IP-adressen die aan elke klant zijn toegewezen.

3. Documenten die voldoende zijn om het IP-adres te identificeren van elke origin server die aan elke klant is verbonden.

4. Documenten die aan u zijn voorgelegd om wijzigingen aan te brengen in elk account dat aan elke klant is verbonden.

5. Rekeningafschriften voor elke rekening die aan elke klant is verbonden.

6. Betalingsgegevens voor elke rekening die aan elke klant is verbonden

7.   Communicatie die u naar elke klant hebt verzonden of van elke klant hebt ontvangen, zoals correspondentie over het instellen van accounts en support tickets.


# Day
# Translations

Gecertificeerde Vertaling

## Certificaat van Echtheid

**Louis Pieter Van Eeden**
Vertaler

Vertaald document:  A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

Als vertaler voor Day Translations, Inc. verklaar ik,Louis Pieter Van Eeden, dat ik een tweetalig vertaler ben met diepgaande kennis van de Nederlandse en Engelse taal. Ik heb het bijgevoegde document naar mijn beste vermogen vertaald van het Engels naar het Nederlands en de Nederlandse tekst is naar eer en geweten een nauwkeurige en waarheidsgetrouwe vertaling van het originele document.

Getekend op 8 april 2021

*L. Van Eeden*

Louis Pieter Van Eeden

*Professioneel vertaler voor Day Translations, Inc.*


American
Translators
Association
# 243874




MEMBER OF
ASSOCIATION OF
TRANSLATION COMPANIES


BBB
A+


EUATC
European Union
of Associations
of Translation Companies




477 Madison Ave., 6th Floor New York, NY 10017 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com



**Certified Translation**

# Certificate of Accuracy

### Louis Pieter Van Eeden
### Translator

Translated document: A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

As a translator for Day Translations, Inc., I, Louis Pieter Van Eeden, declare that I am a bilingual translator who is thoroughly familiar with the English and Dutch languages. I have translated the attached document to the best of my knowledge from English into Dutch and the Dutch text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on April 8, 2021

*Louis Pieter Van Eeden*

**Louis Pieter Van Eeden**

*Professional Translator for Day Translations, Inc.*







American Translators Association # 243874

MEMBER OF
ASSOCIATION OF TRANSLATION COMPANIES

EUATC
European Union of Associations of Translation Companies




1 Riverway, Suite 1700 Houston TX 77056 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| Plaintiff, | § | Civil Action No. 4:21-cv-859 |
| | § | |
| v. | § | *Ingekomen bij de griffie op:* |
| | § | |
| DINESH VIGNESWARAN, d/b/a ChitramTV | § | **1 5 APR. 2021** |
| Canada and Chitram.ca, and DOES 1-10, | § | |
| individually and together d/b/a ChitramTV and | § | *Rechtbank Den Haag,* |
| Chitram.tv, | § | *Team Administratie Civiel* |
| Defendants. | § | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

### IDENTITY AND ADDRESS OF THE APPLICANT:

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

### CENTRAL AUTHORITY OF THE RECEIVING STATE:

Central Authority of the Netherlands
The District Court in the Hague (Rechtbank Den Haag)
Team Adminstratie Civiel – Algemene Zaken
Postbus 20302
2500 EH THE HAGUE
Netherlands

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of the Netherlands to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>***Plaintiff's Legal Representatives***<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv,**<br><br>***Defendants' Legal Representatives***<br>Unknown.  Defendants have not made an appearance. |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

> DaNet Service B.V.
> Luzernestraat 27
> 2153 GM
> Nieuw-Vennep
> Netherlands
> Phone Number: +31 252684900
> Email: abuse@fiberring.com

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of the Netherlands appoint an appropriate judicial authority in the Netherlands to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case. DaNet Service B.V. shall be permitted to have counsel present.

DaNet Service B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Dinesh Vigneswaran, d/b/a ChitramTV Canada and Chitram.ca ("Vigneswaran") and Does 1-10, individually and together d/b/a ChitramTV and Chitram.tv (collectively, "Chitram" and with Vigneswaran, "Defendants") for direct and contributory copyright infringement. DISH asserts that Chitram transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels") on Defendants' ChitramTV service (the "Chitram Service").

Defendants distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to customers in the United States ("Chitram Users") to be used to receive Defendants' Chitram Service. Chitram Users can receive unauthorized access to the Protected Channels by using Chitram set-top boxes and Subscription Renewals.

DaNet Service B.V. is believed to provide internet services and lease servers that are controlled, paid for, or used to transmit the Protected Channels to Chitram Users. A notice of copyright infringement was sent to DaNet Service B.V. identifying the IP of the server that was being used to transmit the Protected Channels to Chitram Users. The identity of the persons or

entities that leased the server is relevant to liability and necessary to uncover Chitrams' true identities.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning DaNet Service B.V. to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1.      It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request.  In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.      It is requested that the judicial authorities of the Netherlands issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.      In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from DaNet Service B.V.

4.      It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of the Netherlands.

WITNESS, the undersigned District Court Judge for the United States District Court for the Southern District of Texas, this ~~day of~~ April 1 , 2021.


District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

(SEAL OF COURT)

TRUE COPY I CERTIFY ATTEST:
NATHAN OCHSNER, Clerk of Court
By
      Deputy Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | Civil Action No. 4:21-cv-859 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DINESH VIGNESWARAN, d/b/a ChitramTV | § | |
| Canada and Chitram.ca, and DOES 1-10, | § | |
| individually and together d/b/a ChitramTV and | § | |
| Chitram.tv, | § | |
| Defendants. | § | |
| | § | |

## EXHIBIT A

### Definitions Applicable To Document Requests

"Customer" means the persons or entities responsible for IP 87.255.35.151 on October 13, 2018.

### Document Requests

1.     Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.     Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer, including all IP addresses assigned to each Customer.

3.     Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.     Documents submitted to you to create or make changes to each account associated with each Customer.

5.     Account statements for each account associated with each Customer.

6.     Payment records for each account associated with each Customer.

7.    Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets.

Zaak 4:21-cv-00859      Document 9          Ingediend op 01-04-21 bij TXSD   Pagina 2 van 76

Zaak 4:21–cv -00859      Document 4-6        Ingediend op 16 -03-21 bij TXSD   Pagina 103 van  187

United States District Court
van het Zuidelijke District van Texas

## GEREGISTREERD

maandag 02 april 2021

Nathan Ochsner, klerk

### UNITED STATES DISTRICT COURT
### VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
### HOUSTON DIVISIE

DISH NETWORK L.L.C.,

      Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv

      Verweerders.

Civiele Zaak nr. 4:21-cv-859

### VERZOEK OM INTERNATIONALE RECHTSHULP UIT HOOFDE VAN HET
### VERDRAG    VAN DEN HAAG INZAKE DE VERKRIJGING VAN BEWIJS
### IN HET BUITENLAND IN BURGERLIJKE EN HANDELSZAKEN

**IDENTITEIT EN ADRES VAN DE AANVRAGER**
RECHTER VAN DE RECHTBANK
United States District Court
van het Zuidelijke District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

**CENTRALE AUTORITEIT VAN DE ONTVANGENDE STAAT**
Nederlandse Centrale Autoriteit
Rechtbank Den Haag
Team Administratie Civiel – Algemene Zaken
Postbus 20302
2500 EH DEN HAAG
Nederland

      Overeenkomstig Artikel 3 van het Verdrag van Den Haag inzake de verkrijging van bewijs in het
buitenland in burgerlijke en handelszaken (hierna Haags Verdrag nr. 20 genoemd) heeft de ondergetekende
Rechter van de Rechtbank de eer en de rechterlijke autoriteit deze aanvraag namens de eiser in de
bovengenoemde zaak in te dienen

Zaak 4:21-cv-00859      Document 9          Ingediend op 01-04-21 bij TXSD   Pagina 3 van 76

Zaak 4:21–cv -00859      Document 4-6       Ingediend op 16 -03-21 bij TXSD   Pagina 103 van 187

De United States District Court van het Zuidelijke District van Texas biedt haar complimenten aan de Nederlandse rechtelijke autoriteiten en vraagt in deze procedure internationale rechtshulp om bewijsmateriaal te verkrijgen dat zal worden gebruikt in een civiele zaak voor dit Hof.

Overeenkomstig artikel 9 van Haags Verdrag nr. 20 verzoekt dit Hof de Nederlandse rechtbanken om de ondergenoemde entiteit te dwingen om het gevraagde bewijsmateriaal (beschreven in bewijsstuk A) aan een naar behoren aangewezen Nederlandse autoriteit voor te leggen voor verdere onderzoek door deze rechtbank in deze zaak.

| EISER | VERWEERDE |
|---|---|
| **DISH Netwerk L.L.C.**<br>9601 South Meridian Boulevard<br>Engelwood, Colorado 80112 | **DINESH VIGNESWARAN, hodn ChitramTV Canada en Chitram.ca en DOES 1-10, zowel individueel als gezamenlijk hodn ChitramTV alsook Chitram.tv** |
| *Wettelijke vertegenwoordigers van eisers*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>VSA<br>Telefoon: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle<@hnbllc.com | *Wettelijke vertegenwoordigers van verweerders*<br>Onbekend.  De verweerders zijn niet verschijnen. |

## VERTEGENWOORDIGER DIE IS AANGEWEZEN OM NAMENS DEZE RECHTBANK OP TE TREDEN MET BETREKKING TOT DIT VERZOEK:

Indien contact of correspondentie vereist is met betrekking tot dit verzoek, wordt verzocht, de volgende persoon in deze zaak voor dat doel te benoemen:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
VSA
Telefoon: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

## ENTITEIT VAN WIE BEWIJS WORDT GEVRAAGD:

>DaNet Service B.V.
>Luzemestraat 26
>2153 GM
>Nieuw-Vennep
>Nederland
>Telefoonnummer:+31252684900
>E-mail: abuse@fiberring.com

## RELEVANTE CONNECTIE OM TE VERZOEKEN:

Dit Hof vraagt de Nederlandse rechtbanken met respect om een geschikte rechterlijke autoriteit in Nederland aan te wijzen om dit verzoek voor te zitten en de bovengenoemde entiteit te dwingen om het bewijsmateriaal zoals beschreven, dat relevant is voor de zaak van eisers, te leveren,

DaNet-service B.V mag juridische hulp aanwezig hebben.

DaNet Service B.V. is een zakelijke entiteit, handelend in Nederland en in het bezit van het gevraagde

bewijs en informatie.

## ONDERWERP EN RELATIVITEIT VAN DIT VERZOEK:

Eiser, DISH Network L.L.C. ("DISH") heeft bij dit Hof vorderingen ingediend tegen Dinesh Vigneswaran, hodn ChitramTV Canada en Chitram.ca ("Vigneswaran") en DOES 1-10, zowel individueel als gezamenlijk hodn ChitramTV alsook Chitram.tv (gezamenlijk "Chitram" en met Vigneswaran, "Verweerders") voor directe en bijdragende inbreuk op het auteursrecht.

DISH beweert dat Chitram televisiekanalen die exclusief in licentie zijn gegeven aan DISH in de Verenigde Staten ("Beschermde kanalen") op de ChitramTV-service van de verweerders heeft uitgezonden (de "Chitram-service").

De verweerders verspreiden, verkopen en promoten Chitram set-top boxen en Chitram-abonnementen aan klanten in de Verenigde Staten ("Chitram-gebruikers") om de Chitram-service van verweerders te ontvangen. Chitram-gebruikers krijgen onbevoegde toegang tot de beveiligde kanalen met behulp van Chitram set-top boxen en abonnementsverlengingen.

DaNet Service B.V. wordt verondersteld internetdiensten en lease servers te leveren, die worden beheerd, betaald of gebruikt bij het verzenden van de Beschermde Kanalen naar Chitram-gebruikers.

Een kennisgeving van schending van het auteursrecht, die het IP-adres van de server die werd gebruikt om de Beschermde kanalen naar Chitram-gebruikers te verzenden identificeren, werd verzonden naar DaNet Service B.V.

De identiteit van de personen of entiteiten die de server hebben geleased, is relevant voor aansprakelijkheid en noodzakelijk om de ware identiteit van Chitram te openbaren

Gelet op het voorgaande wordt er in het belang van de rechtspraak gevraagd dat

de bevoegde rechterlijke Nederlandse autoriteit overeenkomst de artikelen 9 en 10 van Haags Verdrag nr. 20 en de wetten en procedures van de Nederlandse rechtbanken,
een bevel uitvaardigt waarbij DaNet Service B.V. een geschikte vertegenwoordiger moet opleveren die het gevraagde bewijsmateriaal (omschreven in bewijsstuk A) aan de bevoegde Nederlandse autoriteit zal voorleggen om het uiteindelijk aan dit Hof te retourneeren voor gebruik bij het proces in deze zaak.

### SPECIFIEKE VERZOEKEN:

1   Indien enig deel van dit verzoek op rechtsgronden wordt afgewezen,  wordt gevraagd dat een

dergelijke weigering geen invloed heeft op de rest van dit verzoek. Overeenkomstig artikel 13

van Haags Verdrag nr. 20 wordt er voorts gevraagd dat de bovengenoemde vertegenwoordiger en

dit Hof onmiddellijk in kennis worden gesteld van een dergelijke weigering en de daarmee

samenhangende rechtsgronden.

2.       Er wordt gevraagd dat de Nederlandse rechterlijke autoriteiten een bevel uitvaardigen

om de gevraagde documenten (bijgevoegd als bewijsstuk A) zo snel mogelijk te verstrekken.

3.       Overeenkomstig  artikel  9  van  Haags  Verdrag  nr.  20  wordt  de  bevoegde

Nederlandse autoriteit verzocht zo snel mogelijk alle informatie te verstrekt over beslissingen

die zijn genomen met betrekking tot het verkrijgen van bewijsmateriaal van DaNet Service B.V.

4.       Er wordt gevraagd dat alle gevraagde documenten en bewijzen naar behoren worden

verzegeld en gewaarmerkt door de bevoegde Nederlandse autoriteit en in overeenstemming met de

Nederlandse wetgeving en aan dit Hof worden geretourneerd voor gebruik bij het proces in deze

zaak..

Alle kosten in verband met de verwerving, productie, authenticatie of retournering van

dit bewijsmateriaal vallen onder de verantwoordelijkheid van de eiser in deze zaak en deze

kosten worden op verzoek terugbetaald aan wettelijke vertegenwoordigers van de eisers.

Indien nodig verleent de ondergetekende rechterlijke autoriteit wederkerige bijstand aan de

bevoegde rechterlijke Nederlandse autoriteiten, zoals hierin wordt gevraagd.

Zaak 4:21-cv-00859        Document 9          Ingediend op 01-04-21 bij TXSD       Pagina 6 van 76

Zaak 4:21-cv-00859        Document 4-6        Ingediend op 16 -03-21 bij TXSD      Pagina 107 van  187

GETUIGE, de ondergetekende Rechter van de Rechtbank voor de United States District Court van het Zuidelijke District Van Texas, 1 april 2021.

Rechter van de
Rechtbank
United States
District Court
van het Zuidelijke
District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

(SEAL OF COURT)

6

### UNITED STATES DISTRICT COURT
### VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
### HOUSTON DIVISIE

DISH NETWORK L.L.C.,                                    Civiele Zaak nr. 4:21-cv-859
Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv
Verweerders

### BEWIJSSTUK A

### Definities die van toepassing zijn op documentaanvragen

"Klant": de personen of entiteiten die verantwoordelijk zijn voor IP  87.255.35.151 op 13 oktober
2018.

### Documentaanvragen

1.   Documenten die voldoende zijn om de volledige naam en contactgegevens (inclusief

telefoonnummer, straatadres en e-mailadres) voor elke klant te identificeren.

2.   Documenten die voldoende zijn om elk product en elke dienst te identificeren die u aan elke klant

hebt gelicentieerd, verkocht of verstrekt, inclusief alle IP-adressen die aan elke klant zijn

toegewezen.

3.   Documenten die voldoende zijn om het IP-adres te identificeren van elke origin server die aan elke

klant is verbonden.

4.   Documenten die aan u zijn voorgelegd om wijzigingen aan te brengen in elk account dat aan elke

klant is verbonden.

5.   Rekeningafschriften voor elke rekening die aan elke klant is verbonden.

6.   Betalingsgegevens voor elke rekening die aan elke klant is verbonden

7.  Communicatie die u naar elke klant hebt verzonden of van elke klant hebt ontvangen, zoals correspondentie over het instellen van accounts en support tickets.



Day
Translations

Gecertificeerde Vertaling

# Certificaat van Echtheid

**Louis Pieter Van Eeden**
Vertaler

Vertaald document:  A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

Als vertaler voor Day Translations, Inc. verklaar ik, Louis Pieter Van Eeden, dat ik een tweetalig vertaler ben met diepgaande kennis van de Nederlandse en Engelse taal. Ik heb het bijgevoegde document naar mijn beste vermogen vertaald van het Engels naar het Nederlands en de Nederlandse tekst is naar eer en geweten een nauwkeurige en waarheidsgetrouwe vertaling van het originele document.

Getekend op 8 april 2021

*Louis Pieter Van Eeden*

Louis Pieter Van Eeden

*Professioneel vertaler voor Day Translations, Inc.*


American Translators Association
# 243874


Official Member of The National Association of Judicial Interpreters and Translators


MEMBER OF
ASSOCIATION OF TRANSLATION COMPANIES
LANGUAGE SERVICE PROVIDER


BBB A+
ACCREDITED BUSINESS


EUATC
European Union of Associations of Translation Companies




477 Madison Ave., 6th Floor New York, NY 10017 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com  |  www.daytranslations.com



**Certified Translation**

## Certificate of Accuracy

Louis Pieter Van Eeden
Translator

Translated document: A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

As a translator for Day Translations, Inc., I, Louis Pieter Van Eeden, declare that I am a bilingual translator who is thoroughly familiar with the English and Dutch languages. I have translated the attached document to the best of my knowledge from English into Dutch and the Dutch text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on April 8, 2021

*Louis Pieter Van Eeden*

Louis Pieter Van Eeden

*Professional Translator for Day Translations, Inc.*







American Translators Association # 243874

ASSOCIATION OF TRANSLATION COMPANIES

EUATC
European Union of Associations of Translation Companies




1 Riverway, Suite 1700 Houston TX 77056 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DISH NETWORK L.L.C.,                       §
                                           §
            Plaintiff,                     §          Civil Action No. 4:21-cv-859
                                           §
      v.                                   §
                                           §          *Ingekomen bij de griffie op:*
DINESH VIGNESWARAN, d/b/a ChitramTV        §
Canada and Chitram.ca, and DOES 1-10,      §               1 5 APR. 2021
individually and together d/b/a ChitramTV and §
Chitram.tv,                                §          *Rechtbank Den Haag,*
                                           §          *Team Administratie Civiel*
            Defendants.                    §


**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF**
**EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**


**IDENTITY AND ADDRESS OF THE APPLICANT:**

District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Central Authority of the Netherlands
The District Court in the Hague (Rechtbank Den Haag)
Team Adminstratie Civiel – Algemene Zaken
Postbus 20302
2500 EH THE HAGUE
Netherlands

 In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned District Court Judge has the honor and judicial authority to submit this request on behalf of Plaintiff in the above-titled action.

The United States District Court for the Southern District of Texas presents its compliments to the judicial authorities of the Netherlands and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of the Netherlands to compel the below-named entity to submit the requested evidence (described in Exhibit A) to an appropriately designated authority for the Netherlands for subsequent return to this court for examination in this case.

| PLAINTIFF | DEFENDANTS |
|---|---|
| **DISH Network L.L.C.**<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112<br><br>*Plaintiff's Legal Representatives*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>USA<br>Telephone: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle@hnbllc.com | **DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv,**<br><br>*Defendants' Legal Representatives*<br>Unknown.  Defendants have not made an appearance. |

## REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:

It is requested that should contact or correspondence be required in relation to this request, the following individual is appointed in this matter for that purpose:

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
USA
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
stephen.ferguson@hnbllc.com

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

> Serverius Holding B.V.
> De Linge 26
> 8253 PJ Dronten
> Netherlands
> Phone Number: +31 887378374
> Email: ripe@serverius.net

**RELEVANCE-CONNECTION TO REQUEST:**

This Court respectfully requests that the Courts of the Netherlands appoint an appropriate judicial authority in the Netherlands to preside over this request and compel the above-named entity to provide the evidence described in Exhibit A, which is relevant to Plaintiff's case. Serverius Holding B.V. shall be permitted to have counsel present.

Serverius Holding B.V. is a business entity, operating and doing business in the Netherlands, and in possession of the requested evidence and information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiff, DISH Network L.L.C. ("DISH") has filed claims in this Court against Dinesh Vigneswaran, d/b/a ChitramTV Canada and Chitram.ca ("Vigneswaran") and Does 1-10, individually and together d/b/a ChitramTV and Chitram.tv (collectively, "Chitram" and with Vigneswaran, "Defendants") for direct and contributory copyright infringement. DISH asserts that Chitram transmitted television channels that are exclusively licensed to DISH in the United States ("Protected Channels") on Defendants' ChitramTV service (the "Chitram Service").

Defendants distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to customers in the United States ("Chitram Users") to be used to receive Defendants' Chitram Service. Chitram Users can receive unauthorized access to the Protected Channels by using Chitram set-top boxes and Subscription Renewals.

Serverius Holding B.V. is believed to provide web hosting services for ns2.thulsi.net, which is used in the course of transmitting the Protected Channels to Chitram Users. The identity of the persons or entities that received these services is relevant to liability and necessary to uncover Chitrams' true identities.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of the Netherlands issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of the Netherlands, summoning Serverius Holding B.V. to produce an appropriate representative to provide the requested evidence (described in Exhibit A) to the appropriate authority for the Netherlands, to be ultimately returned to this Court for use at trial in this case.

**SPECIFIC REQUESTS:**

1.    It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request.  In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.    It is requested that the judicial authorities of the Netherlands issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.    In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in the Netherlands provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from Serverius Holding B.V.

4.    It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, the Netherlands and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of the Plaintiff in this matter and said costs shall be reimbursed upon request to Plaintiff's legal representatives.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of the Netherlands:

WITNESS, the undersigned District Court Judge for the United States District Court for the

Southern District of Texas, this ___ day of April 1, 2021.


District Court Judge
United States District Court, Southern District of Texas
515 Rusk Ave.
Houston, TX 77002
USA


(SEAL OF COURT)

TRUE COPY I CERTIFY ATTEST:
NATHAN OCHSNER, Clerk of Court
By_____
            Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., | § |
|      Plaintiff, | §    Civil Action No. 4:21-cv-859 |
| | § |
| v. | § |
| | § |
| DINESH VIGNESWARAN, d/b/a ChitramTV | § |
| Canada and Chitram.ca, and DOES 1-10, | § |
| individually and together d/b/a ChitramTV and | § |
| Chitram.tv, | § |
| | § |
|      Defendants. | § |

## EXHIBIT A

### Definitions Applicable To Document Requests

"Customer" means the persons or entities responsible for the subdomain ns2.thulsi.net.

### Document Requests

1.     Documents sufficient to identify the full name and contact information (including telephone number, street address, and email address) for each Customer.

2.     Documents sufficient to identify each product and service that you licensed, sold, or provided to each Customer, including all IP addresses assigned to each Customer.

3.     Documents sufficient to identify the IP address of any origin server associated with each Customer.

4.     Documents submitted to you to create or make changes to each account associated with each Customer.

5.     Account statements for each account associated with each Customer.

6.     Payment records for each account associated with each Customer.

7.     Communications that you sent to or received from each Customer, such as account set-up correspondence and support tickets.



**Day Translations**

Gecertificeerde Vertaling

# Certificaat van Echtheid

**Louis Pieter Van Eeden**
Vertaler

Vertaald document:  A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

Als vertaler voor Day Translations, Inc. verklaar ik, Louis Pieter Van Eeden, dat ik een tweetalig vertaler ben met diepgaande kennis van de Nederlandse en Engelse taal. Ik heb het bijgevoegde document naar mijn beste vermogen vertaald van het Engels naar het Nederlands en de Nederlandse tekst is naar eer en geweten een nauwkeurige en waarheidsgetrouwe vertaling van het originele document.

Getekend op 8 april 2021

*Louis Pieter Van Eeden*

Louis Pieter Van Eeden

*Professioneel vertaler voor Day Translations, Inc.*







American Translators Association # 243874

ASSOCIATION OF TRANSLATION COMPANIES

European Union of Associations of Translation Companies




477 Madison Ave., 6th Floor New York, NY 10017 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com



## Day Translations

Certified Translation

# Certificate of Accuracy

Louis Pieter Van Eeden
Translator

Translated document: A copy of a Request for International Judicial Assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, filed by Dish Network L.L.C against DINESH VIGNESWARAN, d/b/a ChitramTV Canada and Chitram.ca, and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv, issued by the United States District Court Southern District of Texas, Houston Division on April 2, 2021

As a translator for Day Translations, Inc., I, Louis Pieter Van Eeden, declare that I am a bilingual translator who is thoroughly familiar with the English and Dutch languages. I have translated the attached document to the best of my knowledge from English into Dutch and the Dutch text is an accurate and true translation of the original document presented to the best of my knowledge and belief.

Signed on April 8, 2021

*Louis Pieter Van Eeden*

Louis Pieter Van Eeden

*Professional Translator for Day Translations, Inc.*







American Translators Association # 243874

MEMBER OF

ASSOCIATION OF TRANSLATION COMPANIES

European Union of Associations of Translation Companies




1 Riverway, Suite 1700 Houston TX 77056 | Toll Free: 1-800-969-6853  Fax: 1-800-856-2759
E-mail: contact@daytranslations.com | www.daytranslations.com

UNITED STATES DISTRICT COURT
VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
HOUSTON DIVISIE

DISH NETWORK L.L.C.,                                    Civiele Zaak nr. 4:21-cv-859
Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv
Verweerders

VERZOEK OM INTERNATIONALE RECHTSHULP UIT HOOFDE VAN HET VERDRAG
VAN DEN HAAG INZAKE DE VERKRIJGING VAN BEWIJS
IN HET BUITENLAND IN BURGERLIJKE EN HANDELSZAKEN.

IDENTITEIT EN ADRES VAN DE AANVRAGER
RECHTER VAN DE RECHTBANK
United States District Court
van het Zuidelijke District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

CENTRALE AUTORITEIT VAN DE ONTVANGENDE STAAT
Nederlandse Centrale Autoriteit
Rechtbank Den Haag
Team Administratie Civiel – Algemene Zaken
Postbus 20302
2500 EH DEN HAAG
Nederland

    Overeenkomstig Artikel 3 van het Verdrag van Den Haag inzake de verkrijging van bewijs in het
buitenland in burgerlijke en handelszaken (hierna Haags Verdrag nr. 20 genoemd) heeft de ondergetekende
Rechtbank Rechter de eer en de rechterlijke autoriteit deze aanvraag namens de eiser in de bovengenoemde zaak
in te dienen

1

De United States District Court van het Zuidelijke District van Texas biedt haar complimenten aan de Nederlandse rechtelijke autoriteiten en vraagt in deze procedure internationale rechtshulp om bewijsmateriaal te verkrijgen dat zal worden gebruikt in een civiele zaak voor dit Hof.

Overeenkomstig artikel 9 van Haags Verdrag nr. 20 verzoekt dit Hof de Nederlandse rechtbanken om de ondergenoemde entiteit te dwingen om het gevraagde bewijsmateriaal (beschreven in bewijsstuk A) aan een naar behoren aangewezen Nederlandse autoriteit voor te leggen voor verdere onderzoek door deze rechtbank in deze zaak.

| Eiser | Verweerders |
|---|---|
| **DISH Netwerk L.L.C.**<br>9601 South Meridian Boulevard<br>Engelwood, Colorado 80112<br><br>*Wettelijke vertegenwoordigers van eisers*<br>Stephen M. Ferguson<br>Joseph H. Boyle<br>HAGAN NOLL & BOYLE, LLC<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>VSA<br>Telefoon: (713) 343-0478<br>Facsimile: (713) 758-0146<br>stephen.ferguson@hnbllc.com<br>joe.boyle<@hnbllc.com | **DINESH VIGNESWARAN, hodn ChitramTV Canada en Chitram.ca en DOES 1-10, zowel individueel als gezamenlijk hodn ChitramTV alsook Chitram.tv Ch**<br><br>*Wettelijke vertegenwoordigers van verweerders*<br>Onbekend. De verweerders zijn niet verschijnen. |

## VERTEGENWOORDIGER DIE IS AANGEWEZEN OM NAMENS DEZE RECHTBANK OP TE TREDEN MET BETREKKING TOT DIT VERZOEK:

Indien contact of correspondentie vereist is met betrekking tot dit verzoek, wordt verzocht, de volgende persoon in deze zaak voor dat doel te benoemen

Stephen M. Ferguson
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, TX 77024
VSA
Telefoon: (713) 343-0478
Facsimile: (713) 758-0146 stephen.ferguson@hnbllc.com

**ENTITEIT VAN WIE BEWIJS WORDT GEVRAAGD:**

> Serverius Holding B.V.
> De Linge 26
> 8253 PJ Dronten Nederland
> Telefoonnummer:+31 887378374
> E-mail: ripe@serverius.net

**RELEVANTE CONNECTIE OM TE VERZOEKEN:**

Dit Hof vraagt de Nederlandse rechtbanken met respect om een geschikte rechterlijke autoriteit in Nederland aan te wijzen om dit verzoek voor te zitten en de bovengenoemde entiteit te dwingen om het bewijsmateriaal zoals beschreven, dat relevant is voor de zaak van eisers, te leveren,

Serverius Holding B.V. mag juridische hulp aanwezig hebben.

Serverius Holding B.V. is een zakelijke entiteit, handelend in Nederland en in het bezit van het gevraagde bewijs en informatie.

**ONDERWERP EN RELATIVITEIT VAN DIT VERZOEK:**

Eiser, DISH Network L.L.C. ("DISH") heeft bij dit Hof vorderingen ingediend tegen Dinesh Vigneswaran, hodn ChitramTV Canada en Chitram.ca ("Vigneswaran") en DOES 1-10, zowel individueel als gezamenlijk hodn ChitramTV alsook Chitram.tv (gezamenlijk "Chitram" en met Vigneswaran, "Verweerders") voor directe en bijdragende inbreuk op het auteursrecht.

DISH beweert dat Chitram televisiekanalen die exclusief in licentie zijn gegeven aan DISH in de Verenigde Staten ("Beschermde kanalen") op de ChitramTV-service van de verweerders heeft uitgezonden (de "Chitram-service").

De verweerders verspreiden, verkopen en promoten Chitram set-top boxen en Chitram-abonnementen aan klanten in de Verenigde Staten ("Chitram-gebruikers") om de Chitram-service van verweerders te ontvangen. Chitram-gebruikers krijgen onbevoegde toegang tot de beveiligde kanalen met behulp van Chitram set-top boxen en abonnementsverlengingen.

Serverius Holding B.V. wordt verondersteld webhostingdiensten te leveren aan ns2.thulsi.net, die worden gebruikt bij het verzenden van de beschermde kanalen naar Chitram-gebruikers.

De identiteit van de personen of entiteiten die deze diensten hebben ontvangen, is relevant voor aansprakelijkheid en noodzakelijk om de ware identiteit van Chitram te openbaren.

Gelet op het voorgaande wordt er in het belang van de rechtspraak gevraagd dat

de bevoegde rechterlijke Nederlandse autoriteit overeenkomstig de artikelen 9 en 10 van Haags Verdrag nr. 20 en de wetten en procedures van de Nederlandse rechtbanken,

een bevel uitvaardigt waarbij Serverius Holding B.V. een geschikte vertegenwoordiger moet opleveren die het gevraagde bewijsmateriaal (omschreven in bewijsstuk A) aan de bevoegde Nederlandse autoriteit zal voorleggen om het uiteindelijk aan dit Hof te retourneeren voor gebruik bij het proces in deze zaak.

1. Indien enig deel van dit verzoek op rechtsgronden wordt afgewezen, wordt gevraagd dat een dergelijke weigering geen invloed heeft op de rest van dit verzoek. Overeenkomstig artikel 13 van Haags Verdrag nr. 20 wordt er voorts gevraagd dat de bovengenoemde vertegenwoordiger en dit Hof onmiddellijk in kennis worden gesteld van een dergelijke weigering en de daarmee samenhangende rechtsgronden.

2. Er wordt gevraagd dat de Nederlandse rechterlijke autoriteiten een bevel uitvaardigen om de gevraagde documenten (bijgevoegd als bewijsstuk A) zo snel mogelijk te verstrekken.

3. Overeenkomstig artikel 9 van Haags Verdrag nr. 20 wordt de bevoegde Nederlandse autoriteit verzocht zo snel mogelijk alle informatie te verstrekt over beslissingen die zijn genomen met betrekking tot het verkrijgen van bewijsmateriaal van Serverius Holding B.V.

4. Er wordt gevraagd dat alle gevraagde documenten en bewijzen naar behoren worden verzegeld en gewaarmerkt door de bevoegde Nederlandse autoriteit en in overeenstemming met de Nederlandse wetgeving en aan dit Hof worden geretourneerd voor gebruik bij het proces in deze zaak.


Alle kosten in verband met de verwerving, productie, authenticatie of retournering van dit bewijsmateriaal vallen onder de verantwoordelijkheid van de eiser in deze zaak en deze kosten worden op verzoek terugbetaald aan wettelijke vertegenwoordigers van de eisers.

Indien nodig verleent de ondergetekende rechterlijke autoriteit wederkerige bijstand aan de bevoegde rechterlijke Nederlandse autoriteiten, zoals hierin wordt gevraagd.

GETUIGE, de ondergetekende Rechter van de Rechtbank voor de United States District Court van het Zuidelijke District Van Texas, 1 april 2021.

Rechter van de
Rechtbank
United States
District Court
van het Zuidelijke
District van Texas
515 Rusk Ave.
Houston, TX 77002
VSA

(SEAL OF COURT)

UNITED STATES DISTRICT COURT
VAN HET ZUIDELIJKE DISTRICT VAN TEXAS
HOUSTON DIVISIE

DISH NETWORK L.L.C.,                                        Civiele Zaak nr. 4:21-cv-859
Eiser,

vs.

DINESH VIGNESWARAN, hodn ChitramTV
Canada en Chitram.ca en DOES 1-10,
zowel individueel als gezamenlijk hodn ChitramTV alsook
Chitram.tv
Verweerders

## BEWIJSSTUK A

### Definities die van toepassing zijn op documentaanvragen

"Klant": de personen of entiteiten die verantwoordelijk zijn voor het subdomein ns2.thulsi.net

### Documentaanvragen

1.     Documenten die voldoende zijn om de volledige naam en contactgegevens (inclusief

telefoonnummer, straatadres en e-mailadres) voor elke klant te identificeren.

2.     Documenten die voldoende zijn om elk product en elke dienst te identificeren die u aan elke klant

hebt gelicentieerd, verkocht of verstrekt, inclusief alle IP-adressen die aan elke klant zijn

toegewezen.

3.     Documenten die voldoende zijn om het IP-adres te identificeren van elke origin server die aan elke

klant is verbonden.

4.     Documenten die aan u zijn voorgelegd om wijzigingen aan te brengen in elk account dat aan elke

klant is verbonden.

5.     Rekeningafschriften voor elke rekening die aan elke klant is verbonden.

6.     Betalingsgegevens voor elke rekening die aan elke klant is verbonden

7.     Communicatie die u naar elke klant hebt verzonden of van elke klant hebt ontvangen, zoals correspondentie

over het instellen van accounts en support tickets.