| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

DISH Network L.L.C., §
§
      Plaintiff, §
§
versus §    Civil Action H-21-859
§
Dinesh Vigneswaran, *et al.*, §
§
      Defendants. §

## Plaintiff DISH Network L.L.C.'s Status Report

On September 13, 2021, Plaintiff DISH Network L.L.C. ("DISH") filed applications for Clerk's entry of default against Defendants Dinesh Vigneswaran ("Vigneswaran") and DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv ("ChitramTV"). (Dkts. 26-27.) The applications for Clerk's entry of default were served on Vigneswaran and ChitramTV pursuant to the certificates of service. (Dkts. 26-4, 27-3.) The Clerk entered default against Vigneswaran and Chitram TV on September 20, 2021. (Dkt. 31.)

DISH filed a motion for default judgment against Vigneswaran and ChitramTV on October 14, 2021. (Dkt. 35.) The motion for default judgment was served on Vigneswaran and ChitramTV pursuant to the certificate of service. (Dkt. 35-12.)

On October 19, 2021, undersigned received an email from Farrukh Nurdinov, Esq., attaching a file called "Dinesh statement.pdf." Exhibit 1 is a copy of this email and its attachment.

On October 22, 2021, undersigned received an email from Vigneswaran, attaching two files called "statement.pdf" and "Written Statement (Dinesh).pdf." Exhibit 2 is a copy of this email and its attachments.

On October 22, 2021, undersigned emailed both Farrukh Nurdinov, Esq. and Vigneswaran and told them it is their responsibility to review the Court rules and docket and make their own filings with the Court. Undersigned also re-informed them that a motion for default judgment (Dkt. 35) was filed with the Court on October 14, 2021 and is pending. Exhibit 3 is a copy of this email and its attachments. Neither Vigneswaran nor his attorney responded to the email.

Entering default judgment against Vigneswaran and ChitramTV is still appropriate. *See Drinnon v. Allstate Ins. Co.*, 88 F. App'x 9, 10 (5th Cir. 2004) (affirming default judgment where defendant filed answer the same day default was entered but failed to show why their default was excusable); *In re Dierschke,* 975 F.2d 181, 183–84 (5th Cir. 1992) (affirming default judgment where the defendant inexplicably waited until plaintiff moved for default judgment to contest the case, which was two months after defendant was served and after default had been entered); *Charlton L. Davis & Co. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (reviewing cases and stating that default judgment is properly granted against a defendant that has shown an intent to defend but fails to cure their default when served with notice of plaintiff's motion for default judgment); *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (affirming default judgment against defendant that filed answer prior to entry of default judgment, and stating, "The court should not reopen a default judgment merely because

the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense to the action."); *DISH Network L.L.C. v. Sanchez*, No. 1:11-cv-01485-AWI-SKO, 2012 WL 2090439, at *10 (E.D. Cal. June 8, 2012) ("A defaulted party loses his standing before the court and his right to present evidence on issues other than unliquidated damages.") (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)); *Clifton v. Tomb,* 21 F.2d 893, 897 (4th Cir. 1927) (stating that a defaulted defendant cannot appear and contest a motion for default judgment without first setting aside the default).

Dated:  October 26, 2021

Respectfully submitted,

HAGAN NOLL & BOYLE LLC

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

Counsel for Plaintiff DISH Network L.L.C.