# EXHIBIT 2

# Stephen Ferguson

| | |
|---|---|
| **From:** | Dinesh Vigneswaran <dineshvigneswaran119@gmail.com> |
| **Sent:** | Friday, October 22, 2021 9:05 AM |
| **To:** | Stephen Ferguson |
| **Subject:** | Civil action No:4.21-cv-859 |
| **Attachments:** | statement.pdf; Written Statement (Dinesh).pdf |

Dear Sir

I have attached 2 files in regards to this case for your review

Best regards
Dinesh

1

To:
Stephen M Ferguson
Hagon Noll & Boyle, LLC

Dear Sir,

I am Dinesh Vigneswaran, addressed at 25 Rushworth drive Ajax, Ontario, Canada.
I received a document stating "summons in a civil action" dated MARCH 16, 2021. This was dropped off at the porch of the above mentioned property on MAY 14, 2021 also another document stating "application for clerk's entry" which came in post on the 1st of October, 2021

Till May of this year I did not receive any email/letter from any law firm or individual regarding this matter. When I received the 1st documents back in May I was confused with all that was mentioned. It was an unmarked envelope with no stamp and sent from some state in the USA.

It has become common these days that you get calls and mails trying to victimise for fraudulent scam. So I thought this is some false letter and I ignored it. Moreover I didn't have the time to think or investigate on this.

I have been already struggling through this pandemic to fight with my career and family. However when I received another document this month from the same law firm that's when I realised to give priority.

The fact of the matter is that I use to work for a well-known company 'lycatel' since 2016.
I was the head of sales for their product lyca TV. I use to participate in outdoor sales activities and a lot of competitors use to come meet me to help improve their product in North America. A person named Arav Sai was one of the competitors who asked me to promote Chitram TV. I was under contract with lycatel at that point so I refused the offer.

However over the course of my career lycatel lost few of their key channels on their portfolio. Due to that reason lot of customers started to ask for refund. Lycatel failed to compensate the clients. So the friends and family that bought the services from me started to hold me accountable.

During that time I received a call from Arav Sai. Via the number 585-326-6085. While having a formal introduction with Arav, he mentioned that he knew about the situation at lyca and he would help me with a solution.

Initially I hesitated to talk however due to my situation I was listening to him. He offered me to give their services at a cheaper price so I could compensate friends and family members with the remaining months and by that way chitram TV will also benefit by getting those contacts as their customers upon renewal.

I requested him if we could meet and have a conversation but he said that he is in USA and we shall meet sometime in Canada. But then that never happened to date.

In Canada it is common that people use IPTV services. Even providers like Bell Canada provide this service. As a common person we do not know which provider has rights for which programmes and which doesn't and who owns these and all those detailed information.

I was asked by Arav to pay upfront for their services. So I did pay to tackle the irate family and friends. The promise between me and Arav is that he will reimburse my payment which I paid towards the services upon subscription renewals of my friends and family

So renewals came and I requested Arav to start the reimbursement. He replied that 'we do not have a bank account in the states' and a PayPal account was created so that few of his contacts will make payments and also local meets to reimburse my funds.

Due to lycatel eventually closing the TV product I had to look for a new career so I was in a real financial crises and I needed those funds to accommodate my family/kids. I was forced to agree in order to bail out of this as soon as possible.

It was mentioned in the letter that I own a website and I was doing sales. These website that you have mentioned were never owned/used or maintained by myself. In fact I am not even that tech savvy or I have the funds to hire someone. I was never an owner of a chitram TV Canada business or any TV business that you have mentioned or hired any dealers or workers for me to do this business.

Also you mentioned that I have a car and house under my name. Both the car and house are financed and I'm just part of the finance with my family members.

Due to this pandemic my current career has become really challenging and I'm barely making anything to cover my essential costs. I don't even have the funds to retain a lawyer/council.

I was forced in this situation just because I wanted to safe guard my name and reputation from family and friends and move along for the betterment of my family.


Yours Truly

Dinesh Vigneswaran

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN
DISTRICT OF TEXAS

IN THE COURT DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DISH NETWORK L.L.C, <br><br> Plaintiff, <br><br> vs. <br><br> DINESH VIGNESWARAN et al., d/b/a/ Chitram TV <br><br> Defendant | Civil Action No: 4:21-cv-859 <br><br> ANSWER AND AFFIRMATIVE DEFENSE |

My Lord, it is being submitted that the defendant is an innocent and law abiding person of the country. Defendant works for the betterment and survival for his family. Plaintiff has no cause of action and no legal jurisdiction to sue in the Honorable Court. Not a single legal evidence, record or instrument was produced in front of this honorable court which distinguishes Defendant ownership, technical expertise, representative or belonging to the Chitram. The evidence as to statement is attached herewith. I prays that the suit be dismissed with the costs so incurred by it. By way of an Answer to Plaintiff's Complaint, Defendant hereby admin, deny and alleges as follows:

1. The defendant denies the allegations contained in this Paragraphs that Defendant can be suit because of direct and contributory copyright infringement because Chitram is taking television channels exclusively licensed to Plaintiff and is unlawfully retransmitting these channels though out the United States. The fact of matter is that ChitramTV service to customers who purchase Chitram set-top boxes and Chitram Service subscriptions. Defendant denies the allegation that Defendant is materially contributing to and inducing direct copyright infringement. Defendant also denies that he demonstrated the willfulness of their copyright infringement and denied that continuing to transmit channels exclusively by Chitram continuing to tranmit channels exclusively licensed to DISH, and denied continuing to distribute the Chitram Service, despite receiving demands to cease.

2. That Defendant admitted the fact that Plaintiff DISH Network L.L.C. is limited liability Company but not sure about the DISH organized under the laws of the State of Colorado, with its Principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

**UNITED STATE DISTRICT COURT
FOR THE SOUTHERN
DISTRICT OF TEXAS**

3. The defendant denies the allegations contained in the paragraph that he is among individuals or entities doing business as ChitramTV and Chitram.tv. The fact of the matter is that Defendant not aware about the mentioned fact that Chitram transmits television channels to users of the Chitram Service and distributes, sells, and promotes Chitram set-top boxes and Chitram Subscriptions that provide access to the Chitram Service but Defendant is also not aware of the fact that Chitram owns and operates the Chitram.tv domain and website ("Chitram.tv") and the Thulsi,net domain. Defendant also denies the mentioned fact that Chitram has been assigned the computer servers identified by the following Internet Protocol ("IP") addresses: 5.45.75.130; 45.178.7.78; 87.255.35.151;89.248.173.151; 91.224.187.34; 91.230.121.93; 93.125.70.2; 93.125.70.4; 179.43.144.190; 185.39.11.72; 185.69.16.139; 185.69.19.21; 185.196.9.182; and 185.216.140.82. Defendant is also not aware about Chitram.tv Head office locations, telephone number.

4. That Defendant full name is Dinesh Vigneswaran and residing in Toronto, Ontario, Canada. Defendant categorically denies vested allegation upon him and further denies that he Own business as ChitramTV Canada and Chitram.ca, nor he owns and operates the Chitram.ca domain and website ("Chitram.ca"). Defendant denied that he is Chitram's "US Manager" in charge of United States resellers of Chitram set-top boxes and Chitram Subscriptions. Defendant denied that he distributes, sells, and promotes Chitram set-top boxes and Chitram Subscriptions that provide access to the Chitram Service.

5. The defendant denies the allegation contained in the paragraph that he commits any copyright infringement so that this Court has jurisdiction to conduct trail against him.

6. That the said Court has no jurisdiction to trial against Defendant under Rule(k)(2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the Defendant residing in Toronto, Ontario, Canada in Paragraph 4. The defendant is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States, including in the State of Texas. **Defendant further partially admits the fact that** the Defendant have been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant was the head of sales for their product "Lyca TV". Defendant use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant to promote their product in North America. Defendant was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to

**UNITED STATE DISTRICT COURT  
FOR THE SOUTHERN  
DISTRICT OF TEXAS**

act/compensate these clients. Out of these customers Defendant friends and family whom Defendant sold the Lyca ("LYCATEL") service started to hold Defendant accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant from Chitram TV. Arav Sai offered Defendant to give their services at a cheaper price so that the Defendant could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant to pay for the services so Defendanat paid and took a sum amount of services so Defendant could tackle with his family members and friends. The promise between Arav Sai and Defendant was, upon the renewal of these customers. Defendant will be reimbursed with the initial payment which Defendant made. So as planned renewals came and Defendant requested Arav Sai to start reimburse Defendant payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant to open a PayPal account. So Defendant opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant as well as local pickup in meet up location in Canada to recover Defendant upfront funds. Defendant was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Defendant was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the defendant was used by Arav Sai for his personal gain but fact of matter is that the Defendant was also in financial crises, the Defendant denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant are not subject to the jurisdiction of the courts of general jurisdiction of any state.

7. Defendant denied the fact that the subject mentioned in this paragraph because Defendant has no specified knowledge about this that Chitram promotes the Chitram Service to Service Users on Chitram.tv as offering "Free Worldwide Shipping." a "Sales & Support" phone number in the USA, and permits Service Users to "Shop Online" and purchase Chitram set-top boxes and Chitram Subscriptions by adding them to a shopping Cart.

8. Defendant denies categorically the fact that he listed five resellers of Chitram set-top boxes and Chitram Subscriptions in the United States on Chitram.ca, including on one reseller in Missouri City, Texas.

**UNITED STATE DISTRICT COURT
FOR THE SOUTHERN
DISTRICT OF TEXAS**

9. The defendant denies the allegations which the Plaintiff claim that he has approximately 60 resellers of Chitram set-top boxes and Chitram Subscriptions in the United States and a warehouse of Chitram set-top boxes in the United States.

10. That as above mentioned Plaintiff claims are categorically denied hence the subject Court has no jurisdiction to trial Defendant and has not subject to personal jurisdiction in said district, under the mentioned laws and Defendant is a law abiding citizen of United States.

11. Defendant has no such knowledge about the fact that DISH is the fourth largest pay-television provider in the United States providing copyrighted programming to millions of subscribers nationwide. Also have no knowledge about of the fact the DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages, hence denied.

12. Defendant has no such knowledge about the fact that leveled in the said paragraph, hence denied.

16. Defendant denied the fact that the subject mentioned in this paragraph because Defendant stated all the fact and circumstances in "paragraph 6", hence allegations leveled in this paragraph is denied.

17. Defendant denied the fact that the subject mentioned in this paragraph because Defendant stated all the fact and circumstances in "paragraph 6", hence allegations leveled in this paragraph is denied.

18. That once again Defendant denied that he promotes the Chitram Service on Chitram.ca.

19. Defendant denied the fact that the subject mentioned in this paragraph because Defendant stated all the fact and circumstances in "paragraph 6", hence allegations leveled in this paragraph is denied.

20. Defendant has no such knowledge about the facts that mentioned in the paragraph, hence denied.

21. Defendant has no such knowledge about the facts that mentioned in the paragraph, hence denied.

22. Defendant denied the fact that the subject mentioned in this paragraph because Defendant stated all the fact and circumstances in "paragraph 6", hence allegations leveled in this paragraph is denied.

23. Defendant has no such knowledge about the fact that leveled in the said paragraph, hence denied.

24. Defendant has no such knowledge about the fact that leveled in the said paragraph, hence denied.

**UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN**
**DISTRICT OF TEXAS**

25. Defendant has no such knowledge about the fact that leveled in the said paragraph, hence denied.

26. Defendant has no such knowledge about the fact that leveled in the said paragraph, hence denied.

27. Defendant has no such knowledge about the fact that leveled in the said paragraph; the Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

28. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

29. Defendant described all the facts in "paragraph 6" line number "15-20" page "3" related to how the person name Arav Sai approached and said that he will make few of his contacts in USA to pay Defendant as well as local pickup in meet up location in Canada to recover Defendant upfront funds. Defendant denied the allegation leveled against Defendant that he had made call to Dish TV Investigator. Defendant believes that Arav Sai or any member of his team call at the number mentioned in said paragraph might had conversation with DISH TV Investigator and used Defendant name instead of original identity. It seemed very pertinent that Defendant is the soft target to hit and level out baseless allegations against him, hence denied.

30. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

31. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

32. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

33. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

34. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

35. Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

36. Plaintiff should address Chitram towards said allegations, as Defendant has no such knowledge, hence denied.

37. Defendant has no alleged knowledge that the transmission of the Protected Channels on the Chitram Service infringes DISH's copyright, Plaintiff shall address Chitram directly because Defendant has no such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

38. Defendant denies the allegations leveled against him in paragraphs 1-37, moreover readout the explanation made by the Defendant in paragraph 6.

**UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN**
**DISTRICT OF TEXAS**

39. That the Defendant has no concern with the said Claim.

40. That DISH exclusive rights which listed in "Exhibit 1" of TV shows that Plaintiff claimed, Defendant has no concern or interest related to the concern claims. It is pertinently mention here that Defendant used to work for Bell Canada; Bell stated that they have an exclusive rights, then Defendant worked for Lyca TV and they also claimed their exclusive rights then when it concern to Chitram and they also stated that they are authorized to sell these channels. In Canada where Defendant lives; there are more than 100 IPTV providers and they all claiming they have authorized rights.

41. Defendant alleges Plaintiff, if any proof that they have the sole rights to sell these channels if so why didn't Plaintiff share the TV channel license along with the North American (USA and Canada) approved sensor board certificates for all channels that Plaintiff may carry in their binder that Plaintiff sent. Or is there a portal or website where individuals have access and check rights claims and authentication. How do Defendant know which provider has rights? It is categorically stated that Defendant is not an owner, operator, distributor and representative of Chitram, hence the claims are categorically denied.

42. Defendant do not aware about the facts, hence denied.

43. Defendant individually concern towards his personal conduct and also not aware about the facts or record, hence denied.

44. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram, hence denied.

45. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram, hence denied.

46. Defendant denied all said allegations because he is an individual that used and engaged by the person named "Arav Sai". While having a formal introduction with Arav, he mentioned that he knew about the situation of Lyca TV and he would have a solution for Defendant. He offered Defendant to give their services at a cheaper price so Arav could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant to pay for the services so Defendant paid and took a sum amount of services so Defendant could tackle with his family

6

**UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN**
**DISTRICT OF TEXAS**

members and friends. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram, hence denied.

47. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram, hence denied.

48. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram. Defendant is not the focal person to address allegation vested in the said paragraph, hence denied.

49. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram. Defendant is not the focal person to address allegation vested in the said paragraph, hence denied.

50. Defendant is not aware about the facts that claimed by the Plaintiff but Defendant was engaged by "Arav Sai" for his personal motive and Defendant was needy at that time to serve "Arva Rai" concerns because of Defendant personal family obligations and responsibilities.

51. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram. Defendant is not the focal person to address allegation vested in the said paragraph, hence denied.

52. Defendant is not a computer expert or obtained any technical knowledge that Plaintiff allegation leveled against him, hence denied.

53. Defendant is not a computer expert or obtained any technical knowledge that Plaintiff allegation leveled against him, hence denied.

54. Defendant individually concern towards his personal conduct hence not answerable for Chitram, not represent Chitram. Defendant is not the focal person to address allegation vested in the said paragraph, hence denied.

55. Defendant has no alleged knowledge that the transmission of the Protected Channels on the Chitram Service infringes DISH's copyright, Plaintiff shall address Chitram directly because Defendant has no

such knowledge about the fact that leveled in the said paragraph; it seemed that Defendant is the soft target that why Plaintiff leveled all such baseless allegations, hence denied.

56. Defendant denies the Plaintiff allegations and stated as just a fabricated story against him.

## PRAYER

The defendant, therefore, prays that:

That the plaintiff has no cause of action to sue in the your Honorable Court and suit be dismissed with the costs. That the plaintiff has no any relief to be granted because the suit is causeless and having no cause of action. That the defendant is not entitled for any relief and the suit be dismissed.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 4th of June, 2021

**DINESH VIGNESWARAN**

8