FILED

FEB 14 2022

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **SOUTHERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action H-21-859 |
| Versus | § | |
| | § | |
| Dinesh Vigneswaran, et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT DINESH VIGNESWARAN INITIAL DISCLOSURES

The following disclosures are made by Defendant Dinesh Vigneswaran ("Dinesh") pursuant to Fed. R. Civ. P. 26(a) (1)(A). These disclosures are based on information presently known to Dinesh, and therefore the right to supplement these disclosures at a later time is expressly reserved.

A.    Federal Rule of Civil Procedure 26(a)(1)(A)(i)

The following may be used to support Dinesh's claims:

1. Dinesh never contacted NagraStar LLc / Gregory Duval, Achour Meddeb (collectively "Nagrastar") at 90 Inverness Circle East, Englewood, Colorado 80112, Telephone: (303) 706-5700. Dinesh never perform any distribution, sale, and promotion of Chitram set-top boxes and services; nor perform alledged operation of the Chitram set-top box and srevies, including the servers, streaming technology, and content delivery network services supporting same; nor perform monitoring of the Chitram service and identification of channel URLs; nor perform channels and programs in which the Chitram

service provides access; hence denied alleged infringement and third-parties concerning the Chitram service.

2. Dinesh never been in contact with ARY Digital USA LLC / ARY Digital UK Ltd. / Muhammad Bawany (Collectively "ARY") at the said address 65 North Acton Road, London NW106PJ, Telephone: 020-8838-6300; never commit alleged violation of said exclusive rights ;hence denied.

3. Dinesh never contacted B4U U.S., Inc. / Kevin Rago (collectively "B4U") at 1099 Wall Street, Suite 355, West Lyndhurst, New Jersey 07071, Telephone: 201-964-1000; never commit alleged violation of said exclusive rights ;hence denied.

4. Dinesh never been in contact with Bennett, Coleman & Company Ltd. / Manish Wadkar (collectively "BCC") at Trade Garden, Kamala Mills Compound, Senapati Bapat Marg., Lower Parel (West), Mumbai 400013 India, Telephone: 91-22-24999944; never commit alleged violation of said exclusive rights ;hence denied.

5. Dinesh never been in contact with Geo USA Holdings, Inc. d/b/a Geo USA, L.L.C. / Baseem Baig Chagtai (collectively "Geo") at 440 9th Avenue, Suite 34, 8th Floor, New York, NY 10001, Telephone: 44-207-484-5142; never commit alleged violation of said exclusive rights ;hence denied.

6. Dinesh never been in contact with Hum Network Ltd. / Hassan Jaweed Ahmed (collectively "Hum") at HUM TV, Plot #10/11 Hassan Ali Street, Off. I.I. Chundrigar Road, Karachi – 74000, Pakistan, Telephone: 92-21-111-486-111; never commit alleged violation of said exclusive rights; hence denied.

7. Dinesh never been in contact with MSM Asia Ltd. / Ritesh Khosla (collectively "MSM") at Building One Six Six, Third Floor, 166 College Road, Harrow, Middlesex, HA1 1BH, England, United Kingdom, Telephone: 44-845-671-1001; never commit alleged violation of said exclusive rights; hence denied.

8. Dinesh never been in contact with National Communication Services (SMC-Pvt.) Ltd. / Mohsin Mukhtar (collectively "NCS")) at 8-A Abbot Road, Lahore, Pakistan, Telephone: 042-111-1-38692; never commit alleged violation of said exclusive rights; hence denied.

9. Dinesh never been in contact with Television Media Network (Pvt) Ltd / Imran Ansari (collectively "Television Media") at Plot No. 5, Expressway, Off Korangi Road, Karachi, Pakistan, Telephone: 92-21-35800051; never commit alleged violation of said exclusive rights; hence denied.

10. Dinesh never been in contact with TV Today Network Ltd. / Puneet Jain (collectively "TV Today") at Videocon Tower, E-1 Jhandewalan Extension, New Delhi, India 110055, Telephone: 011-23684878; never commit alleged violation of said exclusive rights; hence denied.

11. Dinesh categorically denied all the allegations against him that alleged in paragraph 8 of DISH's Complaint (Dkt. 1) therefore are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by DISH (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV.

12. Dinesh once again denying all the said allegations, had no information concerning to ChitramTV and Chitram.tv (collectively "ChitramTV"). Dinesh is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Dinesh have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

13. Dinesh Vigneswaran ("Vigneswaran have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

14. My Lord, it is being submitted once again that the defendant is an innocent and law abiding person of the country. Defendant works for the betterment and survival for his family. Plaintiff has no cause of action and no legal jurisdiction to sue in the Honorable Court. Not a single legal evidence, record or instrument was produced in front of this honorable court which distinguishes Defendant ownership, technical expertise, representative or belonging to the Chitram.

15. On November 15, 2021 this honorable Court Order withdrawing Default and Setting Conference because the Defendant has adequately answered, and the said honorable Court accepts his explanation for the late answer, the entry of default against the Defendant is withdrawn. The honorable court also order a conference scheduled on February 3, 2022 at 10:30 a.m. location Courtroom II-C, Eleventh Floor 515 Rusk Avenue, Houston, Texas 77002.

16. On November 22, 2021 the Dinesh requested the Honorable Court that he is in dealing with extreme difficult financial situation, grand permanent exemption in this case. Meanwhile Defendant shall be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

17. Aforementioned Defendant (Dinesh), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

18. That the said Court has no jurisdiction to trial against Dinesh under Rule(k)(2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the Dinesh residing in Toronto, Ontario, Canada.

19. The Dinesh is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States, including in the State of Texas.

20. Dinesh further partially admits the fact that the he was working for a well-known company Lycatel ("LYCATEL") since 2016. Dinesh was the head of sales for their product "Lyca TV". Dinesh use to participate in outdoor sales activities, during that time many competitors use to come and meet with Dinesh at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Dinesh to promote their product in North America. Dinesh was already under contract with Lyca so he refused Arav Sai request. Over the course of Dinesh career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Dinesh friends and family whom he sold the Lyca ("LYCATEL") service started to hold Dinesh accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Dinesh again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Dinesh from Chitram TV. Arav Sai offered Dinesh to give their services at a cheaper price so that the he could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Dinesh to pay for the services so he paid and took a sum amount of services so that he could tackle with his family members and friends. The promise between Arav Sai and Dinesh was, upon the renewal of these customers. Dinesh will be reimbursed with the initial payment which he made. So as planned renewals came and Dinesh requested Arav Sai to start reimburse his payments. Arab Sai replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Dinesh to open a PayPal account; hence Dinesh opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant as well as local pickup in meet up location in Canada to recover

Dinesh upfront funds. Dinesh was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Dinesh was redundant, he was really in need of those funds to accommodate his family/kids and to fund his current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the defendant was used by Arav Sai for his personal gain but fact of matter is that the Dinesh was also in financial crises, therefore he denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Dinesh is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Dinesh is not subject to the jurisdiction of the courts of general jurisdiction of any state.

21. Dinesh right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

## PRAYER

The defendant (Dinesh), therefore, prays that:

1. That the plaintiff is searching for the wrong person because Defendant (Dinesh) has no ownership, technical expertise, representative or belonging to the ChitramTV and also no cause of action to sue in the Honorable Court and suit be dismissed with the costs.

2. That the Plaintiff is not entitled for any relief and the suit be dismissed.

3. That the Defendant (Dinesh) is in dealing with extreme difficult financial situation, prays to the honorable court that please grand permanent exemption in this case.

4. Meanwhile Defendant (Dinesh) will be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.


        I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 3rd of February, 2022

_____

**DINESH VIGNESWARAN**