| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

United States Courts
Southern District of Texas
FILED
FEB 2 2 2022
Nathan Ochsner, Clerk of Court

DISH Network L.L.C., §
§
Plaintiff, §
§
versus § Civil Action H-21-859
§
Dinesh Vigneswaran, *et al.*, §
§
Defendants. §

# Plaintiff DISH Network L.L.C.'s Initial Disclosures

The following disclosures are made by Plaintiff DISH Network L.L.C. ("DISH") pursuant to Fed. R. Civ. P. 26(a)(1)(A). These disclosures are based on information presently known to DISH, and therefore the right to supplement these disclosures at a later time is expressly reserved.

**A.    Federal Rule of Civil Procedure 26(a)(1)(A)(i)**

The following may be used to support DISH's claims:

• DISH Network L.L.C. / Elizabeth Riemersma (collectively "DISH"). DISH may be contacted c/o counsel Hagan Noll & Boyle LLC, 820 Gessner, Suite 940, Houston, Texas 77024, Telephone: (713) 343-0478. DISH may have discoverable information concerning (i) DISH's exclusive rights in the programs that aired on the Protected Channels at issue in this case; (ii) Defendant's violation of those exclusive rights; (iii) cease and desist letters sent to Defendant; (iv) the harm to and damages suffered by DISH; and (v) the value of the Protected Channels in relation to other channels in which the ChitramTV service ("Chitram service") provides access.

- NagraStar LLC / Gregory Duval, Achour Meddeb (collectively "NagraStar"). NagraStar may be contacted at 90 Inverness Circle East, Englewood, Colorado 80112, Telephone: (303) 706-5700. NagraStar may have discoverable information concerning (i) Defendant's distribution, sale, and promotion of Chitram set-top boxes and services; (ii) operation of the Chitram set-top box and service, including the servers, streaming technology, and content delivery network services supporting same; (iii) monitoring of the Chitram service and identification of channel URLs; (iv) channels and programs in which the Chitram service provides access; and (v) infringement notices sent to Defendant and third-parties concerning the Chitram service.

- ARY Digital USA LLC / ARY Digital UK Ltd. / Muhammad Bawany (collectively "ARY"). ARY may be contacted at 65 North Acton Road, London NW10 6PJ, Telephone: 020-8838-6300. ARY may have discoverable information concerning DISH's exclusive rights as to the ARY Digital and ARY News channels; and (ii) Defendant's violation of those exclusive rights.

- B4U U.S., Inc. / Kevin Rago (collectively "B4U"). B4U may be contacted at 1099 Wall Street, Suite 355, West Lyndhurst, New Jersey 07071, Telephone: 201-964-1000. B4U may have discoverable information concerning DISH's exclusive rights as to the B4U Movies and B4U Music channels; and (ii) Defendant's violation of those exclusive rights.

- Bennett, Coleman & Company Ltd. / Manish Wadkar (collectively "BCC"). BCC may be contacted at Trade Garden, Kamala Mills Compound, Senapati Bapat Marg., Lower Parel (West), Mumbai 400013 India, Telephone: 91-22-24999944. BCC may have

discoverable information concerning DISH's exclusive rights as to the Times Now and Zoom channels; and (ii) Defendant's violation of those exclusive rights.

- Geo USA Holdings, Inc. d/b/a Geo USA, L.L.C. / Baseem Baig Chagtai (collectively "Geo"). Geo may be contacted at 440 9th Avenue, Suite 34, 8th Floor, New York, NY 10001, Telephone: 44-207-484-5142. Geo may have discoverable information concerning DISH's exclusive rights as to the Geo News and Geo TV channels; and (ii) Defendant's violation of those exclusive rights.

- Hum Network Ltd. / Hassan Jaweed Ahmed (collectively "Hum"). Hum may be contacted at HUM TV, Plot #10/11 Hassan Ali Street, Off. I.I. Chundrigar Road, Karachi – 74000, Pakistan, Telephone: 92-21-111-486-111. Hum may have discoverable information concerning DISH's exclusive rights as to the Hum Masala, Hum Sitaray, and Hum TV channels; and (ii) Defendant's violation of those exclusive rights.

- MSM Asia Ltd. / Ritesh Khosla (collectively "MSM"). MSM may be contacted at Building One Six Six, Third Floor, 166 College Road, Harrow, Middlesex, HA1 1BH, England, United Kingdom, Telephone: 44-845-671-1001. MSM may have discoverable information concerning DISH's exclusive rights as to the SAB, SET Max, and Sony SET channels; and (ii) Defendant's violation of those exclusive rights.

- National Communication Services (SMC-Pvt.) Ltd. / Mohsin Mukhtar (collectively "NCS"). NCS may be contacted at 8-A Abbot Road, Lahore, Pakistan, Telephone: 042-111-1-38692. NCS may have discoverable information concerning DISH's exclusive rights as to the Dunya TV channel; and (ii) Defendant's violation of those exclusive rights.

- Television Media Network (Pvt) Ltd / Imran Ansari (collectively "Television Media"). Television Media may be contacted at Plot No. 5, Expressway, Off Korangi Road, Karachi, Pakistan, Telephone: 92-21-35800051. Television Media may have discoverable information concerning DISH's exclusive rights as to the Express Entertainment and Express News channels; and (ii) Defendant's violation of those exclusive rights.

- TV Today Network Ltd. / Puneet Jain (collectively "TV Today"). TV Today may be contacted at Videocon Tower, E-1 Jhandewalan Extension, New Delhi, India 110055, Telephone: 011-23684878. TV Today may have discoverable information concerning DISH's exclusive rights as to the Aaj Tak and India Today channels; and (ii) Defendant's violation of those exclusive rights.

- Chitram Resellers ("Resellers"). The Resellers identities and contact information is included in paragraph 8 of DISH's Complaint (Dkt. 1). The Resellers are expected to have knowledge concerning all aspects of liability and damages pertaining to Defendant's copyright infringement.

- DOES 1-10, individually and together d/b/a ChitramTV and Chitram.tv (collectively "ChitramTV"). ChitramTV may be contacted at *support@chitram.tv* and *liudmila.ador@googlemail.com*. ChitramTV is expected to have knowledge concerning all aspects of liability and damages pertaining to Defendant's copyright infringement.

- Dinesh Vigneswaran ("Vigneswaran"). Vigneswaran may be contacted at 25 Rushworth Drive, Ajax, Ontario L1Z 1S2, Canada, dineshvigneswaran119@gmail.com.

4

Vigneswaran is expected to have knowledge concerning all aspects of liability and damages pertaining to Defendant's copyright infringement.

B.  **Federal Rule of Civil Procedure 26(a)(1)(A)(ii)**

The following categories of documents and electronically stored information are in DISH's possession, custody, or control and may be used to support the claims in this case:

- Documents establishing copyrights held by DISH;
- Copyright registrations;
- Screenshots of the Chitram service providing access to the Protected Channels;
- Monitoring reports corresponding with the Protected Channels accessed by the Chitram service;
- Network traffic logs corresponding with the Protected Channels accessed by the Chitram service;
- Screenshots captured from the Chitram.tv and Chitram.ca websites and social media pages;
- Chitram set-top box purchase records;
- Cease and desist correspondence concerning Defendant; and
- Subpoena responses from Resellers and payment processing companies.

C.  **Federal Rule of Civil Procedure 26(a)(1)(A)(iii)**

DISH is calculating damages and will disclose a complete model after all computations are made. Certain information needed to quantify damages, for example the profits that Defendant received from his copyright infringement, are in the possession

of Defendant and non-parties and must be obtained during discovery. DISH anticipates that the requested relief will include, without limitation, the following:

- Statutory damages as awarded by the Court up to $150,000 per work under 17 U.S.C. § 504(c) for each of the nineteen or more works that aired on the Protected Channels and have been registered with the United States Copyright Office including episodes of Good Morning Pakistan, Jeeto Pakistan, Dunya Kamran Khan Kay Sath, Mazaaq Raat, Nuqta e Nazar, Aaj Shahzeb Khanzada Kay Saath, Capital Talk, Aladdin: Naam Toh Suna Hoga, Baalveer Returns, Hero - Gayab Mode On, Maddam Sir, Taraak Mehta Ka Ooltah Chashmah, Crime Patrol Satark, Indian Idol Season 12, The Kapil Sharma Show, Mere Sai, and Vighnaharta Ganesh;
- The profits of Defendant attributable to the copyright infringement alleged in this case under 17 U.S.C. § 504(b);
- DISH's attorneys' fees and costs under 17 U.S.C. § 505;
- Permanent injunction preventing copyright infringement under 17 U.S.C. § 502;
- Impoundment and disposition of all infringing articles under 17 U.S.C. § 503;
- Pre- and post-judgment interest on all damages awarded by the Court;
- Any additional relief the Court deems just and equitable.

D.  **Federal Rule of Civil Procedure 26(a)(1)(A)(iv)**

Plaintiff is not aware of any applicable insurance agreement.

Dated: January 26, 2022

HAGAN NOLL & BOYLE LLC

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

Counsel for Plaintiff DISH Network L.L.C.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 26, 2022, I served the foregoing Plaintiff DISH Network L.L.C.'s Initial Disclosures by placing the documents in a sealed envelope with postage thereon fully prepaid and then deposited the envelope with the United States Postal Service and by email, addressed to the following:

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
*dineshvigneswaran119@gmail.com*

/s/ Stephen M. Ferguson
Stephen M. Ferguson

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| DISH Network, L.L.C., | § | |
|            Plaintiff, | § | |
| versus | § | Civil Action H-21-859 |
| Dinesh Vigneswaran, et al., | § | |
|            Defendants. | § | |

## Order Withdrawing Default and Setting Conference

1. Because he has adequately answered, and the court accepts his explanation for the late answer, the entry of default against Dinesh Vigneswaran is withdrawn. (31)

2. A conference is scheduled for:

    February 3, 2022,
    at 10:30 a.m.
    Courtroom 11-C, Eleventh Floor
    515 Rusk Avenue
    Houston, Texas 77002.

3. All parties must appear at the conference – whether personally or through counsel. The parties must come prepared with concrete and detailed proposals to advance the litigation.

Signed on November 15, 2021, at Houston, Texas.

                                                Lynn N. Hughes
                                     United States District Judge

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Joint Proposed Discovery Plan

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiff DISH Network L.L.C ("Plaintiff") and Defendant Dinesh Vigneswaran ("Defendant"; Plaintiff and Defendant collectively referred to as the "Parties") respectfully submit this proposed discovery plan. Counsel for Plaintiff and Defendant conferred pursuant to Rule 26(f) on **December \_\_\_, 2021** via telephone to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, and to discuss their respective views on how discovery should proceed in this action. The Parties submit this Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(2).

    1.    **Fed. R. Civ. P. 26(f)(3)(A) – Initial Disclosures**

The Rule 26(a) disclosures shall be augmented as follows:

    A.    The Parties will exchange their initial disclosures in full conformity with Fed. R. Civ. P. 26(a)(1)(A) on **December 22, 2021**.

    B.    This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

    2.    **Fed. R. Civ. P. 26(f)(3)(B) – Timing and Subjects of Discovery**

    A.    All discovery shall be completed by **August 5, 2022,** or as otherwise set forth in any order of this Court pursuant to Local Civil Rule 16(B). The Parties agree that

discovery should not be conducted in phases or limited to any particular issues.

  B. Plaintiff intends to conduct discovery on at least the following subjects:

    a. Design and operation of the Chitram service;

    b. Distribution of content on the Chitram service;

    c. Manufacture, distribution, and sale of Chitram set-top boxes and service subscriptions;

    d. Marketing of the Chitram service, set-top boxes and service subscriptions;

    e. Interactions with users of the Chitram service, set-top boxes, and service subscriptions;

    f. Interactions with resellers of the Chitram service, set-top boxes, and service subscriptions;

    g. Channels transmitted on the Chitram service;

    h. Rights claimed by Defendant or ChitramTV with respect to channels transmitted on the Chitram service, if any;

    i. Infringement notices regarding the Chitram service, set-top boxes, and service subscriptions;

    j. Profits relating to the Chitram service, set-top boxes, and service subscriptions;

    k. Financial transactions relating to the Chitram service, set-top boxes, and service subscriptions;

    l. Financial condition of Defendant; and

    m. Defendant's alleged infringement of Plaintiff's copyrights.

  C. Defendant intends to conduct discovery on at least the following subjects:

    a.

    b.

    c.

D. The Parties will confer on a proposed protective order governing discovery, as necessary.

E. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure. Pursuant to the Court's Order for Conference of March 17, 2021, no interrogatories, requests for admission, or depositions may be done without court approval. (Dkt. 6.)

3. **Fed. R. Civ. P. 26(f)(3)(C) – ESI**

A. <u>General Document Format</u>. The Parties will produce documents, whether originating in electronic or hard copy format, as a PDF file on a DVD disk or thumb drive, or via a Workshare (i.e., Box.com, Drop Box, or Google Drive) or by other agreed electronic means, unless either party provides notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production. The Parties will then confer and agree on the proposed alternative format prior to the production of any material. When a document is produced, the producing party shall maintain a separate file as a native file, which will not be modified in any manner that changes the file.

B. <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. <u>Footer.</u> Each document image when possible shall contain a footer with the party or non-party's name and a sequentially ascending production number.

D. <u>Native Files.</u> A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format by demonstrating a particularized need for such production, and upon receipt of

3

such a request, the producing party shall produce the document in its native format. Native files need not include a footer with the production number as specified above, but must be identified with a production number, which may include one production number applicable to an entire file as specified in the file name. If a producing party produces native files in a format not easily identifiable or accessible to a receiving party, the producing party must identify a publicly-available tool or program that can open the native file, or otherwise provide the receiving party with the means to access the native file. If the producing party desires to redact any content from the native file for privilege or protection as work product, then the producing party must indicate that the file was redacted and retain an original, unmodified file. The production of any document in native format must be done in a manner that preserves the integrity of the file.

  E. <u>No Spoliation and Disagreement</u>. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

  4. **Fed. R. Civ. P. 26(f)(3)(D) – Attorney-Client Privilege and Work Product**

  A. The Parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created by or for a party's litigation counsel after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FRCP 26) need not be identified on any privilege log. The party responding to discovery shall provide a privilege log which include the identifying number of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

B.  The inadvertent, accidental, mistaken or erroneous production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put at issue or constitute the affirmative use of the advice of counsel or of any privileged communications. The producing party shall notify the receiving party in writing of any such inadvertent, accidental, mistaken or erroneous production as soon as reasonably possible after the producing party becomes aware of it. Upon receipt of such notice, the receiving party shall, within five (5) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

5.  **Fed. R. Civ. P. 26(f)(3)(E) – Limitations on Discovery**

The Parties agree to conduct discovery in accordance with the Fed. R. Civ. P. and Local Rules of this Court. At this time, the Parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Texas be changed or that additional limitations upon discovery be imposed. Pursuant to the Court's Order for Conference of March 17, 2021, no interrogatories, requests for admission, or depositions may be done without court approval. (Dkt. 6.)

6. **Fed. R. Civ. P. 26(f)(3)(F) – Other Orders**

The Parties do not request any other orders under Fed. R. Civ. P. 26(c) or 16(b) at this time. The Parties will confer on an agreed protective order governing discovery, as necessary.

Dated: December __, 2021

                                                HAGAN NOLL & BOYLE LLC

By:_____
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

Counsel for Plaintiff DISH Network L.L.C.


By:_____
Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada

Defendant

6