UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DISH Network L.L.C., § § Plaintiff, § § Versus § § Dinesh Vigneswaran, et al., § § Defendants. § | Civil Action H-21-859 <br><br> United States Courts <br> Southern District of Texas <br> FILED <br><br> FEB 2 2 2022 <br><br> Nathan Ochsner, Clerk of Court |

## DEFENDANT DINESH VIGNESWARAN INITIAL DISCLOSURES

The following disclosures are made by Defendant Dinesh Vigneswaran ("Dinesh") pursuant to Fed. R. Civ. P. 26(a) (1)(A). These disclosures are based on information presently known to Dinesh, and therefore the right to supplement these disclosures at a later time is expressly reserved.

A.  Federal Rule of Civil Procedure 26(a)(1)(A)(i)

The following may be used to support Dinesh's claims:

1.  Dinesh never contacted NagraStar LLc / Gregory Duval, Achour Meddeb (collectively "Nagrastar") at 90 Inverness Circle East, Englewood, Colorado 80112, Telephone: (303) 706-5700. Dinesh never perform any distribution, sale, and promotion of Chitram set-top boxes and services; nor perform alledged operation of the Chitram set-top box and srevies, including the servers, streaming technology, and content delivery network services supporting same; nor perform monitoring of the Chitram service and identification of channel URLs; nor perform channels and programs in which the Chitram

service provides access; hence denied alleged infringement and third-parties concerning the Chitram service.

2. Dinesh never been in contact with ARY Digital USA LLC / ARY Digital UK Ltd. / Muhammad Bawany (Collectively "ARY") at the said address 65 North Acton Road, London NW106PJ, Telephone: 020-8838-6300; never commit alleged violation of said exclusive rights ;hence denied.

3. Dinesh never contacted B4U U.S., Inc. / Kevin Rago (collectively "B4U") at 1099 Wall Street, Suite 355, West Lyndhurst, New Jersey 07071, Telephone: 201-964-1000; never commit alleged violation of said exclusive rights ;hence denied.

4. Dinesh never been in contact with Bennett, Coleman & Company Ltd. / Manish Wadkar (collectively "BCC") at Trade Garden, Kamala Mills Compound, Senapati Bapat Marg., Lower Parel (West), Mumbai 400013 India, Telephone: 91-22-24999944; never commit alleged violation of said exclusive rights ;hence denied.

5. Dinesh never been in contact with Geo USA Holdings, Inc. d/b/a Geo USA, L.L.C. / Baseem Baig Chagtai (collectively "Geo") at 440 9th Avenue, Suite 34, 8th Floor, New York, NY 10001, Telephone: 44-207-484-5142; never commit alleged violation of said exclusive rights ;hence denied.

6. Dinesh never been in contact with Hum Network Ltd. / Hassan Jaweed Ahmed (collectively "Hum") at HUM TV, Plot #10/11 Hassan Ali Street, Off. I.I. Chundrigar Road, Karachi – 74000, Pakistan, Telephone: 92-21-111-486-111; never commit alleged violation of said exclusive rights; hence denied.

7. Dinesh never been in contact with MSM Asia Ltd. / Ritesh Khosla (collectively "MSM") at Building One Six Six, Third Floor, 166 College Road, Harrow, Middlesex, HA1 1BH, England, United Kingdom, Telephone: 44-845-671-1001; never commit alleged violation of said exclusive rights; hence denied.

8. Dinesh never been in contact with National Communication Services (SMC-Pvt.) Ltd. / Mohsin Mukhtar (collectively "NCS")) at 8-A Abbot Road, Lahore, Pakistan, Telephone: 042-111-1-38692; never commit alleged violation of said exclusive rights; hence denied.

9. Dinesh never been in contact with Television Media Network (Pvt) Ltd / Imran Ansari (collectively "Television Media") at Plot No. 5, Expressway, Off Korangi Road, Karachi, Pakistan, Telephone: 92-21-35800051; never commit alleged violation of said exclusive rights; hence denied.

10. Dinesh never been in contact with TV Today Network Ltd. / Puneet Jain (collectively "TV Today") at Videocon Tower, E-1 Jhandewalan Extension, New Delhi, India 110055, Telephone: 011-23684878; never commit alleged violation of said exclusive rights; hence denied.

11. Dinesh categorically denied all the allegations against him that alleged in paragraph 8 of DISH's Complaint (Dkt. 1) therefore are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by DISH (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV.

12. Dinesh once again denying all the said allegations, had no information concerning to ChitramTV and Chitram.tv (collectively "ChitramTV"). Dinesh is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Dinesh have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

13. Dinesh Vigneswaran ("Vigneswaran have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

14. My Lord, it is being submitted once again that the defendant is an innocent and law abiding person of the country. Defendant works for the betterment and survival for his family. Plaintiff has no cause of action and no legal jurisdiction to sue in the Honorable Court. Not a single legal evidence, record or instrument was produced in front of this honorable court which distinguishes Defendant ownership, technical expertise, representative or belonging to the Chitram.

15. On November 15, 2021 this honorable Court Order withdrawing Default and Setting Conference because the Defendant has adequately answered, and the said honorable Court accepts his explanation for the late answer, the entry of default against the Defendant is withdrawn. The honorable court also order a conference scheduled on February 3, 2022 at 10:30 a.m. location Courtroom II-C, Eleventh Floor 515 Rusk Avenue, Houston, Texas 77002.

16. On November 22, 2021 the Dinesh requested the Honorable Court that he is in dealing with extreme difficult financial situation, grand permanent exemption in this case. Meanwhile Defendant shall be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

17. Aforementioned Defendant (Dinesh), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

18. That the said Court has no jurisdiction to trial against Dinesh under Rule(k)(2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the Dinesh residing in Toronto, Ontario, Canada.

19. The Dinesh is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States, including in the State of Texas.

20. Dinesh further partially admits the fact that the he was working for a well-known company Lycatel ("LYCATEL") since 2016. Dinesh was the head of sales for their product "Lyca TV". Dinesh use to participate in outdoor sales activities, during that time many competitors use to come and meet with Dinesh at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Dinesh to promote their product in North America. Dinesh was already under contract with Lyca so he refused Arav Sai request. Over the course of Dinesh career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Dinesh friends and family whom he sold the Lyca ("LYCATEL") service started to hold Dinesh accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Dinesh again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Dinesh from Chitram TV. Arav Sai offered Dinesh to give their services at a cheaper price so that the he could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Dinesh to pay for the services so he paid and took a sum amount of services so that he could tackle with his family members and friends. The promise between Arav Sai and Dinesh was, upon the renewal of these customers. Dinesh will be reimbursed with the initial payment which he made. So as planned renewals came and Dinesh requested Arav Sai to start reimburse his payments. Arab Sai replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Dinesh to open a PayPal account; hence Dinesh opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant as well as local pickup in meet up location in Canada to recover

Dinesh upfront funds. Dinesh was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Dinesh was redundant, he was really in need of those funds to accommodate his family/kids and to fund his current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the defendant was used by Arav Sai for his personal gain but fact of matter is that the Dinesh was also in financial crises, therefore he denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Dinesh is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Dinesh is not subject to the jurisdiction of the courts of general jurisdiction of any state.

21. Dinesh right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

## PRAYER

The defendant (Dinesh), therefore, prays that:

1. That the plaintiff is searching for the wrong person because Defendant (Dinesh) has no ownership, technical expertise, representative or belonging to the ChitramTV and also no cause of action to sue in the Honorable Court and suit be dismissed with the costs.

2. That the Plaintiff is not entitled for any relief and the suit be dismissed.

3. That the Defendant (Dinesh) is in dealing with extreme difficult financial situation, prays to the honorable court that please grand permanent exemption in this case.

4. Meanwhile Defendant (Dinesh) will be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

_____
**DINESH VIGNESWARAN**

Dated on the 3rd of February, 2022

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| DISH Network L.L.C., | § § | |
| Plaintiff, | § § | Civil Action H-21-859 |
| Versus | § § | |
| Dinesh Vigneswaran, et al., | § § | |
| Defendants. | § § | |

Your Lordship, it is being submitted once again that the defendant is an innocent and law abiding citizen of Canada. Defendant has been wrongfully prosecuted by the Plaintiff and all the allegations against him are baseless, malafide, ill-willed with intent to justify Plaintiff personal vendetta and maliciously.

That the Defendant firmly stated in all his prior written statement in front of this honorable court that he is nor representative, agent, owner of ChitramTV or contest this said lawsuit behalf of the ChitramTV.

Plaintiff have produced not a single legal evidence, record or instrument in their said Plaint in front of this honorable court that distinguishes Defendant ownership, technical expertise, representative or belonging to the ChitramTV; hence, Plaintiff has no cause of action and no legal jurisdiction to sue in this Honorable Court.

That the defendant is very obliged towards this honorable court that understands his traveling as well financial difficulties and respective short comes.

That the defendant had already replies to the Plaintiff's initial disclosures through this honorable court dated February 3, 2022. **(Attached as an Annexure "A")**

## PRAYER

The defendant (Dinesh), therefore, prays that:

1. That the plaintiff is searching for the wrong person because Defendant (Dinesh) has no ownership, technical expertise, representative or belonging to the ChitramTV and also no cause of action to sue in the Honorable Court and suit be dismissed with the costs.

2. That the Plaintiff is not entitled for any relief and the suit be dismissed.

3. That the Defendant (Dinesh) is in dealing with extreme difficult financial situation, prays to the honorable court that please grand permanent exemption in this case.

4. Meanwhile Defendant (Dinesh) will be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

_____
**DINESH VIGNESWARAN**

Dated on the 16th of February, 2022

| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| DISH Network, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, et al., | § | |
| | § | |
| Defendants. | § | |

# Order on Exemption

1. Dinesh Vigneswaran has moved for a "permanent exemption" in this case. To the best of the court's ability, this most appears to be a request to appear by electronic or other remote means – as Vigneswaran mentions being from Canada, having financial troubles, and "promis[ing] that [he] will respond and cooperate with court via mail or email."

2. As an initial matter, Vigneswaran makes a brief challenge to this court's jurisdiction over him as a Canadian resident. DISH Network has pleaded that Vigneswaran assisted in selling television boxes and subscriptions in Texas that allowed users to access the copyrighted channels. Even though Vigneswaran may reside in Canada, courts in the United States still have jurisdiction under the federal Copyright Act. Canada and the United States are members to many agreements that allow each country to enforce these rights against citizens of the other.[1]

---

[1] See Berne Convention for the Protection of Literary and Artistic Works, 1979, S. Treaty Doc. No. 99-27 (1986); Universal Copyright Convention, July 24, 1971, 943 U.N.T.S. 132; Agreement on Trade-Related Aspects of Intellectual Property Rights, Apr. 15, 1994, 1869 U.N.T.S. 3; WIPO Copyright Treaty, Dec. 20, 1996, S. Treaty Doc. No. 105-17 (1997); United States-Mexico-Canada Agreement, U.S.-Mex.-Can., art. 20 (Oct. 1, 2018).

3. Vigneswaran also says that "[n]ot a single legal evidence, record, or instrument was produced in front of this honorable court." This lawsuit is still in its earliest stages, and DISH Network is not obliged to give evidence yet.

4. Vigneswaran also mentions some financial difficulties – however, this is not a defense to a lawsuit, and he has not given anything to support this claim. Vigneswaran must still actively engage in the case.

5. This court does understand the difficulties with international travel at this time and will not require Vigneswaran to appear in person at the next conference. Attendance at later conferences will depend on the situation at that time.

6. By February 25, 2022, Vigneswaran must call this court's case manager – (713) 250-5516 – and give a telephone number that he can be readily reached, so he can be called to participate in the next conference. (45)

7. The February 3, 2022, conference is reset for:

    March, 10, 2022,
    at 10:30 a.m.
    Courtroom 11-C, Eleventh Floor
    515 Rusk Avenue
    Houston, Texas 77002.

Signed on January 26, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge



January 23, 2021

**VIA Email & International Registered Mail**

HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

United States Courts
Southern District of Texas
F I L E D

FEB 2 2 2022

Nathan Ochsner, Clerk of Court

      **Re:** *DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-00859 (S.D. Tex.)*

Dear Stephen M. Ferguson,

    It is hereby informed you that in furtherance of Defendant reply about the said order (Dkt. 41) submitted already to the honorable court dated November 22, 2021.

    That the Defendant in the aforesaid case stated against the order Dkt. 41 to the Honourable Court that the Defendant is unable to attend the said meeting in person due to various limitations and cognition. Apparently Defendant shall be available to answer and cooperate (legit) with the Honourable Court via available electronic correspondence or mail.

    Aforementioned Defendant, right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

    Furthermore, the Defendant's humble submission to the Honorable Court legibly stated that due to uttermost strenuous financial occurrence, he is unable to fulfill his family obligations such as financial support, providing basic necessities, etc. therefore, Defendant is unable to travel in personal to appear in front of honorable court and due to financial difficulties unable to hire a counsel to represent him in said matter. Under these difficult financial situations, the Defendant is unable to travel right from Canada to Texas and to participate in the abovementioned conference.



It is pertinently mentioned here that you're Client (Dish Network, L.L.C) have made a false and defamatory statements against Defendant that harm the reputation and though this said case causes irreparable lose such as reputation, causes mental & emotional distress. Due to this mental stressful pain the Defendant at very rapid pace falling towards depression and anxiety, the family life of the Defendant is badly effected and in danger due to your Client (Dish Network, L.L.C) baseless, malafide, ill-willed and maliciously allegations.

That due to the malicious prosecution on the part of your Client (Dish Network, L.L.C), the reputation of the Defendant has been damaged in such that there could not be repaired. The credibility built by the Defendant in the society and specifically in the eyes of his family during the span of time was shattered due to the filing of the frivolous, fictitious, and concocted prosecution against the Defendant. Your Client (Dish Network, L.L.C) was having a tendency to injure the reputation of the Defendant i.e. to lower him in the estimation of others and to bring him in obliquity contempt and ridicule and also injured his professional and family life.

On such false, frivolous, baseless, and concocted prosecution in the said Honourable Court, the Defendant has no other platform to contest his submissions other than the Canadian Courts. If your Client (Dish Network, L.L.C) doesn't stop malicious prosecution against the Defendant reserves all rights to file suit for defamation and recovery of 2 Million Canadian Dollars on account of damages for malicious prosecution.

Moreover, your Client (Dish Network, L.L.C) is searching for the wrong person because Defendant has no ownership, technical expertise, representative or belonging to the ChitramTV, hence malicious prosecution.

Furthermore, about *"Joint Proposed Discovery Plan"* the Defendant answer is same that right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

Sincerely,

DINESH VIGNESWARAN

February 16, 2021

To:

Nathan Ochsner
Clerk of Court
Southern District Court

Re: Case No.4:21-cv-00859 (S.D. Tex.)

Dear Sir,

I am Dinesh Vigneswaran, addressed at 25 Rushworth drive Ajax, Ontario, Canada.
On November 15, 2021 the honourable court accepted my answer regarding this matter and withdrew the default judgement. However there was a conference scheduled for February 3rd 2022.

On a letter dated November 22nd I replied to the court asking for full exemption. I received a letter from court on February 10th stating that the conference is re-scheduled. (Dated January 26th 2022). I have already sent a notice dated January 23rd replying to the conference and also my reply to the initial disclosure dated February 3rd 2022.

So my understanding is that the court would have not been able to receive my January 23rd and February disclosure before the re-schedule notice is sent out to me.So I have attached both documents once again in this mail.

The plaintiff is searching for the wrong person and I have no ownership, technical expertise or any knowledge about the Defendant's (Chitramtv) copyright infringement.

So I am praying the court to completely exempt myself from this matter. And as I promised I will respond and cooperate with court via mail or email if needed.


Yours truly

Dinesh Vigneswaran

Dinesh Vigneswaran
25 Richvale drive
Ajax ON L1Z1S2
CANADA

NATHAN OCHSNER
CLERK OF COURT
P.O. BOX. 61010
HOUSTON, TX 77208

United States Courts
Southern District of Texas
FILED
FEB 22 2022
Nathan Ochsner, Clerk of Court





Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

December 21, 2021

**VIA Email & International Registered Mail**

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
dineshvigneswaran119@gmail.com

   **Re:** *DISH Network L.L.C. v. Dinesh Vigneswaran and ChitramTV*, No. 4:21-cv-00859 (S.D. Tex.)

Dear Vigneswaran:

  Pursuant to the enclosed order (Dkt. 41), there is a scheduling conference with the Court set for February 3, 2022 at 10:30 a.m. "The parties must come prepared with concrete and detailed proposals to advance the litigation."

  Pursuant to Federal Rule of Civil Procedure 26(f)(1), "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held." The deadline to confer is on or before January 13, 2022. The issues that we are to confer about are set forth in Federal Rule of Civil Procedure 26(f)(2-3). Enclosed is a proposed discovery plan for discussion during our conference.

  Please let me know your availability on or before January 13, 2022 for a call to confer pursuant to Federal Rule of Civil Procedure 26(f).

            Sincerely,

            **HAGAN NOLL & BOYLE LLC**

            Stephen M. Ferguson