# EXHIBIT 1

## Stephen Ferguson

| | |
|---|---|
| **From:** | Stephen Ferguson |
| **Sent:** | Wednesday, March 2, 2022 11:33 AM |
| **To:** | 'dineshvigneswaran119@gmail.com' |
| **Subject:** | RE: DISH Network L.L.C. v. Dinesh Vigneswaran, et al., No. 4:21-cv-00859 (S.D. Tex.) |
| **Attachments:** | DISH's Motion to Compel Rule 26(f) Conference.pdf |

Mr. Vigneswaran,

I'm following up on my correspondence of February 17, 2022, December 21, 2021, and December 2, 2021, requesting the scheduling of a call for your participation in a Rule 26(f) conference.

Please call me today at 713-248-9942 for the Rule 26(f) conference.  Otherwise, DISH intends to file the attached motion with the Court requesting an order directing you to participate in a Rule 26(f) conference.

Best Regards,

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com

---

**From:** Stephen Ferguson
**Sent:** Thursday, February 17, 2022 12:03 PM
**To:** 'dineshvigneswaran119@gmail.com' <dineshvigneswaran119@gmail.com>
**Cc:** 'Farrukh Nuridinov' <nuridinov.law@gmail.com>
**Subject:** RE: DISH Network L.L.C. v. Dinesh Vigneswaran, et al., No. 4:21-cv-00859 (S.D. Tex.)

February 17, 2022

## VIA Email & International Registered Mail

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
dineshvigneswaran119@gmail.com

> **Re:**   ***DISH Network L.L.C. v. Dinesh Vigneswaran and ChitramTV***, No. 4:21-cv-00859 (S.D. Tex.)

Dear Mr. Vigneswaran:

Pursuant to the enclosed order (Dkt. 46), there is a scheduling conference with the Court set for March 10, 2022 at 10:30 a.m.  The Court has instructed that "[t]he parties must come prepared with concrete and detailed proposals to advance the litigation."  (Dkt. 41).

I sent you correspondence on December 2, 2021 and December 21, 2021, requesting your availability for a call to confer pursuant to Federal Rule of Civil Procedure 26(f).  I also informed you that Pursuant to Federal Rule of Civil Procedure 26(f)(1), "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held," the issues that we are to discuss are set forth in Federal Rule of Civil Procedure 26(f)(2-3), and provided you with the enclosed proposed discovery plan for discussion during the call.  You did not respond to my requests for this required call.

Please provide a date, time, and phone number for this call to confer pursuant to Federal Rule of Civil Procedure 26(f).

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com

---

**From:** Stephen Ferguson
**Sent:** Tuesday, December 21, 2021 10:22 AM
**To:** 'dineshvigneswaran119@gmail.com' <dineshvigneswaran119@gmail.com>
**Cc:** 'Farrukh Nuridinov' <nuridinov.law@gmail.com>
**Subject:** RE: DISH Network L.L.C. v. Dinesh Vigneswaran, et al., No. 4:21-cv-00859 (S.D. Tex.)

December 21, 2021

**VIA Email & International Registered Mail**

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
dineshvigneswaran119@gmail.com

Re:      *DISH Network L.L.C. v. Dinesh Vigneswaran and ChitramTV*, No. 4:21-cv-00859 (S.D. Tex.)

Dear Vigneswaran:

Pursuant to the enclosed order (Dkt. 41), there is a scheduling conference with the Court set for February 3, 2022 at 10:30 a.m. "The parties must come prepared with concrete and detailed proposals to advance the litigation."

Pursuant to Federal Rule of Civil Procedure 26(f)(1), "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held." The deadline to confer is on or before January 13, 2022. The issues that we are to confer about are set forth in Federal Rule of Civil Procedure 26(f)(2-3). Enclosed is a proposed discovery plan for discussion during our conference.

Please let me know your availability on or before January 13, 2022 for a call to confer pursuant to Federal Rule of Civil Procedure 26(f).

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com

---

**From:** Stephen Ferguson
**Sent:** Thursday, December 2, 2021 3:32 PM
**To:** 'dineshvigneswaran119@gmail.com' <dineshvigneswaran119@gmail.com>
**Subject:** DISH Network L.L.C. v. Dinesh Vigneswaran, et al., No. 4:21-cv-00859 (S.D. Tex.)

Mr. Vigneswaran,

Pursuant to the attached order (Dkt. 41), there is a scheduling conference with the Court set for February 3, 2022 at 10:30 a.m. "The parties must come prepared with concrete and detailed proposals to advance the litigation."

Pursuant to Federal Rule of Civil Procedure 26(f)(1), "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held." The issues that we are to confer about are set forth in Federal Rule of Civil Procedure 26(f)(2-3). Attached is a proposed discovery plan for discussion during our conference.

Please let me know your availability next week for a call to confer pursuant to Federal Rule of Civil Procedure 26(f).

Best Regards,

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza

820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### Plaintiff DISH Network L.L.C.'s Motion to Compel Defendant to Participate in Rule 26(f) Conference

The Rule 16 conference in this matter is set for March 10, 2022.  DISH Network L.L.C. ("DISH") has made several unsuccessful attempts to schedule the Rule 26(f) conference with Defendant Dinesh Vigneswaran, but Defendant refuses to schedule and participate in the conference.

DISH sent Defendant correspondence on December 2, 2021, December 21, 2021, and February 17, 2022, requesting his cooperation in scheduling the Rule 26(f) conference by telephone.  DISH again contacted Defendant on March 1, 2022 by e-mail and telephone in an attempt to schedule the Rule 26(f) conference.   DISH's efforts have been unsuccessful.

DISH informed Defendant that pursuant to Rule 26(f)(1) "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held," the issues to be discussed are set forth in Rule 26(f)(2-3), and DISH provided Defendant with a proposed discovery plan for discussion during the call.  (Exhibit 1.) Defendant did not respond to DISH's requests.

Although Defendant filed a motion for permanent exemption from attending hearings in this case, including the conference that was set for February 3, 2022, (Dkts. 45, 46) and although Defendant represented that he would be available to answer and cooperate with DISH and the Court via electronic correspondence and mail (Dkt. 45 ¶ 4), Defendant is not cooperating in scheduling the Rule 26(f) conference.

DISH requests an order directing Defendant to participate in a Rule 26(f) conference prior to the Rule 16 conference currently scheduled for March 10, 2022, or for such other order as the Court deems appropriate in these circumstances.

Dated:  March __, 2022

Respectfully submitted,

HAGAN NOLL & BOYLE LLC

By:_____
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

Counsel for Plaintiff DISH Network L.L.C.



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

February 17, 2022

**VIA Email & International Registered Mail**

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
dineshvigneswaran119@gmail.com

> Re:   *DISH Network L.L.C. v. Dinesh Vigneswaran and ChitramTV*, No. 4:21-cv-00859 (S.D. Tex.)

Dear Mr. Vigneswaran:

Pursuant to the enclosed order (Dkt. 46), there is a scheduling conference with the Court set for March 10, 2022 at 10:30 a.m.  The Court has instructed that "[t]he parties must come prepared with concrete and detailed proposals to advance the litigation."  (Dkt. 41).

I sent you correspondence on December 2, 2021 and December 21, 2021, requesting your availability for a call to confer pursuant to Federal Rule of Civil Procedure 26(f).  I also informed you that Pursuant to Federal Rule of Civil Procedure 26(f)(1), "the parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held," the issues that we are to discuss are set forth in Federal Rule of Civil Procedure 26(f)(2-3), and provided you with the enclosed proposed discovery plan for discussion during the call.  You did not respond to my requests for this required call.

Please provide a date, time, and phone number for this call to confer pursuant to Federal Rule of Civil Procedure 26(f).

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DISH Network L.L.C., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-21-859 |
| Dinesh Vigneswaran, *et al.*, | § § § | |
| Defendants. | § § | |

## Joint Proposed Discovery Plan

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiff DISH Network L.L.C ("Plaintiff") and Defendant Dinesh Vigneswaran ("Defendant"; Plaintiff and Defendant collectively referred to as the "Parties") respectfully submit this proposed discovery plan. Counsel for Plaintiff and Defendant conferred pursuant to Rule 26(f) on **February ___, 2022** via telephone to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, and to discuss their respective views on how discovery should proceed in this action.  The Parties submit this Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(2).

1.      **Fed. R. Civ. P. 26(f)(3)(A) – Initial Disclosures**

The Rule 26(a) disclosures shall be augmented as follows:

A.      The Parties have exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A).

B.      This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

2.      **Fed. R. Civ. P. 26(f)(3)(B) – Timing and Subjects of Discovery**

A.      All discovery shall be completed by **September 9, 2022,** or as otherwise set forth in any order of this Court pursuant to Local Civil Rule 16(B).  The Parties agree that

discovery should not be conducted in phases or limited to any particular issues.

      B.     Plaintiff intends to conduct discovery on at least the following subjects:

           a.     Design and operation of the Chitram service;

           b.     Distribution of content on the Chitram service;

           c.     Manufacture, distribution, and sale of Chitram set-top boxes and service subscriptions;

           d.     Marketing of the Chitram service, set-top boxes and service subscriptions;

           e.     Interactions with users of the Chitram service, set-top boxes, and service subscriptions;

           f.     Interactions with resellers of the Chitram service, set-top boxes, and service subscriptions;

           g.     Channels transmitted on the Chitram service;

           h.     Rights claimed by Defendant or ChitramTV with respect to channels transmitted on the Chitram service, if any;

           i.     Infringement notices regarding the Chitram service, set-top boxes, and service subscriptions;

           j.     Profits relating to the Chitram service, set-top boxes, and service subscriptions;

           k.     Financial transactions relating to the Chitram service, set-top boxes, and service subscriptions;

           l.     Financial condition of Defendant; and

           m.     Defendant's alleged infringement of Plaintiff's copyrights.

      C.     Defendant intends to conduct discovery on at least the following subjects:

           a.

           b.

           c.

D.      The Parties will confer on a proposed protective order governing discovery, as necessary.

E.      Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure. Pursuant to the Court's Order for Conference of March 17, 2021, no interrogatories, requests for admission, or depositions may be done without court approval. (Dkt. 6.)

**3.      Fed. R. Civ. P. 26(f)(3)(C) – ESI**

A.      <u>General Document Format</u>.  The Parties will produce documents, whether originating in electronic or hard copy format, as a PDF file on a DVD disk or thumb drive, or via a Workshare (i.e., Box.com, Drop Box, or Google Drive) or by other agreed electronic means, unless either party provides notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production. The Parties will then confer and agree on the proposed alternative format prior to the production of any material.  When a document is produced, the producing party shall maintain a separate file as a native file, which will not be modified in any manner that changes the file.

B.      <u>Text-Searchable Documents</u>.  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.      <u>Footer.</u>  Each document image when possible shall contain a footer with the party or non-party's name and a sequentially ascending production number.

D.      <u>Native Files.</u>  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format by demonstrating a particularized need for such production, and upon receipt of

such a request, the producing party shall produce the document in its native format. Native files need not include a footer with the production number as specified above, but must be identified with a production number, which may include one production number applicable to an entire file as specified in the file name. If a producing party produces native files in a format not easily identifiable or accessible to a receiving party, the producing party must identify a publicly-available tool or program that can open the native file, or otherwise provide the receiving party with the means to access the native file. If the producing party desires to redact any content from the native file for privilege or protection as work product, then the producing party must indicate that the file was redacted and retain an original, unmodified file. The production of any document in native format must be done in a manner that preserves the integrity of the file.

E.    <u>No Spoliation and Disagreement</u>. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**4.    Fed. R. Civ. P. 26(f)(3)(D) – Attorney-Client Privilege and Work Product**

A.    The Parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created by or for a party's litigation counsel after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FRCP 26) need not be identified on any privilege log. The party responding to discovery shall provide a privilege log which include the identifying number of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

4

B.     The inadvertent, accidental, mistaken or erroneous production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put at issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertent, accidental, mistaken or erroneous production as soon as reasonably possible after the producing party becomes aware of it.  Upon receipt of such notice, the receiving party shall, within five (5) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

**5.     Fed. R. Civ. P. 26(f)(3)(E) – Limitations on Discovery**

The Parties agree to conduct discovery in accordance with the Fed. R. Civ. P. and Local Rules of this Court. At this time, the Parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Texas be changed or that additional limitations upon discovery be imposed. Pursuant to the Court's Order for Conference of March 17, 2021, no interrogatories, requests for admission, or depositions may be done without court approval.  (Dkt. 6.)

6.    **Fed. R. Civ. P. 26(f)(3)(F) – Other Orders**

The Parties do not request any other orders under Fed. R. Civ. P. 26(c) or 16(b) at this time.  The Parties will confer on an agreed protective order governing discovery, as necessary.

Dated:  February __, 2022

HAGAN NOLL & BOYLE LLC

By:_____
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**C**ounsel for Plaintiff DISH Network L.L.C.

By:_____
Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada

Defendant

6

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 26, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| DISH Network, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order on Exemption

1. Dinesh Vigneswaran has moved for a "permanent exemption" in this case. To the best of the court's ability, this most appears to be a request to appear by electronic or other remote means – as Vigneswaran mentions being from Canada, having financial troubles, and "promis[ing] that [he] will respond and cooperate with court via mail or email."

2. As an initial matter, Vigneswaran makes a brief challenge to this court's jurisdiction over him as a Canadian resident. DISH Network has pleaded that Vigneswaran assisted in selling television boxes and subscriptions in Texas that allowed users to access the copyrighted channels. Even though Vigneswaran may reside in Canada, courts in the United States still have jurisdiction under the federal Copyright Act. Canada and the United States are members to many agreements that allow each country to enforce these rights against citizens of the other.[1]

---

[1] *See* Berne Convention for the Protection of Literary and Artistic Works, 1979, S. Treaty Doc. No. 99-27 (1986); Universal Copyright Convention, July 24, 1971, 943 U.N.T.S. 132; Agreement on Trade-Related Aspects of Intellectual Property Rights, Apr. 15, 1994, 1869 U.N.T.S. 3; WIPO Copyright Treaty, Dec. 20, 1996, S. Treaty Doc. No. 105-17 (1997); United States-Mexico-Canada Agreement, U.S.-Mex.-Can., art. 20 (Oct. 1, 2018).

3.  Vigneswaran also says that "[n]ot a single legal evidence, record, or instrument was produced in front of this honorable court." This lawsuit is still in its earliest stages, and DISH Network is not obliged to give evidence yet.

4.  Vigneswaran also mentions some financial difficulties – however, this is not a defense to a lawsuit, and he has not given anything to support this claim. Vigneswaran must still actively engage in the case.

5.  This court does understand the difficulties with international travel at this time and will not require Vigneswaran to appear in person at the next conference. Attendance at later conferences will depend on the situation at that time.

6.  By February 25, 2022, Vigneswaran must call this court's case manager – (713) 250-5516 – and give a telephone number that he can be readily reached, so he can be called to participate in the next conference. (45)

7.  The February 3, 2022, conference is reset for:

    March , 10 , 2022,
    at 10:30 a.m.
    Courtroom 11-C, Eleventh Floor
    515 Rusk Avenue
    Houston, Texas 77002.

    Signed on January 26, 2022, at Houston, Texas.

    _____
    Lynn N. Hughes
    United States District Judge