January 23, 2021

To:

Nathan Ochsner
Clerk of Court
Southern District Court

United States Courts
Southern District of Texas
F I L E D

MAR 17 2022

Nathan Ochsner, Clerk of Court

Re: Case No.4:21-cv-00859 (S.D. Tex.)

Dear Sir,

I am Dinesh Vigneswaran, addressed at 25 Rushworth drive Ajax, Ontario, Canada.
On November 15, 2021 the honourable court accepted my answer regarding this matter and withdrew the default judgement. However there is a conference scheduled for February 3rd 2022.

And it says all parties must appear in person or through counsel. I have already replied to the court on December 22nd 2021 and January 20, 2022 through mail service and FedEx express saying that I am not in a financial or mental situation to come to the United States for the conference. I am not in a state to hire a counsel. It is really tough to even provide basic necessities to my family. Moreover I am not a person to take any decisions on behalf of a company that I'm not even part of. As I have already mentioned earlier in my written statement I am not a representative, agent or owner to represent ChitramTv to decide anything on behalf.

Furthermore I received a letter "discovery plan from Hagan Noll" that I have attached to this letter.
The questions asked on the discovery plan are same questions asked from me from the beginning of this matter and I have denied all the allegations and answered to the best of my knowledge in several written statements during thise process. Hence even if these questions are asked in future my answers will be same. Despite of all this I am sending this reply to the counsel Hagan Noll & Boyle LLC and to the honorable court

The plaintiff is searching for the wrong person and I have no ownership, technical expertise or any belonging to do with Chitramtv.

So I am praying the court to completely exempt myself from this matter. And I promise that I will respond and cooperate with court via mail or email if needed.

Yours truly

Dinesh Vigneswaran

**January 23, 2021**

**VIA Email & International Registered Mail**

HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

      *Re:*    *DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-00859 (S.D. Tex.)*

Dear Stephen M. Ferguson,

    It is hereby informed you that in furtherance of Defendant reply about the said order (Dkt. 41) submitted already to the honorable court dated November 22, 2021.

    That the Defendant in the aforesaid case stated against the order Dkt. 41 to the Honourable Court that the Defendant is unable to attend the said meeting in person due to various limitations and cognition. Apparently Defendant shall be available to answer and cooperate (legit) with the Honourable Court via available electronic correspondence or mail.

    Aforementioned Defendant, right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

    Furthermore, the Defendant's humble submission to the Honorable Court legibly stated that due to uttermost strenuous financial occurrence, he is unable to fulfill his family obligations such as financial support, providing basic necessities, etc. therefore, Defendant is unable to travel in personal to appear in front of honorable court and due to financial difficulties unable to hire a counsel to represent him in said matter. Under these difficult financial situations, the Defendant is unable to travel right from Canada to Texas and to participate in the abovementioned conference.

It is pertinently mentioned here that you're Client (Dish Network, L.L.C) have made a false and defamatory statements against Defendant that harm the reputation and though this said case causes irreparable lose such as reputation, causes mental & emotional distress. Due to this mental stressful pain the Defendant at very rapid pace falling towards depression and anxiety, the family life of the Defendant is badly effected and in danger due to your Client (Dish Network, L.L.C) baseless, malafide, ill-willed and maliciously allegations.

That due to the malicious prosecution on the part of your Client (Dish Network, L.L.C), the reputation of the Defendant has been damaged in such that there could not be repaired. The credibility built by the Defendant in the society and specifically in the eyes of his family during the span of time was shattered due to the filing of the frivolous, fictitious, and concocted prosecution against the Defendant. Your Client (Dish Network, L.L.C) was having a tendency to injure the reputation of the Defendant i.e. to lower him in the estimation of others and to bring him in obliquity contempt and ridicule and also injured his professional and family life.

On such false, frivolous, baseless, and concocted prosecution in the said Honourable Court, the Defendant has no other platform to contest his submissions other than the Canadian Courts. If your Client (Dish Network, L.L.C) doesn't stop malicious prosecution against the Defendant reserves all rights to file suit for defamation and recovery of 2 Million Canadian Dollars on account of damages for malicious prosecution.

Moreover, your Client (Dish Network, L.L.C) is searching for the wrong person because Defendant has no ownership, technical expertise, representative or belonging to the ChitramTV, hence malicious prosecution.

Furthermore, about *"Joint Proposed Discovery Plan"* the Defendant answer is same that right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

Sincerely,

DINESH VIGNESWARAN

| UNITED STATES DISTRICT COURT | United States Courts<br>SOUTHERN DISTRICT OF TEXAS<br>FILED |
|---|---|
| DISH Network L.L.C.,<br><br>    Plaintiff,<br><br>versus<br><br>Dinesh Vigneswaran, *et al.*,<br><br>    Defendants. | MAR 17 2022<br><br>Nathan Ochsner, Clerk of Court<br><br>Civil Action H-21-859 |

## Joint Proposed Discovery Plan

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiff DISH Network L.L.C ("Plaintiff") and Defendant Dinesh Vigneswaran ("Defendant"; Plaintiff and Defendant collectively referred to as the "Parties") respectfully submit this proposed discovery plan. Counsel for Plaintiff and Defendant conferred pursuant to Rule 26(f) on **December ___, 2021** via telephone to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, and to discuss their respective views on how discovery should proceed in this action. The Parties submit this Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f)(2).

1. **Fed. R. Civ. P. 26(f)(3)(A) – Initial Disclosures**

The Rule 26(a) disclosures shall be augmented as follows:

    A. The Parties will exchange their initial disclosures in full conformity with Fed. R. Civ. P. 26(a)(1)(A) on **December 22, 2021.**

    B. This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

2. **Fed. R. Civ. P. 26(f)(3)(B) – Timing and Subjects of Discovery**

    A. All discovery shall be completed by **August 5, 2022,** or as otherwise set forth in any order of this Court pursuant to Local Civil Rule 16(B). The Parties agree

that discovery should not be conducted in phases or limited to any particular issues.

  B. Plaintiff intends to conduct discovery on at least the following subjects:

    a. Design and operation of the Chitram service;

    b. Distribution of content on the Chitram service;

    c. Manufacture, distribution, and sale of Chitram set-top boxes and service subscriptions;

    d. Marketing of the Chitram service, set-top boxes and service subscriptions;

    e. Interactions with users of the Chitram service, set-top boxes, and service subscriptions;

    f. Interactions with resellers of the Chitram service, set-top boxes, and service subscriptions;

    g. Channels transmitted on the Chitram service;

    h. Rights claimed by Defendant or ChitramTV with respect to channels transmitted on the Chitram service, if any;

    i. Infringement notices regarding the Chitram service, set-top boxes, and service subscriptions;

    j. Profits relating to the Chitram service, set-top boxes, and service subscriptions;

    k. Financial transactions relating to the Chitram service, set-top boxes, and service subscriptions;

    l. Financial condition of Defendant; and

    m. Defendant's alleged infringement of Plaintiff's copyrights.

  C. Defendant intends to conduct discovery on at least the following subjects:

    a.

    b.

    c.

D.     The Parties will confer on a proposed protective order governing discovery, as necessary.

E.     Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure. Pursuant to the Court's Order for Conference of March 17, 2021, no interrogatories, requests for admission, or depositions may be done without court approval. (Dkt. 6.)

3.     **Fed. R. Civ. P. 26(f)(3)(C) – ESI**

A.     <u>General Document Format</u>. The Parties will produce documents, whether originating in electronic or hard copy format, as a PDF file on a DVD disk or thumb drive, or via a Workshare (i.e., Box.com, Drop Box, or Google Drive) or by other agreed electronic means, unless either party provides notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production. The Parties will then confer and agree on the proposed alternative format prior to the production of any material. When a document is produced, the producing party shall maintain a separate file as a native file, which will not be modified in any manner that changes the file.

B.     <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.     <u>Footer.</u> Each document image when possible shall contain a footer with the party or non-party's name and a sequentially ascending production number.

D.     <u>Native Files.</u> A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format by demonstrating a particularized need for such production, and upon receipt of

3

such a request, the producing party shall produce the document in its native format. Native files need not include a footer with the production number as specified above, but must be identified with a production number, which may include one production number applicable to an entire file as specified in the file name. If a producing party produces native files in a format not easily identifiable or accessible to a receiving party, the producing party must identify a publicly-available tool or program that can open the native file, or otherwise provide the receiving party with the means to access the native file. If the producing party desires to redact any content from the native file for privilege or protection as work product, then the producing party must indicate that the file was redacted and retain an original, unmodified file. The production of any document in native format must be done in a manner that preserves the integrity of the file.

    E.    <u>No Spoliation and Disagreement</u>. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

    **4.**    **Fed. R. Civ. P. 26(f)(3)(D) – Attorney-Client Privilege and Work Product**

    A.    The Parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created by or for a party's litigation counsel after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FRCP 26) need not be identified on any privilege log. The party responding to discovery shall provide a privilege log which include the identifying number of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion.

4

