| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DISH Network L.L.C., § § Plaintiff, § § Versus § § Dinesh Vigneswaran, et al., § § Defendant (Dinesh)s. § | Civil Action H-21-859 <br><br> United States Courts <br> Southern District of Texas <br> FILED <br><br> APR 19 2022 <br><br> Nathan Ochsner, Clerk of Court |

# Reply Plaintiff DISH Network L.L.C.'s First Set of Requests for Production and First Set of Interrogatories to Defendant Dinesh Vigneswaran

1. Defendant (Dinesh) objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendant (Dinesh) objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant (Dinesh) objects to each document request to the extent that it calls for production of a privilege log for internal documents of Defendant. A request for such a log is unreasonable and unduly burdensome in light of the governmental deliberative

process privilege, and other privileges protecting such internal documents from discovery.

4. Defendant (Dinesh) has already cooperatively provided all relevant information. After reviewing ROG's and REP's documents and questions, Plaintiff asking irrelevant questions not reasonably calculated to lead to the discovery of admissible evidence. Contrary to the above, still Defendant (Dinesh) explaining and drafting to clarify his position to the Plaintiff.

5. Plaintiff wrongful acquisition against Defendant by dropping or dispatching tones of letters through their hired investigating team at Defendant (Dinesh) door step. It is pertinently mentioned that not even a single acquisition against Defendant (Dinesh) is correct and subsequently burden of proof lies to the Plaintiff. Moreover not a single substantive piece of evidence produced by Plaintiff against Defendant (Dinesh); hence requisition of following:

   a. **March 16, 2021, Defendant (Dinesh) is materially contributing to and inducing direct copyright infringement.**
   Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

   b. **March 16, 2021, acquisition vested against Defendant as Reseller.**
   Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

   c. **March 16, 2021, acquisition vested against Defendant Server owner:**
   Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

    d.    **March 16, 2021, acquisition vested against Defendant as ChitramTV Canada business owner.**

Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

    e.    **March 16, 2021, acquisition vested against Defendant as Website owner.**

Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

    f.    **March 3, 2022, acquisition vested against Defendant as assisting sales in Texas.**

Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

    g.    **March 16, 2021, acquisition vested against Defendant as Us manager:**

Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

    h.    **November 6th, 2021 December 16th, 2021 January 8th, 2022, Notice of infringements sent against Defendant.**

Plaintiff fails to produce evidence, hereby requesting substantive evidence or proof.

6. Defendant (Dinesh) already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (Dinesh); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Defendant (Dinesh) shall identify such transactions if requested.

7. It is pertinently mentioned here that Defendant (Dinesh) was employed under the Canadian employment law by Lyca group ("LYCATEL") as the Head of operations. Defendant (Dinesh) pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant (Dinesh) to promote their product in North America. Defendant (Dinesh) was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant (Dinesh) career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant (Dinesh) sold the Lyca ("LYCATEL") service started to hold Defendant (Dinesh) accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant (Dinesh) again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant (Dinesh) from Chitram TV. Arav Sai offered Defendant (Dinesh) to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant (Dinesh) to pay for the services so Defendant (Dinesh) paid and took a sum amount of services so Defendant (Dinesh) could tackle with his family members and friends. The promise between Arav Sai and Defendant (Dinesh) was, upon the renewal of these customers. Defendant (Dinesh) will be reimbursed with*

> *the initial payment which Defendant (Dinesh) made. So as planned renewals came and Defendant (Dinesh) requested Arav Sai to start reimburse Defendant (Dinesh) payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant (Dinesh) to open a PayPal account. So Defendant (Dinesh) opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant (Dinesh) as well as local pickup in meet up location in Canada to recover Defendant (Dinesh) upfront funds. Defendant (Dinesh) was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Defendant (Dinesh) was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant (Dinesh) current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant (Dinesh) was used by Arav Sai for his personal gain but fact of matter is that the Defendant (Dinesh) was also in financial crises, the Defendant (Dinesh) denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant (Dinesh) is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant (Dinesh) are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

8. That it is an establish fact right from the day one that Defendant (Dinesh) was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". Since then, Plaintiff law firm wrongfully accusing Defendant (Dinesh) for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV, furthermore claiming DishTV has rights for them. Defendant (Dinesh) categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost satisfaction of court once against stated on oath that he is/was nor

representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV.

9. On March 10th 2022 conference, the honourable Judge inquire from Defendant (Dinesh) about his prior employer LycaTV and its legal status. The fact of the matter is that Defendant (Dinesh) till date had no idea about legal status of LycaTV; due to employee limitation of access to such legal documents which confirmed legitimacy. Infect, Defendant always believe that LycaTV was a legal organization possesses legal authority, right to sell, advertise or market their product to the customer. Furthermore, Defendant (Dinesh) had perception that LycaTV was a billion-dollar legal organization. Later ChitramTV contact Arav Sai portrait ChitramTV as a legitimate company and had reserved rights to sell their product to USA/Canada. As for now DishTV claim is not different from LycaTV and ChitramTV. That the Defendant (Dinesh) is being prosecuted by the Plaintiff, it is a rightful demand by the Defendant (Dinesh) that Plaintiff shall come with the clean hand by producing legal copyright certification by local authorities to establish fact that they are legitimate company to televised 100 plus Indian channels in all the states of America.

10. Furthermore, upon generating an inquiry from customer support service ("CSS") of DishTV, Defendant (Dinesh) comes to know that DishTV is telecasting (100) channels LIVE. This brings a sign of concern for Defendant (Dinesh) that how DishTV is censoring glamour, violence/blood scenes etc. Moreover, Defendant (Dinesh) wonders that how Plaintiff bypass Federal Communications Commission (FCC) 1934, regulation in USA? Subjectively Plaintiff only can provided 10 channels legitimately but more than 100 Indian channels are listed by Plaintiff (DishTV). Therefore, Defendant rightfully requesting to provide copyright and censorship list of all programmes for all the States in America. Channels listed information obtained from Plaintiff (DishTV) website as follows:

**Hindi channels**

| AAJ TAK | Aastha | Sahara Samay | Zee Business |

### Hindi channels

| | | | |
|---|---|---|---|
| Aapka Colors HD | MTV Hindi | SET Max | Zee Cinema |
| B4U Movies | NDTV 24*7 | SonyEntertainment Television HD | Zee Smile |
| B4U Music | NDTV Good Times | Sony Mix | Zee TV HD |
| Big Magic | News18 India | | Zing |
| Food Food | Rishtey | Times Now | Zoom |
| Halla Bol | Rishtey Cineplex | TV Asia HD | Set HD |
| India Today | SAB | | ZEE TV HD |
| Life OK | Sahara One | | TV9 GUJARATI |
| Aastha bhajan | Saanskar | jusHindi | |

### Tamil

Adithya    j movies   jaya max    jaya plus   jaya tv    KTV sun music    sun tv

### Bangla

ATN bangla    colors bangla    maasranga television    NTC bangla    Willow cricket    Zee Bangla

### Kannada

Colors kannada    zee kannada    uthya tv

### Malayalam

Kairali tv    mazhavil manorama    Sura Movies    Surya Television

### Marathi

Aastha    colors Marathi    Zee Marathi

### Punjabi

9x tashan    alpha ETC Punjabi    jus 24/7 comedy    jus one    JHS Punjabi    MH1    PTC Chak De
PTC News    PTC Punjabi

### Telugu

Zee Telugu Aastha   Gemini Comedy   Gemini TV   Gemini Movies   TV5 News   Zee Cinemalu

11. That the requisition made by the Plaintiff in the said matter is being entertained more than a year now by the Defendant (Dinesh). Plaintiff falsely and malafidely ridiculing Defendant's (Dinesh) reputation by adding his name all over the web and clearly stating that "Defendant (Dinesh) is with ChitramTV", hence false defamatory statement imputed a crime punishable by law.

12. That the Defendant numerous times requested evidentiary proof of allegations that Plaintiff vested against the Defendant but Plaintiff pertinently fails to justify his claim. Under such circumstances Defendant hereby shall be non-cooperative in the said matter until and unless Plaintiff clarifies his position by providing following requisitions before April 10, 2022:
    a. the copyright notices/certificate for all programmes alongside censorship license for 100+ Indian channels of DishTV from local authority of United States;
    b. Copy of contract between DishTV and Plaintiff law firm to determine that DishTV is behind said case and hold responsible;
    c. Copy of legal contract between DishTV and all above mentioned 100 plus Indian channels;
    d. Copy of contract for 100 plus above mentioned channels and the US local authority to televise their channels under the regulation all USA including Federal Communications Commission (FCC) 1934, regulation licence from the Ministry for Information & Broadcasting along with a copy of censorship notice;
    e. Copy of contract from the local authority in Pakistan and Indian for above mentioned 100 plus channels to establish that the channels meet local authority guidelines including censor and broadcasting documents.

13. Defendant (Dinesh) shall definitely bring this matter to the media that include digital media alongside Plaintiff firm name. Defendant (Dinesh) is been wrongfully baseless, malafide, ill-willed with intent to justify Plaintiff personal vendetta and maliciously

forcing unlawful acquisitions towards an ordinary citizen who is not even under the same jurisdiction or country.

14. Defendant (Dinesh) once again denying all the said allegations, had no information concerning to ChitramTV and Chitram.tv (collectively "ChitramTV"). Dinesh is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Defendant (Dinesh) have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

15. Defendant (Dinesh) has no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

16. Your Lordship, it is being submitted once again that the Defendant (Dinesh) is an innocent and law abiding person of the country. Defendant (Dinesh) works for the betterment and survival for his family. Plaintiff has no cause of action and no legal jurisdiction to sue in the Honorable Court. Not a single legal evidence, record or instrument was produced in front of this honorable court which distinguishes Defendant (Dinesh) ownership, technical expertise, representative or belonging to the Chitram.

17. Aforementioned Defendant (Dinesh), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

18. That the said Court has no jurisdiction to trial against Dinesh under Rule(k)(2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the Dinesh residing in Toronto, Ontario, Canada.

19. The Defendant (Dinesh) is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States, including in the State of Texas.

20. Defendant (Dinesh) right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

## **PRAYER**

The Defendant (Dinesh) (Dinesh), therefore, prays that:

1. That the plaintiff is searching for the wrong person because Defendant (Dinesh) (Dinesh) has no ownership, technical expertise, representative or belonging to the ChitramTV and also no cause of action to sue in the Honorable Court and suit be dismissed with the costs.

2. That the Plaintiff is not entitled for any relief and the suit be dismissed.

3. Meanwhile Defendant (Dinesh) (Dinesh) will be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

*signature*

**DINESH VIGNESWARAN**

Dated on the 7th of April, 2022