Case 4:21-cv-00859 Document 58 Filed on 04/29/22 in TXSD Page 1 of 6

United States Courts
Southern District of Texas
FILED

*April 29, 2022*

Nathan Ochsner, Clerk of Court

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

DISH Network L.L.C., §
　　　　　　　　　　　§
　　　Plaintiff, §
　　　　　　　　　　　§　　Civil Action H-21-859
Versus §
　　　　　　　　　　　§
Dinesh Vigneswaran, et al., §
　　　　　　　　　　　§
　　　Defendant (Dinesh)s. §

# RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT DINESH VIGNESWARAN

## RESPONSE TO INTERROGATORY NO 1:

Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (Dinesh); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Defendant (Dinesh) shall identify such transactions if requested. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the Head of operations. Defendant (Dinesh) pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant*

(Dinesh) to promote their product in North America. Defendant (Dinesh) was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant (Dinesh) career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant (Dinesh) sold the Lyca ("LYCATEL") service started to hold Defendant (Dinesh) accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant (Dinesh) again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant (Dinesh) from Chitram TV. Arav Sai offered Defendant (Dinesh) to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant (Dinesh) to pay for the services so Defendant (Dinesh) paid and took a sum amount of services so Defendant (Dinesh) could tackle with his family members and friends. The promise between Arav Sai and Defendant (Dinesh) was, upon the renewal of these customers. Defendant (Dinesh) will be reimbursed with the initial payment which Defendant (Dinesh) made. So as planned renewals came and Defendant (Dinesh) requested Arav Sai to start reimburse Defendant (Dinesh) payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant (Dinesh) to open a PayPal account. So Defendant (Dinesh) opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant (Dinesh) as well as local pickup in meet up location in Canada to recover Defendant (Dinesh) upfront funds. Defendant (Dinesh) was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Defendant (Dinesh) was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant (Dinesh) current

*career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant (Dinesh) was used by Arav Sai for his personal gain but fact of matter is that the Defendant (Dinesh) was also in financial crises, the Defendant (Dinesh) denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant (Dinesh) is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant (Dinesh) are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

### RESPONSE TO INTERROGATORY NO 2:

Defendant objects to each request to the extent that had no information concerning to ChitramTV and Chitram.tv. Defendant is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Defendant have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

### RESPONSE TO INTERROGATORY NO 3:

Defendant objects once again to each request to the extent that had no information concerning to ChitramTV and Chitram.tv. Defendant is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Defendant have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

### RESPONSE TO INTERROGATORY NO 4:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

### RESPONSE TO INTERROGATORY NO 5:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent that it calls for the disclosure of information outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned.

### RESPONSE TO INTERROGATORY NO 5:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

### RESPONSE TO INTERROGATORY NO 6:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

### RESPONSE TO INTERROGATORY NO 7:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

### RESPONSE TO INTERROGATORY NO 8:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

**RESPONSE TO INTERROGATORY NO 9:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States.

**RESPONSE TO INTERROGATORY NO 10:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO INTERROGATORY NO 11:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

**RESPONSE TO INTERROGATORY NO 12:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

**RESPONSE TO INTERROGATORY NO 13:**

Defendant objects to each request to the extent that it is an establish fact right from the day one that Defendant was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". Since then, Plaintiff wrongfully accusing Defendant for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV, furthermore claiming DishTV has rights for them. Defendant categorically denies

such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV.

**RESPONSE TO INTERROGATORY NO 14:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

**RESPONSE TO INTERROGATORY NO 15:**

Defendant objects to each request to the extent that the said Court has no jurisdiction to trial against Dinesh under Rule (k) (2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the Dinesh residing in Toronto, Ontario, Canada.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 13th of April, 2022

_____
**DINESH VIGNESWARAN**