| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| | |
|---|---|
| DISH Network L.L.C., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action H-21-859 |
| Versus § | |
| § | |
| Dinesh Vigneswaran, et al., § | |
| § | |
| Defendant (Dinesh)s. § | |

United States Courts
Southern District of Texas
FILED

APR 29 2022

Nathan Ochsner, Clerk of Court

# RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANT DINESH VIGNESWARAN

## REQUESTS FOR PRODUCTION

### RESPONSE TO REQUEST FOR PRODUCTION 1:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

### RESPONSE TO REQUEST FOR PRODUCTION 2:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**RESPONSE TO REQUEST FOR PRODUCTION 4:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the Head of operations. Defendant pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant (Dinesh) to promote their product in North America. Defendant (Dinesh) was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant (Dinesh) career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant (Dinesh) sold the Lyca ("LYCATEL") service started to hold Defendant (Dinesh) accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant (Dinesh) again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant (Dinesh) from Chitram TV. Arav Sai offered Defendant (Dinesh) to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant (Dinesh) to pay for the services so Defendant (Dinesh) paid and took a sum amount of services so Defendant (Dinesh) could tackle with his family members and friends. The promise between Arav Sai and Defendant (Dinesh) was, upon the renewal of these customers. Defendant (Dinesh) will be reimbursed with the initial payment which Defendant (Dinesh) made. So as planned renewals came and Defendant (Dinesh) requested Arav Sai to start reimburse Defendant (Dinesh) payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant (Dinesh) to open a PayPal account. So Defendant (Dinesh) opened a private PayPal account. Arav

> *Sai said he will make few of his contacts in USA to pay Defendant (Dinesh) as well as local pickup in meet up location in Canada to recover Defendant (Dinesh) upfront funds. Defendant (Dinesh) was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Defendant (Dinesh) was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant (Dinesh) current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant (Dinesh) was used by Arav Sai for his personal gain but fact of matter is that the Defendant (Dinesh) was also in financial crises, the Defendant (Dinesh) denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant (Dinesh) is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant (Dinesh) are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

**RESPONSE TO REQUEST FOR PRODUCTION 8:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. That it is an establish fact right from the day one that Defendant was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can provide requested information on the behalf of the ChitramTV.

**RESPONSE TO REQUEST FOR PRODUCTION 9:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. That it is an establish fact right from the day one that Defendant was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". For the utmost satisfaction of court once against stated on

oath that he is/was nor representative, agent, owner or any lawful individual who can provide requested information on the behalf of the ChitramTV.

### RESPONSE TO REQUEST FOR PRODUCTION 10:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

### RESPONSE TO REQUEST FOR PRODUCTION 11:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

### RESPONSE TO REQUEST FOR PRODUCTION 12:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

### RESPONSE TO REQUEST FOR PRODUCTION 13:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

### RESPONSE TO REQUEST FOR PRODUCTION 14:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

### RESPONSE TO REQUEST FOR PRODUCTION 15:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 16:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 17:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 18:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 19:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 22:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 23:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 24:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 25:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 26:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 27:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 28:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 29:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 30:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 31:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 32:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 33:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 34:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 35:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 36:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 37:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 38:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 39:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 40:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 41:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 42:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 43:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 44:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 45:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 46:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 47:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 48:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 49:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 50:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 51:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 52:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 53:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 54:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 55:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 56:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 57:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 58:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 59:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 60:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 61:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**RESPONSE TO REQUEST FOR PRODUCTION 62:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

## RESPONSE TO REQUEST FOR PRODUCTION 63:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

## RESPONSE TO REQUEST FOR PRODUCTION 64:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

## RESPONSE TO REQUEST FOR PRODUCTION 65:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

## RESPONSE TO REQUEST FOR PRODUCTION 66:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

## RESPONSE TO REQUEST FOR PRODUCTION 67:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

## RESPONSE TO REQUEST FOR PRODUCTION 68:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant is an individual not company.

**RESPONSE TO REQUEST FOR PRODUCTION 69:**

Defendant objects to each request to the extent that it seeks confidential or personal information from Respondent.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 13th of April, 2022

**DINESH VIGNESWARAN**