June 13, 2022

**VIA Email & International Registered Mail**

United States Courts
Southern District of Texas
**F I L E D**

JUN 2 7 2022

Nathan Ochsner, Clerk of Court

HAGAN NOLL & BOYLE LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, Texas 77024

Tel: 713.343.0478

Fax: 713.758.0146

www.hnbllc.com

> Re:   *DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-*
> *00859  (S.D. Tex.)*

Dear Stephen M. Ferguson,

I write concerning your responses to Dinesh Vigneswaran ("DINESH") by DISH Network

L.L.C.'s ("DISH") first set of interrogatories and first set of requests for production that was

provided on April 22, 2022, produced all available information, documents, and provided initial

disclosures on Feb 3, 2022 as required by the Federal Rules of Civil Procedure.

I.   **DISH's First Set of Requests for Production**

Defendant ("Dinesh") has already cooperatively provided all relevant information. After

reviewing ROG's and REP's documents and questions, Plaintiff asking irrelevant

questions not reasonably calculated to lead to the discovery of admissible evidence.

Contrary to the above, still Defendant (Dinesh) explaining and drafting to clarify his

position to the Plaintiff.

Plaintiff ("DISH") wrongful acquisition against Defendant ("Dinesh"), by dropping and dispatching tones of letters through their hired investigating team at Defendant ("Dinesh") door step. It is pertinently mentioned that not even a single acquisition against Defendant ("Dinesh") is correct and subsequently burden of proof lies to the Plaintiff ("DISH"). Moreover not a single substantive piece of evidence produced by Plaintiff ("DISH") against Defendant ("Dinesh"); hence requisition of following:

a. **March 16, 2021, Defendant ("DINESH") is materially contributing to and inducing direct copyright infringement.**
   Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

b. **March 16, 2021, acquisition vested against Defendant ("DINESH") as Reseller.**
   Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

c. **March 16, 2021, acquisition vested against Defendant ("DINESH") Server owner:**
   Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

d. **March 16, 2021, acquisition vested against Defendant ("DINESH") as ChitramTV ("CHITRAM") Canada business owner.**
   Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

e. **March 16, 2021, acquisition vested against Defendant ("DINESH") as Website owner.**

Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

f.   **March 3, 2022, acquisition vested against Defendant ("DINESH") as assisting sales in Texas.**
Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

g.   **March 16, 2021, acquisition vested against Defendant ("DINESH") as Us manager:**
Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

h.   **November 6th, 2021 December 16th, 2021 January 8th, 2022, Notice of infringements sent against Defendant ("DINESH").**
Plaintiff ("DISH") fails to produce evidence, hereby requesting substantive evidence or proof.

Defendant ("DINESH") already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant ("DINESH"); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff ("DISH") would have already noticed. Defendant ("DINESH") shall identify such transactions if requested.

It is pertinently mentioned here that Defendant ("DINESH") was employed under the Canadian employment law by Lyca group ("LYCA") as the Head of operations. Defendant ("DINESH") pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

*"Defendant ("DINESH") has been working for a well-known company Lycatel ("LYCA") since 2016. Defendant ("DINESH") was the head of sales for their product "Lyca TV". Defendant ("DINESH") use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV ("CHITRAM") representative Arav Sai ("ARAV") was one of them who asked Defendant ("DINESH") to promote their product in North America. Defendant ("DINESH") was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant ("DINESH") career Lycatel ("LYCA") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCA") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant ("DINESH") sold the Lyca ("LYCA") service started to hold Defendant ("DINESH") accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant ("DINESH") again. This time Arav Sai ("ARAV") used this number +1-585-326-6085. While having a formal introduction with ARAV he mentioned that he knew about the situation of Lyca TV ("LYCA") and he would have a solution for Defendant ("DINESH") from Chitram TV. Arav Sai offered Defendant ("DINESH") to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon renewal of their service. So initially they told Defendant ("DINESH")) to pay for the services so Defendant ("DINESH") paid and took a sum amount of services so Defendant ("DINESH") could tackle with his family members and friends. The promise between Arav Sai ("ARAV") and Defendant ("DINESH") was, upon the renewal of these customers. Defendant ("DINESH") will be reimbursed with the initial payment which Defendant ("DINESH") made. So as planned renewals came and*

*Defendant ("DINESH") requested Arav Sai ("ARAV") to start reimburse Defendant ("DINESH") payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant ("DINESH") to open a PayPal account. So Defendant ("DINESH") opened a private PayPal account. Arav Sai ("ARAV") said he will make few of his contacts in USA to pay Defendant ("DINESH") as well as local pickup in meet up location in Canada to recover Defendant ("DINESH") upfront funds. Defendant ("DINESH") was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant ("DINESH") current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant ("DINESH") was used by Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant ("DINESH") is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant ("DINESH") are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH") categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost

satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff ("DISH") law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels ("PAKISTANI") programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH") categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff ("DISH"). For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

On March 10th 2022 conference, the honourable Judge inquire from Defendant ("DINESH") about his prior employer LycaTV ("LYCA") and its legal status. The fact of the matter is that Defendant ("DINESH") till date had no idea about legal status of LycaTV ("LYCA"); due to employee limitation of access to such legal documents which confirmed legitimacy. Infect, Defendant ("DINESH") always believe that LycaTV ("LYCA") was a legal organization possesses legal authority, right to sell, advertise or market their product to the customer. Furthermore, Defendant ("DINESH") had perception that LycaTV ("LYCA") was a billion-dollar legal organization. Later ChitramTV ("CHITRAM") contact Arav Sai ("ARAV") portrait ChitramTV ("CHITRAM") as a legitimate company and had reserved rights to sell their product to USA/Canada. As for now DishTV ("DISH") claim is not different from LycaTV ("LYCA") and ChitramTV ("CHITRAM"). That the Defendant ("DINESH") is being prosecuted by the Plaintiff ("DISH"), it is a rightful demand by the Defendant ("DINESH") that Plaintiff ("DISH") shall come with the clean hand by

producing legal copyright certification by local authorities to establish fact that they are legitimate company to televised 100 plus Indian channels in all the states of America.

That the requisition made by the Plaintiff ("DISH") in the said matter is being entertained more than a year now by the Defendant ("DINESH"). Plaintiff falsely and malafidely ridiculing Defendant's ("DINESH") reputation by adding his name all over the web and clearly stating that "Defendant (Dinesh) is with ChitramTV ("CHITRAM")", hence false defamatory statement imputed a crime punishable by law.

II.   **DISH's First Set of Interrogatories**

DINSEH replied provided first set of interrogatories by DISH on March 10, 2022, including 15 interrogatories answered accordingly. DINESH produced all available information, documents, and provided initial disclosures on Feb 3, 2022 as required by the Federal Rules of Civil Procedure and by Rule 33 of the Federal Rules of Civil Procedure.

DINESH Original Reply provided on April 7, 2022, absolutely comply with Rule 33 (b)(3) because each interrogatory was answered separately and fully. DINESH general objections and denials included in his Original Reply do comply with Rule 34 (b) (3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

On April 11, 2022, DISH sent DINESH correspondence concerning his proper Original Reply to DISH's first set of interrogatories. On April 22, 2022, DINESH provided supplemental responses to DISH's first set of interrogatories. DINESH supplemental response was comply with Rule 33 (b)(3) because each interrogatory was properly answered separately and fully, and did comply with Rule 34 (b)(3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

DINESH supplemental responses continue comprehensive for the following reasons:

**Response to Interrogatory 1:**

Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (DINESH); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Defendant (DINESH) shall identify such transaction if requested. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the head of operations. Defendant (DINESH) pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

You failed to identify all facts and circumstances concerning your creation and use of the PayPal account identified in Exhibit 1. You must identify all facts and circumstances concerning your creation and use of this PayPal account, including:

- You created the account on April 16, 2018;
- You created the account in your name, DINESH Vigneswaran;
- You created the account with your date of birth, December 12, 1983;
- You identified the word CHITRAMTVCA for the credit card statement;
- You received $152,337.92 USD with the account;
- Your email address associated with the account was chitramtvcanada@outlook.com;
- Your phone number associated with the account was 647-262-8404;
- You accessed the account using the IP addresses listed in Exhibit 1, pages 3-6;
- Your CIBC checking account with last four digits of 7531 was used with the account;
- Your CIBC checking account with last four digits of 3988 was used with the account;

- Your CIBC checking account with last four digits of 3515 was used with the account; and
- Identifying all transactions listed in Exhibit 1, pages 8-28 concerning sales for the Chitram Box, Chitram Subscriptions, and Chitram Service.

**Reiterated Response to Interrogatory 1:**

Defendant ("DINESH") already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant ("DINESH"); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff ("DISH") would have already noticed. Defendant ("DINESH") shall identify such transactions if requested.

It is pertinently mentioned here that Defendant ("DINESH") was employed under the Canadian employment law by Lyca group ("LYCA") as the Head of operations. Defendant ("DINESH") pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant ("DINESH") has been working for a well-known company Lycatel ("LYCA") since 2016. Defendant ("DINESH") was the head of sales for their product "Lyca TV". Defendant ("DINESH") use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (DINESH) at the booth requesting help to promote their product in North America. The Chitram TV ("CHITRAM") representative Arav Sai ("ARAV") was one of them who asked Defendant ("DINESH") to promote their product in North America. Defendant ("DINESH") was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant ("DINESH") career Lycatel ("LYCA") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for*

*refund. Lyca ("LYCA") failed to act/compensate these clients. Out of these customers Defendant (DINESH) friends and family whom Defendant ("DINESH") sold the Lyca ("LYCA") service started to hold Defendant ("DINESH") accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant ("DINESH") again. This time Arav Sai ("ARAV") used this number +1-585-326-6085. While having a formal introduction with ARAV he mentioned that he knew about the situation of Lyca TV ("LYCA") and he would have a solution for Defendant ("DINESH") from Chitram TV. Arav Sai offered Defendant ("DINESH") to give their services at a cheaper price so that the Defendant (DINESH) could compensate the irate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon renewal of their service. So initially they told Defendant ("DINESH")) to pay for the services so Defendant ("DINESH") paid and took a sum amount of services so Defendant ("DINESH") could tackle with his family members and friends. The promise between Arav Sai ("ARAV") and Defendant ("DINESH") was, upon the renewal of these customers. Defendant ("DINESH") will be reimbursed with the initial payment which Defendant ("DINESH") made. So as planned renewals came and Defendant ("DINESH") requested Arav Sai ("ARAV") to start reimburse Defendant ("DINESH") payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant ("DINESH") to open a PayPal account. So Defendant ("DINESH") opened a private PayPal account. Arav Sai ("ARAV") said he will make few of his contacts in USA to pay Defendant ("DINESH") as well as local pickup in meet up location in Canada to recover Defendant ("DINESH") upfront funds. Defendant ("DINESH") was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant ("DINESH") current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant ("DINESH") was used by*

*Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant ("DINESH") is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant ("DINESH") are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH") categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff ("DISH") law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels ("PAKISTANI") programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH") categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff

("DISH"). For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

On March 10th 2022 conference, the honourable Judge inquire from Defendant ("DINESH") about his prior employer LycaTV ("LYCA") and its legal status. The fact of the matter is that Defendant ("DINESH") till date had no idea about legal status of LycaTV ("LYCA"); due to employee limitation of access to such legal documents which confirmed legitimacy. Infect, Defendant ("DINESH") always believe that LycaTV ("LYCA") was a legal organization possesses legal authority, right to sell, advertise or market their product to the customer. Furthermore, Defendant ("DINESH") had perception that LycaTV ("LYCA") was a billion-dollar legal organization. Later ChitramTV ("CHITRAM") contact Arav Sai ("ARAV") portrait ChitramTV ("CHITRAM") as a legitimate company and had reserved rights to sell their product to USA/Canada. As for now DishTV ("DISH") claim is not different from LycaTV ("LYCA") and ChitramTV ("CHITRAM"). That the Defendant ("DINESH") is being prosecuted by the Plaintiff ("DISH"), it is a rightful demand by the Defendant ("DINESH") that Plaintiff ("DISH") shall come with the clean hand by producing legal copyright certification by local authorities to establish fact that they are legitimate company to televised 100 plus Indian channels in all the states of America.

That the requisition made by the Plaintiff ("DISH") in the said matter is being entertained more than a year now by the Defendant ("DINESH"). Plaintiff falsely and malafidely ridiculing Defendant's ("DINESH") reputation by adding his name all over the web and clearly stating that "Defendant (DINESH) is with ChitramTV ("CHITRAM")", hence false defamatory statement imputed a crime punishable by law.

**Interrogatory 4:** State your monthly and annual unit and dollar sales for the Chitram Box, Chitram Subscription, and Chitram Service for each of the following geographic areas: State of Texas, United States, worldwide.

**Reiterated Response to Interrogatory 4:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 7:** Describe each advertising campaign for the Chitram Box, Chitram Subscription, or Chitram Service that was made or sponsored by you, either in whole or in part, including but not limited to print ads, email ads and solicitations, websites, apps, search engine ads, and search engine optimization (SEO) work, identifying the start and end date for each campaign, the audience and geographic location to which the ads and SEO were targeted, and the cost of each campaign on a monthly basis.

**Reiterated Response to Interrogatory 7:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 8:** Describe the relationship between you and ChitramTV at any time, including (1) identifying all products you have ever sold that were obtained from ChitramTV; (2) describing all marketing and advertising campaigns concerning the Chitram Box, Chitram Subscription, or Chitram Service made or sponsored by ChitramTV, either in whole or in part; and (3) describing the parties' respective

responsibilities for customer service and technological support, streaming service operations, and streaming service customer subscription activation and deactivation for the Chitram Service.

**Reiterated Response to Interrogatory 8:**

It is pertinently mentioned here that Defendant ("DINESH") was employed under the Canadian employment law by Lyca group ("LYCA") as the Head of operations. Defendant ("DINESH") pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant ("DINESH") has been working for a well-known company Lycatel ("LYCA") since 2016. Defendant ("DINESH") was the head of sales for their product "Lyca TV". Defendant ("DINESH") use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (DINESH) at the booth requesting help to promote their product in North America. The Chitram TV ("CHITRAM") representative Arav Sai ("ARAV") was one of them who asked Defendant ("DINESH") to promote their product in North America. Defendant ("DINESH") was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant ("DINESH") career Lycatel ("LYCA") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCA") failed to act/compensate these clients. Out of these customers Defendant (DINESH) friends and family whom Defendant ("DINESH") sold the Lyca ("LYCA") service started to hold Defendant ("DINESH") accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant ("DINESH") again. This time Arav Sai ("ARAV") used this number +1-585-326-6085. While having a formal introduction with ARAV he mentioned that he knew about the situation of Lyca TV ("LYCA") and he would have a solution for Defendant ("DINESH") from Chitram TV. Arav Sai offered Defendant ("DINESH") to*

*give their services at a cheaper price so that the Defendant (DINESH) could compensate the irate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon renewal of their service. So initially they told Defendant ("DINESH")) to pay for the services so Defendant ("DINESH") paid and took a sum amount of services so Defendant ("DINESH") could tackle with his family members and friends. The promise between Arav Sai ("ARAV") and Defendant ("DINESH") was, upon the renewal of these customers. Defendant ("DINESH") will be reimbursed with the initial payment which Defendant ("DINESH") made. So as planned renewals came and Defendant ("DINESH") requested Arav Sai ("ARAV") to start reimburse Defendant ("DINESH") payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant ("DINESH") to open a PayPal account. So Defendant ("DINESH") opened a private PayPal account. Arav Sai ("ARAV") said he will make few of his contacts in USA to pay Defendant ("DINESH") as well as local pickup in meet up location in Canada to recover Defendant ("DINESH") upfront funds. Defendant ("DINESH") was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant ("DINESH") current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant ("DINESH") was used by Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant ("DINESH") is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant ("DINESH") are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH") categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 11:** State whether you were responsible for designing, creating, registering, or operating the website www.chitram.ca, at any time. In the event you claim you were not responsible for designing, creating, registering, or operating www.chitram.ca, state that was so responsible.

**Reiterated Response to Interrogatory 11:**

Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 12:** Identify the name, address and account number of each of your financial accounts, including but not limited to banks, PayPal, Amazon payments,

WeChat Wallet, and cryptocurrency exchanges and any cryptocurrency wallets you possess or control.

**Reiterated Response to Interrogatory 12:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Response to Interrogatories 4, 7-8, 11-12:** Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant object to each request to the extent it requires Defendant to provide information that may be obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

**Reiterated Response to Interrogatory 4,7-8,11-12:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 5:** Identify each meeting and verbal communication at which you were present or participated and at which there was any discussion concerning distributing

the Chitram Box, Chitram Subscription, or Chitram Service to the United States as a whole or to any individual state or at which there was any discussion concerning making the Protected Channels available on the Chitram Service in the United States, stating the substance of such discussion(s) as verbatim as possible.

**Response to Interrogatory 5:** Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant objects to each request to the extent that it calls for the disclosure of information outside of the scope of the time, place, subject matter, and circumstances of the occurrences mentioned.

**Reiterated Response to Interrogatory 5:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 6:** Identify each communication that you received asking you to stop transmitting or providing access to a channel or program or cease distributing, selling, and promoting the Chitram Box, Chitram Subscription, or Chitram Service in the United States, specifying any inquiry or investigation undertaken by you and any response taken by you.

**Interrogatory 10:** Describe the relationship between you and your United States customers and resellers concerning the Chitram Box, Chitram Subscription, or Chitram

Service, including (1) identifying each customer and reseller; (2) stating the number of Chitram Boxes or Chitram Subscriptions each customer or reseller obtained from you on a monthly basis; (3) describing the compensation model for each sale of the Chitram Box or Chitram Subscription (i.e. did your customers and resellers purchase the Chitaram Box or Chitram Subscription from you or did you get paid only after your customers and resellers resold the Chitram Box or Chitram Subscription?); (4) describing all joint marketing and advertising campaigns; and (5) describing the parties' respective responsibilities for customer and technological support, including responsibility for streaming service customer subscription activation and deactivation.

**Response to Interrogatories 6, 10:** Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully.

**Reiterated Response to Interrogatory 6, 10:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

**Interrogatory 9:** Describe all efforts by you to ensure that the Protected Channels were not transmitted on the Chitram Service and to disable the Chitram Box or Chitram Subscriptions you distributed to persons and entities in the United States.

**Response to Interrogatory 9:** Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Furthermore, Defendant is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States.

**Reiterated Response to Interrogatory 9:**

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. Defendant objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Furthermore, Defendant for the utmost satisfaction of court once against reiterated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent or answer on the behalf of the ChitramTV ("CHITRAM").

III.   **Initial Disclosures**

On or about February 3, 2022, DINESH signed a document tiled Defendant Dinesh Vigneswaran's Initial Disclosures ("Initial Disclosures"). (Dkt. 47.) DINESH Initial Disclosures are absolutely comply with Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires you to provide the following:

The following may be used to support DINESH's claims:

DINESH never contacted NagraStar LLc / Gregory Duval, Achour Meddeb (collectively "Nagrastar") at 90 Inverness Circle East, Englewood, Colorado 80112, Telephone: (303) 706-5700. DINESH never perform any distribution, sale, and promotion of Chitram set-

top boxes and services; nor perform alledged operation of the Chitram set-top box and srevies, including the servers, streaming technology, and content delivery network services supporting same; nor perform monitoring of the Chitram service and identification of channel URLs; nor perform channels and programs in which the Chitram service provides access; hence denied alleged infringement and third-parties concerning the Chitram service.

DINESH never been in contact with ARY Digital USA LLC / ARY Digital UK Ltd. / Muhammad Bawany (Collectively "ARY") at the said address 65 North Acton Road, London NW106PJ, Telephone: 020-8838-6300; never commit alleged violation of said exclusive rights ;hence denied.

DINESH never contacted B4U U.S., Inc. / Kevin Rago (collectively "B4U") at 1099 Wall Street, Suite 355, West Lyndhurst, New Jersey 07071, Telephone: 201-964-1000; never commit alleged violation of said exclusive rights ;hence denied.

DINESH never been in contact with Bennett, Coleman & Company Ltd. / Manish Wadkar (collectively "BCC") at Trade Garden, Kamala Mills Compound, Senapati Bapat Marg., Lower Parel (West), Mumbai 400013 India, Telephone: 91-22-24999944;  never commit alleged violation of said exclusive rights ;hence denied.

DINESH never been in contact with Geo USA Holdings, Inc. d/b/a Geo USA, L.L.C. / Baseem Baig Chagtai (collectively "Geo") at 440 9th Avenue, Suite 34, 8th Floor, New York, NY 10001, Telephone: 44-207-484-5142;  never commit alleged violation of said exclusive rights ;hence denied.

DINESH never been in contact with Hum Network Ltd. / Hassan Jaweed Ahmed (collectively "Hum") at HUM TV, Plot #10/11 Hassan Ali Street, Off. I.I. Chundrigar Road,

Karachi — 74000, Pakistan, Telephone: 92-21-111-486-111; never commit alleged violation of said exclusive rights; hence denied.

DINESH never been in contact with MSM Asia Ltd. / Ritesh Khosla (collectively "MSM") at Building One Six Six, Third Floor, 166 College Road, Harrow, Middlesex, HA1 1BH, England, United Kingdom, Telephone: 44-845-671-1001; never commit alleged violation of said exclusive rights; hence denied.

DINESH never been in contact with National Communication Services (SMC-Pvt.) Ltd. / Mohsin Mukhtar (collectively "NCS")) at 8-A Abbot Road, Lahore, Pakistan, Telephone: 042-111-1-38692; never commit alleged violation of said exclusive rights; hence denied.

DINESH never been in contact with Television Media Network (Pvt) Ltd / Imran Ansari (collectively "Television Media") at Plot No. 5, Expressway, Off Korangi Road, Karachi, Pakistan, Telephone: 92-21-35800051; never commit alleged violation of said exclusive rights; hence denied.

DINESH never been in contact with TV Today Network Ltd. / Puneet Jain (collectively "TV Today") at Videocon Tower, E-1 Jhandewalan Extension, New Delhi, India 110055, Telephone: 011-23684878; never commit alleged violation of said exclusive rights; hence denied.

DINESH categorically denied all the allegations against him that alleged in paragraph 8 of DISH's Complaint (Dkt. 1) therefore are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by DISH (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV.

DINESH once again denying all the said allegations, had no information concerning to ChitramTV and Chitram.tv (collectively "ChitramTV"). DINESH is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; DINESH have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

DINESH Vigneswaran ("Vigneswaran have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

On November 15, 2021 this honorable Court Order withdrawing Default and Setting Conference because the Defendant has adequately answered, and the said honorable Court accepts his explanation for the late answer, the entry of default against the Defendant is withdrawn. The honorable court also order a conference scheduled on February 3, 2022 at 10:30 a.m. location Courtroom II-C, Eleventh Floor 515 Rusk Avenue, Houston, Texas 77002.

On November 22, 2021 the DINESH requested the Honorable Court that he is in dealing with extreme difficult financial situation, grand permanent exemption in this case. Meanwhile Defendant shall be available to answer and cooperate (legit) with the Plaintiff though this honorable court via available electronic correspondence or mail.

Aforementioned Defendant (DINESH), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

That the said Court has no jurisdiction to trial against DINESH under Rule(k)(2) of the Federal Rules of Civil Procedure because as Plaintiff admitted that the DINESH residing in Toronto, Ontario, Canada.

The DINESH is not aware about the fact vested alleges that Chitram transmit channels exclusively licensed to DISH to Chitram Service users located in the United States, including in the State of Texas.

DINESH further partially admits the fact that the he was working for a well-known company Lycatel ("LYCATEL") since 2016. DINESH was the head of sales for their product "Lyca TV". DINESH use to participate in outdoor sales activities, during that time many competitors use to come and meet with DINESH at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked DINESH to promote their product in North America. DINESH was already under contract with Lyca so he refused Arav Sai request. Over the course of DINESH career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers DINESH friends and family whom he sold the Lyca ("LYCATEL") service started to hold DINESH accountable.  Arav Sai and his team heard about this issue and used this opportunity to contact DINESH again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for DINESH from Chitram TV. Arav Sai offered DINESH to give their services at a cheaper price so that the he could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told DINESH to pay for the services so he paid and took a sum amount of services so that he could tackle with his family members and friends. The promise between Arav Sai and DINESH was, upon the renewal of these

customers. DINESH will be reimbursed with the initial payment which he made. So as planned renewals came and DINESH requested Arav Sai to start reimburse his payments. Arab Sai replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested DINESH to open a PayPal account; hence DINESH opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant as well as local pickup in meet up location in Canada to recover DINESH upfront funds.  DINESH was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and DINESH was redundant, he was really in need of those funds to accommodate his family/kids and to fund his current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the defendant was used by Arav Sai for his personal gain but fact of matter is that the DINESH was also in financial crises, therefore he denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over DINESH is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and DINESH is not subject to the jurisdiction of the courts of general jurisdiction of any state.

DINESH right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

IV.   **Sanctions for Failure to Cooperate in Discovery or make Disclosures.**

Rule 37 of the Federal Rules of Procedure governs motions to compel discovery and disclosures, and mandates sanctions against a party who fails to cooperate in discovery or make disclosures.

It is pertinently mentioned here that DINESH submitted reply on time and appropriately.

Sincerely,

DINESH VIGNESWARAN

Dinesh Vigneswaran
2s Rushworth dr
Ajax ON
L2s152
Canada

Nathan Ochshner
Clerk of Court
P.o. box 61010
Houston, Tx 77208



CANADA POSTES
POST CANADA

Other Letter USA
Autre lettre – É. – U.

R: 200285751.101785
Destination: 77208

| Date 2022.05.16 | Postage – Port $3.19 CAD |
| AJAX ON L1T1 1P0 CANADA | 0.061 Kg |
| 1.0 | |

0000000   0200285751   0101785

FILED
JUN 27 2022

Nathan Ochshner