United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT    JUL 18 2022    SOUTHERN DISTRICT OF TEXAS

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Reply Plaintiff DISH Network L.L.C.'s Motion to Compel Defendant's Responses to Discovery and Initial Disclosures

Defendant Dinesh Vigneswaran ("DINESH") reply Plaintiff DISH Network L.L.C. ("DISH") to produce all documents responsive to DISH's requests for production ("RFPs"), provide complete responses to DISH's interrogatories ("ROGs"), provide initial disclosures, and pay DISH's reasonable expenses in bringing this motion.

## SUMMARY

DISH served Defendant with its RFPs and ROGs on March 10, 2022. Defendant successfully properly responds or produces any of the requested documents as required by Rules 33 and 34 of the Federal Rules of Civil Procedure. On June 15, 2022, Defendant sent DISH a letter that generally includes all knowable information and repatriated Defendant's Original Response and Supplemental Response, and properly address any of the deficiencies, produce available information, or answer DISH's interrogatories.

Defendant also produce initial disclosures on Feb 14, 2022 with the information required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

Defendant produces all documents responsive to DISH's RFPs (Nos. 1-69),

provide complete responses to DISH's ROGs (Nos. 1, 4-12) respectively on June 15, 2022, provide initial disclosures with the information required by Rule 26(a)(1)(A) on Feb 14, 2022.

## II. Arguments

A.     Employment History:

Defendant ("DINESH") was employed under the Canadian employment law by Lyca group ("LYCA") as the Head of operations. Defendant ("DINESH") pertinently clarified his position through court reply on June 4, 2021 ("Para 6") reproduced:

> *"Defendant ("DINESH") has been working for a well-known company Lycatel ("LYCA") since 2016. Defendant ("DINESH") was the head of sales for their product "Lyca TV". Defendant ("DINESH") use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV ("CHITRAM") representative Arav Sai ("ARAV") was one of them who asked Defendant ("DINESH") to promote their product in North America. Defendant ("DINESH") was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant ("DINESH") career Lycatel ("LYCA") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCA") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant ("DINESH") sold the Lyca ("LYCA") service started to hold Defendant ("DINESH") accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant ("DINESH") again. This time Arav Sai ("ARAV") used this number +1- 585-326-6085. While having a formal introduction with ARAV he mentioned that he knew about the situation of Lyca TV ("LYCA") and he would have a solution for Defendant ("DINESH") from Chitram TV. Arav Sai offered Defendant ("DINESH") to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the rate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon*

2

*renewal of their service. So initially they told Defendant ("DINESH")) to pay for the services so Defendant ("DINESH") paid and took a sum amount of services so Defendant ("DINESH") could tackle with his family members and friends. The promise between Arav Sai ("ARAV") and Defendant ("DINESH") was, upon the renewal of these customers. Defendant ("DINESH") will be reimbursed with the initial payment which Defendant ("DINESH") made. So as planned renewals came and Defendant ("DINESH") requested Arav Sai ("ARAV") to start reimburse Defendant ("DINESH") payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant ("DINESH") to open a PayPal account. So Defendant ("DINESH") opened a private PayPal account. Arav Sai ("ARAV") said he will make few of his contacts in USA to pay Defendant ("DINESH") as well as local pickup in meet up location in Canada to recover Defendant ("DINESH") upfront funds. Defendant ("DINESH") was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant ("DINESH") current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant ("DINESH") was used by Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant ("DINESH") is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant ("DINESH") are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

That it is an establish fact right from the day one that Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai ("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff law firm wrongfully accusing Defendant ("DINESH") for the copyright infringements of certain south Asian channels (Pakistani) programs that were telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has rights for them. Defendant ("DINESH")

categorically denies such allegations and termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff. For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

      B.      Response - The Discovery Requests are Relevant to DISH's Claims against Defendant for Inducing and Materially Contributing to Copyright Infringement.

Defendant denied from the day one that he never induced and materially contributed to infringement of DISH's exclusive distribution (Questionable) and public performance rights by providing users of Chitram set Case 4:21-cv-00859. As per Document 62 Filed by Plaintiff on 06/15/22 in TXSD Page 3 of 18, Defendant categorically denied the said allegation that he was not involved or aware about alleged 4 top boxes and Chitram service subscriptions in the United States or access to channels and the programs that make up the channels, nor having the ability or authority to prevent such access. (Compl. ¶¶ 47-48, 54.) Defendant never was/is the owner, agent or legal or focal person to operate/sell/market Chitram service in the United States, denied categorically since filing of said lawsuit against him. (Id. ¶¶ 4, 8-9, 16, 29, 31-32, 49.) Defendant never advertises the Chitram service as a means of accessing the channels. (Id. ¶¶ 18, 22, 50, 52.) Defendant was never a part of Chitram service nor provides Chitram users in the United States with access to the channels, . (Id. ¶¶ 20, 25, 51.) Defendant's clarifies his stance from day one and once again stated above in

"Employment History" to the honorable court (Id. ¶ 48.). Defendant never had

knowledge of the infringing activity as allegedly claimed by the Plaintiff nor otherwise

cease distributing, selling and promoting the Chitram service in the United States. (Id.

¶¶ 37, 53.) It is pertinently mention that it is an establish fact right from the day one that

Defendant ("DINESH") was compelled by chitramTV ("CHITRAM") contact Arav Sai

("ARAV") of opening PayPal account named "chitramtvcanada". Since then, Plaintiff

("DISH") law firm wrongfully accusing Defendant ("DINESH") for the copyright

infringements of certain south Asian channels ("PAKISTANI") programs that were

telecasted via ChitramTV ("CHITRAM"), furthermore claiming DishTV ("DISH") has

rights for them. Defendant ("DINESH") categorically denies such allegations and

termed as baseless, malafide, ill-willed with intent to justify their personal vendetta and

maliciously bestow against him by Plaintiff ("DISH").  For the utmost satisfaction of

court once against stated on oath that he is/was nor representative, agent, owner or any

lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

Plaintiff shall file lawsuit against ChitramTV ("CHITRAM") and claim recovery against

The Copyright Act (1) the copyright owner's actual damages plus any additional profits

of the infringer or (2) statutory damages. See 17 U.S.C. § 504(a).

Each of DISH's discovery requests are irrelevant to DISH's claims against

Defendant, moreover file lawsuit against ChitramTV ("CHITRAM") for inducing and

materially contributing to copyright infringement and the damages that should be

awarded to DISH for ChitramTV (CHITRAM") infringement not an innocent

Defendant.

C.     Response - Defendant Should be Ordered to Produce All Documents Responsive to DISH's RFPs (Nos. 1-69).

Rule 34(b)(2) sets forth the procedure for responding and producing the documents requested by DISH. DINSEH replied provided first set of interrogatories by DISH on March 10, 2022, including 15 interrogatories answered accordingly. DINESH produced all available information, documents, and provided initial disclosures on Feb 3, 2022 as required by the Federal Rules of Civil Procedure and by Rule 34(b)(2) of the Federal Rules of Civil Procedure.

DINESH Original Reply provided on April 7, 2022, absolutely comply with Rule 33 (b)(3) because each interrogatory was answered separately and fully. DINESH general objections and denials included in his Original Reply do comply with Rule 34 (b) (3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

On April 11, 2022, DISH sent DINESH correspondence concerning his proper Original Reply to DISH's first set of interrogatories. On April 22, 2022, DINESH provided supplemental responses to DISH have first set of interrogatories. DINESH supplemental response was comply with Rule 33 (b)(3) because each interrogatory was properly answered separately and fully, and did comply with Rule 34 (b)(3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

1.    Response - Defendant Should be Ordered to Produce his Bank and PayPal

Records (RFP Nos. 1-3, 65-66).

Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (DINESH); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Arav Sai ("ARAV") upon the renewal of customers reimbursed initial payment to Defendant ("DINESH") through said PayPal account. Defendant (DINESH) shall identify such transaction if requested. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the head of operations. Defendant (DINESH) pertinently clarified his position through court reply on June 4, 2021 ("Para 6").

In addition Defendant ("DINESH") has been working for a well-known company Lycatel ("LYCA") since 2016. Defendant ("DINESH") was the head of sales for their product "Lyca TV". Defendant ("DINESH") use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV ("CHITRAM") representative Arav Sai ("ARAV") was one of them who asked Defendant ("DINESH") to promote their product in North America. Defendant ("DINESH") was already under contract with Lyca so he refused Arav Sai request.

Over the course of Defendant ("DINESH") career Lycatel ("LYCA") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCA") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant ("DINESH") sold the Lyca ("LYCA") service started to hold Defendant ("DINESH") accountable. Arav Sai and his team heard about this issue and used this opportunity to contact Defendant ("DINESH") again. This time Arav Sai ("ARAV") used this number +1- 585-326-6085. While having a formal introduction with ARAV he mentioned that he knew about the situation of Lyca TV ("LYCA") and he would have a solution for Defendant ("DINESH") from Chitram TV. Arav Sai offered Defendant ("DINESH") to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the rate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon renewal of their service.

It is pertinently mention here that initially Arav Sai ("ARAV") told Defendant ("DINESH") to pay for the services so Defendant ("DINESH") paid and took a sum amount of services so Defendant ("DINESH") could tackle with his family members and friends. The promise between Arav Sai ("ARAV") and Defendant ("DINESH") was, upon the renewal of these customers. Defendant ("DINESH") will be reimbursed with the initial payment which Defendant ("DINESH") made. Defendant ("DINESH") arranged payment through loan from friends and family and paid to Arav Sai ("ARAV") in compensation to provide alternative source of similar services to his old

8

LycaTV customers (friends & family), who pressurizes Defendant ("DINESH") for the refund.

Thereafter as per planned renewals came and Defendant ("DINESH") requested Arav Sai ("ARAV") to start reimburse Defendant ("DINESH") payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant ("DINESH") to open a PayPal account. So Defendant ("DINESH") opened a private PayPal account. Arav Sai ("ARAV") said he will make few of his contacts in USA to pay Defendant ("DINESH") as well as local pickup in meet up location in Canada to recover Defendant ("DINESH") upfront funds.

Defendant ("DINESH") was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant ("DINESH") current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant ("DINESH") was used by Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas.

2.    Response - Defendant Should be Ordered to Produce Documents Concerning Defendant's PayPal Transactions and Counterparties (RFP Nos. 4-6).

Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (DINESH); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Defendant (DINESH) shall identify such transaction if requested. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the head of operations. Defendant (DINESH) pertinently clarified his position through court reply on June 4, 2021 ("Para 6").

Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

Moreover, Defendant ("DINESH"), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against Defendant ("DINESH") by DISH and firmly stated in written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

3.      Response - Defendant Should be Ordered to Produce his Tax Returns (RFP No. 69).

Defendant ("DINESH") already clarified that he has not performed or owned any business in the USA. Moreover Defendant ("DINESH") has not ever worked in the USA.

Furthermore, Canadian tax laws allow Canadian citizens to only use and produce Canadian personal tax information only within Canada. Defendant ("DINESH") have already produced all available information.

Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

Moreover, Defendant ("DINESH"), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against Defendant ("DINESH") by DISH and firmly stated in written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

4.  From day one Plaintiff is accusing Dinesh as the owner/manager/ reseller/ agent of Chitram.

However till date Plaintiff ("DISH") has not provided and signed contract or documents to proof these wrong accusations. Defendant ("DINESH") has never sold or distributed any set top boxes or subscriptions to the USA.

5.  Response - Defendant Should be Ordered to Produce Other Requested Documents because they are Relevant and Defendant's Broad-based, Non-specific Objections are Insufficient. (RFPs Nos. 7-64, 67-68.)

Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

Moreover, Defendant ("DINESH"), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against Defendant ("DINESH") by DISH and firmly stated in written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

D.      Response - Defendant Should be Ordered to Provide All the Information Requested in DISH's ROGs (Nos. 1, 4-12)

DINESH Original Reply provided on April 7, 2022, absolutely comply with Rule 33 (b)(3) because each interrogatory was answered separately and fully. DINESH general objections and denials included in his Original Reply do comply with Rule 34 (b) (3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

On April 11, 2022, DISH sent DINESH correspondence concerning his proper Original Reply to DISH's first set of interrogatories. On April 22, 2022, DINESH provided supplemental responses to DISH have first set of interrogatories. DINESH supplemental response was comply with Rule 33 (b)(3) because each interrogatory was properly answered separately and fully, and did comply with Rule 34 (b)(3-4) because DINESH produced all available information, documents, and object to each interrogatory with specificity or assert valid objections.

1.      Response - Information Concerning Defendant's PayPal Account (ROG No. 1).

Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent is to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

Moreover, Defendant ("DINESH"), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against Defendant ("DINESH") by DISH and firmly stated in written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

2.      Response - Defendant Should be Ordered to Produce Other Requested Information because it is Relevant and Defendant's Broad-based, Non-specific Objections are Insufficient (ROG Nos. 4-12).

Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent is to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

Moreover, Defendant ("DINESH"), right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against Defendant ("DINESH") by DISH and firmly stated in written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV ("CHITRAM").

E.      Response - Defendant Should be Ordered to Provide Initial Disclosures Including all the Information Required in Rule 26(a)(1)(A).

On or about February 3, 2022, Defendant signed a document titled Defendant Dinesh Vigneswaran's Initial Disclosures ("Initial Disclosures"). (Dkt. 47; Ferguson Decl. ¶ 11, Ex. 9.) Defendant's Initial Disclosures comply with Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure because he provided available required information. (Id.) Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant ("DINESH"); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature.

Furthermore, Defendant ("DINESH") clarifies his position in abovementioned Clause(C) (1). Furthermore, Plaintiff only intent is to malafidely portrait Defendant involvement in said copyright infringement lawsuit.

F.      Response - Defendant Should be Ordered to Pay DISH's Reasonable Expenses in Bringing this Motion.

Plaintiff is searching for the wrong person because Defendant ("DINESH") has no ownership, technical expertise, representative or belonging to the ChitramTV ("CHITRAM") and also no cause of action to sue in the Honorable Court and suit be dismissed with the costs. Furthermore, Plaintiff is not entitled for any relief and the suit be dismissed.

## III. Conclusion

This copyright infringement lawsuit circulated around PayPal account payments which were reimbursement of initial payment paid by Defendant ("DINESH") to Arav Sai ("ARAV") upon the renewal of LycaTV ("LYCA") customers.

Due to LycaTV ("LYCA") eventually closing their TV product and Defendant ("DINESH") was redundant, he was really in need of those funds to accommodate his family/kids.

At that point of time Arav Sai ("ARAV") bring up solution for Defendant ("DINESH") from ChitramTV ("CHITRAM"). Arav Sai ("ARAV") offered Defendant ("DINESH") to give their services (CHITRAM) at a cheaper price so that the Defendant ("DINESH") could compensate the rate once with the remaining months and in that way they ("CHITRAM") will also benefit by getting those customers upon renewal of their service.

As per above mentioned facts and circumstances the Defendant ("DINESH") was used by Arav Sai ("ARAV") for his personal gain but fact of matter is that the Defendant ("DINESH") was also in financial crises, the Defendant ("DINESH") denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas.

Unfortunately, Plaintiff dragging & exploiting Defendant in the said copyright infringement lawsuit vested wrongful acquisition against Defendant by dropping or dispatching tones of letters through their hired investigating team at Defendant ("DINESH") door step. It is pertinently mentioned that not even a single acquisition

against Defendant ("Dinesh") is correct and subsequently burden of proof lies to the Plaintiff. Moreover not a single substantive piece of evidence produced by Plaintiff against Defendant ("Dinesh").

Defendant ("DINESH") has already spent over a year responding to these wrong accusations by DISH. It is not possible to keep up with all these letters and documents. Plaintiff ("DISH") is affecting day to day life of Defendant ("DINESH") and his current profession & family. Unlike the law firm of Plaintiff ("DISH"), Defendant ("DINESH") does not get paid for such cooperative intent. Moreover Defendant ("DINESH") has already provided all known information to the Plaintiff ("DISH").

Moreover, Plaintiff ("DISH") is searching for the wrong person because Defendant ("DINESH") has no ownership, technical expertise, representative or belonging to the ChitramTV ("CHITRAM") and also no cause of action to sue in the Honorable Court and suit is dismissed with the costs.

Dated: July 3, 2022                                Respectfully submitted,

                                                   _V. Del._
                                                   **DINESH VIGNESWARAN**
                                                   Defendant

16

**Exhibit 1-A**



# Exhibit 1-B

January 23, 2021

To:

Hagan Noll & Boyle LLC
Two memorial city plaza
Houston Texas

Re: Case No.4:21-cv-00859 (S.D. Tex.)

Dear Sir,

I am Dinesh Vigneswaran, addressed at 25 Rushworth drive Ajax, Ontario, Canada.
On November 15, 2021 the honourable court accepted my answer regarding this matter and
withdrew the default judgement. However there is a conference scheduled for February 3rd 2022.

And it says all parties must appear in person or through counsel. I have already replied to the
court on December 22nd 2021 and January 20, 2022 through mail service and FedEx express
saying that I am not in a financial or mental situation to come to the United States for the
conference. I am not in a state to hire a counsel. It is really tough to even provide basic
necessities to my family. Moreover I am not a person to take any decisions on behalf of a
company that I'm not even part of. As I have already mentioned earlier in my written statement I
am not a representative, agent or owner to represent ChitramTv to decide anything on behalf.

Furthermore I received a letter "discovery plan from Hagan Noll" that I have attached to this
letter.
The questions asked on the discovery plan are same questions asked from me from the beginning
of this matter and I have denied all the allegations and answered to the best of my knowledge in
several written statements during thise process. Hence even if these questions are asked in future
my answers will be same. Despite of all this I am sending this reply to the counsel Hagan Noll &
Boyle LLC and to the honorable court

The plaintiff is searching for the wrong person and I have no ownership, technical expertise or
any belonging to do with Chitramtv.

So I am praying the court to completely exempt myself from this matter. And I promise that I
will respond and cooperate with court via mail or email if needed.

Yours truly

Dinesh Vigneswaran

# Exhibit 1-C

January 23, 2021

VIA Email & International Registered Mail

HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnblle.com

Re:    DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-00859 (S.D. Tex.)

Dear Stephen M. Ferguson,

It is hereby informed you that in furtherance of Defendant reply about the said order (Dkt. 41) submitted already to the honorable court dated November 22, 2021.

That the Defendant in the aforesaid case stated against the order Dkt. 41 to the Honourable Court that the Defendant is unable to attend the said meeting in person due to various limitations and cognition. Apparently Defendant shall be available to answer and cooperate (legit) with the Honourable Court via available electronic correspondence or mail.

Aforementioned Defendant, right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is not representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

Furthermore, the Defendant's humble submission to the Honorable Court legibly stated that due to uttermost strenuous financial occurrence, he is unable to fulfill his family obligations such as financial support, providing basic necessities, etc. therefore, Defendant is unable to travel in personal to appear in front of honorable court and due to financial difficulties unable to hire a counsel to represent him in said matter. Under these difficult financial situations, the Defendant is unable to travel right from Canada to Texas and to participate in the abovementioned conference.

## Exhibit 2-A



# Exhibit 2-B

January 23, 2021

VIA Email & International Registered Mail

HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

   Re: *DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-00859 (S.D. Tex.)*

Dear Stephen M. Ferguson,

  It is hereby informed you that in furtherance of Defendant reply about the said order (Dkt. 41) submitted already to the honorable court dated November 22, 2021.

  That the Defendant in the aforesaid case stated against the order Dkt. 41 to the Honourable Court that the Defendant is unable to attend the said meeting in person due to various limitations and cognition.   Apparently Defendant shall be available to answer and cooperate (legit) with the Honourable Court via available electronic correspondence or mail.

  Aforementioned Defendant, right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by your client (Dish Network, L.L.C) and firmly stated in his written statement that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV in the abovementioned conference to decide the said matter.

  Furthermore, the Defendant's humble submission to the Honorable Court legibly stated that due to uttermost strenuous financial occurrence, he is unable to fulfill his family obligations such as financial support, providing basic necessities, etc. therefore, Defendant is unable to travel in personal to appear in front of honorable court and due to financial difficulties unable to hire a counsel to represent him in said matter. Under these difficult financial situations, the Defendant is unable to travel right from Canada to Texas and to participate in the abovementioned conference.

## Exhibit 3-A



## Exhibit 3-B

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

DISH Network L.L.C.,
                    Plaintiff,

Versus

Dinesh Vigneswaran, et al.,
                    Defendant (Dinesh)s.

§
§
§
§
§
§
§
§
§

Civil Action H-21-859

## Reply Plaintiff DISH Network L.L.C.'s First Set of Requests for Production and First Set of Interrogatories to Defendant Dinesh Vigneswaran

1. Defendant (Dinesh) objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Defendant (Dinesh) objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant (Dinesh) objects to each document request to the extent that it calls for production of a privilege log for internal documents of Defendant. A request for such a log is unreasonable and unduly burdensome in light of the governmental deliberative

# Exhibit 4-A



## Exhibit 4-B

| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

DISH Network L.L.C.,

§
§
Plaintiff, §
§
Versus §          Civil Action H-21-859
§
Dinesh Vigneswaran, et al., §
§
Defendant (Dinesh)s. §

### Defendant Dinesh Vigneswaran First Set of Requests for Production to Plaintiff DISH Network L.L.C.'s

Pursuant to Federal Rule of Civil Procedure 34, Defendant Dinesh Vigneswaran ("Defendant") serves this First Set of Requests for Production on Plaintiff DISH Network L.L.C. ("DISH"). Plaintiff shall produce the requested documents within thirty (30) days, at the through email dineshvigneswaran119@gmail.com, pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure.

#### Definitions & Instructions

1. YOU. "You" means the Plaintiff to whom these requests are directed, including DishTV and any of his names or businesses.

2. COPYRIGHT NOTICES/CERTIFICATE. "Copyright notices/Certificate" means the authorization to access the channels on the DishTV Service for a period of time, whether

## Exhibit 4-C

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

DISH Network L.L.C., §
§
      Plaintiff, §
§
Versus §        Civil Action H-21-859
§
Dinesh Vigneswaran, et al., §
§
      Defendant (Dinesh). §

### <u>Defendant Dinesh Vigneswaran First Set of Requests for Production to Plaintiff DISH Network L.L.C.'s</u>

Pursuant to Federal Rule of Civil Procedure 34, Defendant Dinesh Vigneswaran ("Defendant") serves this First Set of Requests for Production on Plaintiff DISH Network L.L.C. ("DISH"). Plaintiff shall produce the requested documents within thirty (30) days, at the through email dineshvigneswaran119@gmail.com, pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure.

#### Definitions & Instructions

1. **YOU.** "You" means the Plaintiff to whom these requests are directed, including DishTV and any of his names or businesses.

2. **COPYRIGHT NOTICES/CERTIFICATE.** "Copyright notices/Certificate" means the authorization to access the channels on the DishTV Service for a period of time, whether

## Exhibit 5-A



## Exhibit 5-B

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DISH Network L.L.C., | § § | |
| Plaintiff, | § § | |
| Versus | § § | Civil Action H-21-859 |
| Dinesh Vigneswaran, et al., | § § | |
| Defendant (Dinesh)s. | § § | |

## RESPONSE TO FIRST SET OF INTERROGATORIES FROM DEFENDANT DINESH VIGNESWARAN

### RESPONSE TO INTERROGATORY NO 1:

Defendant already clarified his position to the Judge via conference call that all those individuals who had transfer payments though alleged PayPal account are Stranger, unknown to Defendant (Dinesh); nor met ever in life. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature and surely Plaintiff would have already noticed. Defendant (Dinesh) shall identify such transactions if requested. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the Head of operations. Defendant (Dinesh) pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant*

# Exhibit 5-C

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

DISH Network L.L.C.,  §
§
     Plaintiff,  §
§
                          §             Civil Action H-21-859

Versus  §
§
Dinesh Vigneswaran, et al.,  §
§
     Defendant (Dinesh)s.  §

## RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANT DINESH VIGNESWARAN

### REQUESTS FOR PRODUCTION

### RESPONSE TO REQUEST FOR PRODUCTION 1:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

### RESPONSE TO REQUEST FOR PRODUCTION 2:

Defendant objects to each request to the extent that it purports to require the release of information which is protected by the bank-client privilege or is otherwise protected by any other discovery privilege objects to each request to the extent that it purports to impose a duty or obligation upon Defendant that is not imposed by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

## Exhibit 6-A



# Exhibit 6-B

June 13, 2022

VIA Email & International Registered Mail

HAGAN NOLL & BOYLE LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, Texas 77024

Tel: 713.343.0478

Fax: 713.758.0146

www.hnbllc.com

Re:    *DISH Network L.L.C v. Dinesh Vigneswaran and ChitramTV, No. 4:21-cv-00859 (S.D. Tex.)*

Dear Stephen M. Ferguson,

I write concerning your responses to Dinesh Vigneswaran ("DINESH") by DISH Network L.L.C.'s ("DISH") first set of interrogatories and first set of requests for production that was provided on April 22, 2022, produced all available information, documents, and provided initial disclosures on Feb 3, 2022 as required by the Federal Rules of Civil Procedure.

I.    **DISH's First Set of Requests for Production**

Defendant ("Dinesh") has already cooperatively provided all relevant information. After reviewing ROG's and REP's documents and questions, Plaintiff asking irrelevant questions not reasonably calculated to lead to the discovery of admissible evidence. Contrary to the above, still Defendant (Dinesh) explaining and drafting to clarify his position to the Plaintiff.



CANADA | POSTES
POST | CANADA

Date
2022.07.11 450
MARKHAM ON L3R 0.0796 Kg
1.8

Postage – Port
$3.19 CAD
CANADA 0100801

0000000 | 020045954 | 0100801

Do not cover chevron
Ne couvrez pas le chevron

R: 200459954.100801
Destination: 77208

Other Letter USA
Autre lettre – E.–U.

United States Courts
Southern District of Texas
F I L E D

JUL 18 2022

Nathan Ochsner, Clerk of Court

Nathan Ochsner
Clerk of Court
P.O. Box 61016
Houston, Tx 77208