| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| DISH Network L.L.C., § § Plaintiff, § § versus § § Dinesh Vigneswaran, *et al.*, § § Defendants. § |  Civil Action H-21-859 |

## RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION FROM DEFENDANT DINESH VIGNESWARAN

### REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION 1:**

All statements, checks, deposits, and wire transfers for the CIBC bank account with the last 4 digits of 3515 attached in Exhibit 1.

**RESPONSE TO REQUEST FOR PRODUCTION 2:**

All statements, checks, deposits, and wire transfers for the CIBC bank account with the last 4 digits of 3988 attached in Exhibit 2.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

All statements, checks, deposits, and wire transfers for the CIBC bank account with the last 4 digits of 7531 attached in Exhibit 3.

**RESPONSE TO REQUEST FOR PRODUCTION 4:**

All documents requested concerning the transactions identified in Exhibit 1 the Plaintiff is attached as Exhibit 1.

## RESPONSE TO REQUEST FOR PRODUCTION 5:

All documents requested concerning the transactions identified in Exhibit 1 the Plaintiff is attached as Exhibit 1.

## RESPONSE TO REQUEST FOR PRODUCTION 6:

All documents requested concerning the transactions identified in Exhibit 1 the Plaintiff is attached as Exhibit 1.

## RESPONSE TO REQUEST FOR PRODUCTION 7:

Defendant objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, or impossible to answer fully. It is pertinently mentioned here that Defendant was employed under the Canadian employment law by Lyca group ("LYCATEL") as the Head of operations. Defendant pertinently clarified his position through court reply on June 4, 2021 ("Para 6"):

> *"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth requesting help to promote their product in North America. The Chitram TV representative Arav Sai was one of them who asked Defendant (Dinesh) to promote their product in North America. Defendant (Dinesh) was already under contract with Lyca so he refused Arav Sai request. Over the course of Defendant (Dinesh) career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant (Dinesh) sold the Lyca ("LYCATEL") service started to hold Defendant (Dinesh) accountable. Arav Sai and his team heard about this issue and used this*

*opportunity to contact Defendant (Dinesh) again. This time Arav Sai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant (Dinesh) from Chitram TV. Arav Sai offered Defendant (Dinesh) to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant (Dinesh) to pay for the services so Defendant (Dinesh) paid and took a sum amount of services so Defendant (Dinesh) could tackle with his family members and friends. The promise between Arav Sai and Defendant (Dinesh) was, upon the renewal of these customers. Defendant (Dinesh) will be reimbursed with the initial payment which Defendant (Dinesh) made. So as planned renewals came and Defendant (Dinesh) requested Arav Sai to start reimburse Defendant (Dinesh) payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant (Dinesh) to open a PayPal account. So Defendant (Dinesh) opened a private PayPal account. Arav Sai said he will make few of his contacts in USA to pay Defendant (Dinesh) as well as local pickup in meet up location in Canada to recover Defendant (Dinesh) upfront funds. Defendant (Dinesh) was forced to agree in order to bail out of this as soon as possible. Due to Lyca ("LYCATEL") eventually closing their TV product and Defendant (Dinesh) was redundant, he was really in need of those funds to accommodate his family/kids and to fund Defendant (Dinesh) current career as a professional Real Estate Agent. As per above mentioned facts and circumstances the Defendant (Dinesh) was used by Arav Sai for his personal gain but fact of matter is that the Defendant (Dinesh) was also in financial crises, the Defendant (Dinesh) denies the allegations that he distribute, sell, and promote Chitram set-top boxes and Chitram Subscriptions to Service Users and resellers located in the United States, including in the State of Texas. This Court's has no right to exercise of jurisdiction over Defendant (Dinesh) is consistent with Constitution and laws of the United States, DISH's claims arise under federal law, and Defendant (Dinesh) are not subject to the jurisdiction of the courts of general jurisdiction of any state."*

RESPONSE TO REQUEST FOR PRODUCTION 8:

Defendant is/was not aware about all such requested information. Defendant was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can provide requested information on the behalf of the ChitramTV.

RESPONSE TO REQUEST FOR PRODUCTION 9:

Defendant is/was not aware about all such requested information, furthermore; examine attached Exhibit files. Defendant was compelled by chitramTV contact Arav Sai of opening PayPal account named "chitramtvcanada". For the utmost satisfaction of court once against stated on oath that he is/was nor representative, agent, owner or any lawful individual who can provide requested information on the behalf of the ChitramTV.

RESPONSE TO REQUEST FOR PRODUCTION 10:

That the requested information shall obtained by Plaintiff from ChitramTV directly because Defendant is nor representative, agent, owner or any lawful individual.

RESPONSE TO REQUEST FOR PRODUCTION 11:

Defendant contains no such information/documents sufficient to identify ChitramTV.

RESPONSE TO REQUEST FOR PRODUCTION 12:

Defendant contains no such documents sufficient to identify the persons or entities using the phone number 1-585-326-6085.

RESPONSE TO REQUEST FOR PRODUCTION 13:

Defendant contains no such documents sufficient to identify the persons or entities using the email address info@chitram.tv.

RESPONSE TO REQUEST FOR PRODUCTION 14:

Defendant contains no such documents sufficient to identify the persons or entities using the email address support@chitram.tv

RESPONSE TO REQUEST FOR PRODUCTION 15:

Defendant possesses no documents sufficient to identify requested email and telephone number because he never used to conduct alleged business, furthermore, readout "response to request for production 07".

RESPONSE TO REQUEST FOR PRODUCTION 16:

Defendant contains no such emails sent or received by the email address info@chitram.ca.

RESPONSE TO REQUEST FOR PRODUCTION 17:

Defendant contains no such emails sent or received by the email address chitramtvcanada@outlook.com.

RESPONSE TO REQUEST FOR PRODUCTION 18:

Defendant contains no such emails sent or received by the email addresses info@chitram.tv or support@chitram.tv.

RESPONSE TO REQUEST FOR PRODUCTION 19:

Defendant contains no such requested documents to identify each domain name and website that registered, held ownership in, paid for, or operated at any time. For purposes of this Request, "operated" shall include responding to communications sent through a website's communications function or portal.

RESPONSE TO REQUEST FOR PRODUCTION 20:

Defendant contains no such requested documents concerning the creation, domain registration, ownership, design, or content of the websites www.chitram.ca and www.chitram.tv.

RESPONSE TO REQUEST FOR PRODUCTION 21:

Defendant contains no such requested documents to identify each YouTube, Facebook, Twitter, Google+, Instagram, or other social media account have used at any time.

RESPONSE TO REQUEST FOR PRODUCTION 22:

Defendant contains no such requested documents to identify all posts allegedly made to social media pages concerning the Chitram Box, Chitram Subscription, Chitram Service, or the Protected Channels.

RESPONSE TO REQUEST FOR PRODUCTION 23:

Defendant never made alleged trips to the United States nor contains requested Documents to evidence trips to the United States.

RESPONSE TO REQUEST FOR PRODUCTION 24:

Defendant never made alleged trips to the United States for alleged purpose nor contains requested documents concerning trips to the United States concerning the Chitram Box, Chitram Subscription, or Chitram Service.

RESPONSE TO REQUEST FOR PRODUCTION 25:

Defendant contains no such requested documents concerning the design of the Chitram Box, Chitram Subscription, or Chitram Service.

RESPONSE TO REQUEST FOR PRODUCTION 26:

Defendant contains no such requested WhatsApp messages, text messages, voice messages, and emails concerning the Chitram Box, Chitram Subscription, or Chitram Service.

RESPONSE TO REQUEST FOR PRODUCTION 27:

Defendant contains no such requested documents concerning Media Metallic Inc., Media Metallic GmbH, or Dennis Varghese.

RESPONSE TO REQUEST FOR PRODUCTION 28:

Defendant contains no such requested documents to identify each advertisement for the Chitram Box, Chitram Subscription, or Chitram Service that was made by Defendant, or for which he paid, either in whole or in part.

### RESPONSE TO REQUEST FOR PRODUCTION 29:

Defendant contains no such requested documents to identify each advertisement for the Protected Channels that was made, or for which paid, either in whole or in part.

### RESPONSE TO REQUEST FOR PRODUCTION 30:

Defendant contains no such requested documents concerning seeking out or soliciting of United States customers and resellers for the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 31:

Defendant contains no such requested documents concerning providing the Chitram Box, Chitram Subscription, or Chitram Service to customers or resellers in the United States.

### RESPONSE TO REQUEST FOR PRODUCTION 32:

Defendant contains no such requested documents concerning research, investigation, and obtaining authorization or license to export/import the Chitram Box into the United States.

### RESPONSE TO REQUEST FOR PRODUCTION 33:

Defendant contains no such requested documents identifying the final destination of all the Chitram Boxes and Chitram Subscriptions sold.

### RESPONSE TO REQUEST FOR PRODUCTION 34:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, exchanged between Defendant and ChitramTV.

### RESPONSE TO REQUEST FOR PRODUCTION 35:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, exchanged between Defendant and Media Metallic Inc., Media Metallic GmbH, or Dennis Varghese.

### RESPONSE TO REQUEST FOR PRODUCTION 36:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, exchanged between Defendant and GARS, Inc., Kartina TV, or Aleksei Koutin,

### RESPONSE TO REQUEST FOR PRODUCTION 37:
Defendant contains no such requested documents exchanged with shipping companies or other logistics providers used to ship Chitram Boxes into the United States.

### RESPONSE TO REQUEST FOR PRODUCTION 38:
Defendant contains no such requested documents to identify monthly and annual unit and dollar sales for each Chitram Box and Chitram Subscription sold that was bound for the United States. Furthermore, Defendant never indulged in selling, promoting and marketing Chitram products in USA. Moreover, comprehensive answer stated in "RESPONSE TO REQUEST FOR PRODUCTION 07".

### RESPONSE TO REQUEST FOR PRODUCTION 39:
Defendant contains no such requested documents sufficient to identify his monthly and annual unit and dollar sales for each Chitram Box and Chitram Subscription that was bound for the State of Texas. Furthermore, Defendant never indulged in selling, promoting and marketing Chitram products in USA. Moreover, comprehensive answer stated in "RESPONSE TO REQUEST FOR PRODUCTION 07".

### RESPONSE TO REQUEST FOR PRODUCTION 40:
Defendant contains no such requested documents sufficient to identify his monthly and annual unit and dollar sales for each Chitram Box and Chitram Subscription sold worldwide. Furthermore, Defendant's comprehensive answer stated in "RESPONSE TO REQUEST FOR PRODUCTION 07".

### RESPONSE TO REQUEST FOR PRODUCTION 41:
Defendant contains no such requested documents to identify revenues, costs, and gross profits concerning the Chitram Box, Chitram Subscription, and Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 42:

Defendant contains no such requested documents to identify all costs that allegedly incurred to acquire and distribute the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 43:

Defendant contains no such requested documents to identify each payment that allegedly received concerning the Chitram Box, Chitram Subscription, or Chitram Service

### RESPONSE TO REQUEST FOR PRODUCTION 44:

Defendant contains no such requested documents to identify each payment that allegedly made to each source or supplier from which Defendant acquired the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 45:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with each supplier or source from which acquired the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 46:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with each reseller or distributor in the United States concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 47:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Binoy George concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 48:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Jerry Kampiyil concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 49:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Joe Thomas concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 50:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Saravanan Sekar or Cognizant Tech Solutions concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 51:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Sinju Thomas concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 52:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Sunil Zack, Varghese Zachariah, or Eye Max Digital concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 53:

Defendant contains no such requested documents, including WhatsApp messages, text messages, voice messages, and emails, allegedly Defendant exchanged with Unitech Solutions USA or Benly Matthew concerning ChitramTV, the Chitram Box, Chitram Subscription, or Chitram Service.

**RESPONSE TO REQUEST FOR PRODUCTION 54:**

Defendant contains no such requested documents to identify the individual(s) or entity(ies) in control of the following aspects of Chitram Service: set-top box manufacture, design or procurement; software; customer subscriptions; streaming operations; technology; marketing; and customer service.

**RESPONSE TO REQUEST FOR PRODUCTION 55:**

Defendant contains no such requested documents concerning actual or potential uses of the Chitram Box, Chitram Subscription, or Chitram Service, including but not limited to all instructions and user manuals and customer service reference materials.

**RESPONSE TO REQUEST FOR PRODUCTION 56:**

Defendant contains no such requested documents concerning the Protected Channels and making the Protected Channels available on the Chitram Service.

**RESPONSE TO REQUEST FOR PRODUCTION 57:**

Defendant contains no such requested documents, including agreements or communications, which Defendant allege gives himself or ChitramTV the right to distribute or provide access to the Protected Channels.

**RESPONSE TO REQUEST FOR PRODUCTION 58:**

Defendant contains no such requested cease and desist correspondence, notices of claimed infringement, and other documents and communications requesting that allegedly Defendant or ChitramTV stop distributing or providing access to a channel or program. Moreover, Defendant never received any desist correspondence, notices of claimed infringement, and other documents from Hagan and Noll (Plaintiff's Law Firm) before; he received from the court directly. Furthermore, the Defendant is/was not aware about the fact that someone else is/was selling chitram in USA.

**RESPONSE TO REQUEST FOR PRODUCTION 59:**

Defendant contains no such requested cease and desist correspondence, notices of claimed infringement, and other documents and communications requesting that allegedly Defendant

cease distributing, selling, and promoting the Chitram Box, Chitram Subscription, or Chitram Service in the United States. Moreover, Defendant never received any desist correspondence, notices of claimed infringement, and other documents from Hagan and Noll (Plaintiff's Law Firm) before; he received from the court directly. Furthermore, the Defendant is/was not aware about the fact that someone else is/was selling chitram in USA.

### RESPONSE TO REQUEST FOR PRODUCTION 60:

Defendant contains no such requested responses and documents concerning each cease and desist correspondence, notices of claimed infringement, and other documents and communications requesting that allegedly Defendant or ChitramTV stop distributing or providing access to a channel or program. Moreover, Defendant never received any desist correspondence, notices of claimed infringement, and other documents from Hagan and Noll (Plaintiff's Law Firm) before; he received from the court directly. Furthermore, the Defendant is/was not aware about the fact that someone else is/was selling chitram in USA.

### RESPONSE TO REQUEST FOR PRODUCTION 61:

Defendant contains no such requested responses and documents concerning each cease and desist correspondence, notices of claimed infringement, and other documents and communications requesting that allegedly Defendant cease distributing, selling, and promoting the Chitram Box, Chitram Subscription, or Chitram Service in the United States.

### RESPONSE TO REQUEST FOR PRODUCTION 62:

Defendant contains no such requested customer and reseller service chat logs, recordings, and call notes concerning the Chitram Box, Chitram Subscription, Chitram Service, or the Protected Channels.

### RESPONSE TO REQUEST FOR PRODUCTION 63:

Defendant contains no such requested documents concerning training and instructions provided to Defendant's technical customer support agents concerning the Chitram Box, Chitram Subscription, or Chitram Service.

### RESPONSE TO REQUEST FOR PRODUCTION 64:

Defendant contains no such requested statements for the phone number 647-262-8404.

**RESPONSE TO REQUEST FOR PRODUCTION 65:**

Defendant provided all requested bank account details.

**RESPONSE TO REQUEST FOR PRODUCTION 66:**

Defendant contains no such requested documents concerning the PayPal account with the email address chitramtvcanada@outlook.com.

**RESPONSE TO REQUEST FOR PRODUCTION 67:**

Defendant contains no such requested documents sufficient to identify any warehouse in the United States concerning the Chitram Box, Chitram Subscription, or Chitram Service.

**RESPONSE TO REQUEST FOR PRODUCTION 68:**

Defendant contains no such requested financial statements, including balance sheets, income statements, profit and loss statements, cash flow statements, and change in equity statements.

**RESPONSE TO REQUEST FOR PRODUCTION 69:**

Defendant contains no such requested tax returns.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 1st of August, 2022

**DINESH VIGNESWARAN**

