| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| DISH Network L.L.C., | § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-21-859 |
| Dinesh Vigneswaran, *et al.*, | | |
| Defendants. | | |

## Plaintiff DISH Network L.L.C.'s Response to Order to Clarify

The Court asked DISH to clarify the remedies it seeks from Defendant Dinesh Vigneswaran. (Dkt. 70 at ¶ 3.) DISH seeks statutory damages of $2,850,000 and a permanent injunction against Vigneswaran, based on his contribution to co-Defendant ChitramTV's already-adjudicated direct infringement of DISH's exclusive rights in content from numerous TV channels ("Protected Channels"). (Dkts. 1 [Compl.] ¶ 13; 40 [Default J. & Inj.].) DISH previously requested this relief in a motion for default judgment against ChitramTV and Vigneswaran. (*See* Dkt. 35-1 at 4, 15, 20–26.)  Whereas the claim against ChitramTV was for direct infringement of DISH's exclusive rights, the claim against Vigneswaran is a separate and independent one for contributory infringement.

In November 2021, the Court granted default judgment against ChitramTV for directly infringing DISH's copyrights in the Protected Channels and awarded statutory damages of $31,050,000 and a permanent injunction. (Dkt. 40 at ¶¶ 5–8.) But DISH's separate claims against Vigneswaran for contributing to ChitramTV's direct infringement are still pending. (*See* Compl. at ¶¶ 46–56).

Contributory infringement requires "actual knowledge" of infringement and the failure by the defendant to "take simple measures to prevent further damage to copyrighted works." *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 766–68 (W.D. Tex. 2019). DISH has properly alleged that Vigneswaran, with actual knowledge that the Chitram Service was infringing DISH's copyrights, continued to distribute and sell the Chitram Service in the United States, thus contributing to the direct infringement. (Compl. at ¶¶ 1, 4, 8–9, 18, 20–21, 28–30, 32, 37); *see UMG Recordings*, 384 F. Supp. 3d at 767 (stating that continuing to sell a service with knowledge that it is being used to infringe may constitute contributory infringement). DISH is therefore entitled to a judgment for statutory damages and a permanent injunction against Vigneswaran. 17 U.S.C. §§ 502, 504(c).

As for statutory damages, DISH is entitled to a separate statutory damages award against Vigneswaran, even though the court previously granted a judgment for the maximum amount of statutory damages of $31,050,000 for all of the registered works infringed in this case. *See Wild v. Wager*, No. H-17-2606, 2019 WL 8137136, at *2 (S.D. Tex. Oct. 29, 2019) (awarding statutory damages for infringement of the same registered work against two separate defendants, a company and an individual). DISH requests a separate judgment against Vigneswaran for $2,850,000, which is $150,000 for each of 19 registered, copyrighted works that aired after DISH notified Vigneswaran in November 2020 of the infringement. (*See* Dkt. 35-1 at 15–16.) Such a judgment would not permit a double recovery, which is prohibited by § 504(c) for several reasons.  Importantly, the claims against ChitramTV and Vigneswaran are separate and independent and are based on

different conduct (transmitting content in the case of ChitramTV and promoting and selling knowingly infringing services in the case of Vigneswaran); and even more than in *Wild*, ChitramTV and Vigneswaran are entirely separate defendants. Further, DISH to date has not collected the $31,050,000 it was awarded under the previous judgment, will not collect more than this amount in total, and will not recover more than $2,850,000 from Vigneswaran separately. *See* 17 U.S.C. § 504(c)(1); *QOTD Film Inv., Ltd. v. Wilson*, No. C16-0371RSL, 2017 WL841669, at *2 (W.D. Wash Mar. 3, 2017).

With respect to the injunction, DISH requests a separate permanent injunction with Vigneswaran listed as a named party, as previously requested in its motion for default judgment. (*See* Dkt. 35-1 at 20-26.) The injunction against ChitramTV and its affiliates, including its resellers and third-party providers, is not sufficient as to Vigneswaran because without additional injunctive relief Vigneswaran may still engage in conduct that violates DISH's exclusive rights through actions that are not related to the Chitram service or are not in active concert or participation with ChitramTV.

Dated: September 28, 2022

Respectfully submitted,

HAGAN NOLL & BOYLE LLC

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

*Counsel for Plaintiff DISH Network L.L.C.*

3

**Certificate of Service**

      I certify that on September 28, 2022, a copy of the foregoing document was filed electronically with the Clerk, using the CM/ECF system, which sent notification of such filing to all CM/ECF participants in this case, and the document was emailed and placed in a sealed envelope with postage fully prepaid and then deposited with the United States Postal Service, addressed to the following non-CM/ECF participant:

    Dinesh Vigneswaran
    25 Rushworth Drive
    Ajax, Ontario L1Z 1S2
    Canada
    dineshvigneswaran119@gmail.com
    *Defendant*

                                    /s/ Stephen M. Ferguson
                                    Stephen M. Ferguson (attorney-in-charge)