UNITED STATES DISTRICT COURT         SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action H-21-859 |
| Versus | § | |
| | § | |
| Dinesh Vigneswaran, et al., | § | |
| | § | |
| Defendant (Dinesh)s. | § | |

United States Courts
Southern District of Texas
FILED

SEP 29 2022

Nathan Ochsner, Clerk of Court

## RESPONSE TO PLAINTIFF DISH NETWORK L.L.C.'S MOTION FOR CONTEMPT AND SANCTIONS

### INTRODUCTION

Defendant Dinesh Vigneswaran already comply with the Court's July 12, 2022 Order Compelling Responses (Dkt. 64, the "Discovery Order") on Aug 12, 2022, and Defendant has already given all the information he knows including his personal bank accounts and PayPal statements. Even the PayPal account was mentioned initially by Defendant to Hagan Noll and the honorable court even before the plaintiff brought up in said lawsuit. Defendant respects the juridical system of the United States and that's why replying from beginning till today. Therefore, Plaintiff filing of civil contempt and sanctioned against Defendant is unlawful, extralegal, and illegal.

Defendant didn't have substantive facts or information to identify the individuals or entities that have responsibility for or control of each of the following aspects of the Chitram Service: (1) set-top box design; (2) set-top box manufacturing; (3) streaming service operation, including obtaining and retransmitting of the television programming made available on the Chitram Service; (4) streaming service customer account activation; (5) streaming service

customer account deactivation; (6) returns processing; (7) marketing and advertising, including logos and branding; (8) sales; and (9) customer and technological support. Defendant objects once again to each request to the extent that had no information concerning to ChitramTV and Chitram.tv. Defendant is/was never a representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV; Defendant have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

## ARGUMENT

It is pertinently mention here that after year and a half of legal progression of said matter, Plaintiff deliberately misleading the Court through his baseless allegations that Defendant is an owner etc. of ChitramTV and shamelessly switches his initial stance and labeling Defendant as a reseller of ChitramTV. Moreover, on March 16, 2021 Plaintiff mislead the Court by stating that Defendant is a representative and US Manager of ChitramTV; on March 3, 2022 as a Server Owner of ChitramTV; on March 3,2022 as head of sales in USA; what-more, numerous other job titles; as website owner and Texas sales-man etc etc. Furthermore, to Justify his baseless prior malafide allegations against Defendant, Plaintiff have not provided a single piece of evidence.

Moreover, Defendant right from the day one categorically stating that Defendant was compelled by chitramTV contact Arav Sai; all transactions that came to PayPal were controlled by Arav Sai and alleged PayPal accounts are Stranger, unknown to Defendant; nor met ever in life. Moreover, Defendant has already submitted his personal PayPal transactions to the Court. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature. Furthermore, Defendant never spoke with any of Plaintiff investigators on the phone number indicated. As Defendant pointed out earlier, someone would have done this on Defendant behalf in order to subsequently denigrate Defendant's name, because he was a successful manager of LycaTV; Reproducing:

> *"Defendant (Dinesh) has been working for a well-known company Lycatel ("LYCATEL") since 2016. Defendant (Dinesh) was the head of sales for their product "Lyca TV". Defendant (Dinesh) use to participate in outdoor sales activities, during that time many competitors use to come and meet with Defendant (Dinesh) at the booth*

requesting help to promote their product in North America. The Chitram TV representative AravSai was one of them who asked Defendant (Dinesh) to promote their product in North America. Defendant (Dinesh) was already under contract with Lyca so he refused AravSai request. Over the course of Defendant (Dinesh) career Lycatel ("LYCATEL") lost few of their key channels on their portfolio, due to that reason lot of customers who bought Lyca TV for those particular channels started to complain and ask for refund. Lyca ("LYCATEL") failed to act/compensate these clients. Out of these customers Defendant (Dinesh) friends and family whom Defendant (Dinesh) sold the Lyca ("LYCATEL") service started to hold Defendant (Dinesh) accountable. AravSai and his team heard about this issue and used this opportunity to contact Defendant (Dinesh) again. This time AravSai used this number +1- 585-326-6085. While having a formal introduction with Arav he mentioned that he knew about the situation of Lyca TV ("LYCATEL") and he would have a solution for Defendant (Dinesh) from Chitram TV. AravSai offered Defendant (Dinesh) to give their services at a cheaper price so that the Defendant (Dinesh) could compensate the irate once with the remaining months and in that way they (Chitram TV) will also benefit by getting those customers upon renewal of their service. So initially they told Defendant (Dinesh) to pay for the services so Defendant (Dinesh) paid and took a sum amount of services so Defendant (Dinesh) could tackle with his family members and friends. The promise between AravSai and Defendant (Dinesh) was, upon the renewal of these customers. Defendant (Dinesh) will be reimbursed with the initial payment which Defendant (Dinesh) made. So as planned renewals came and Defendant (Dinesh) requested AravSai to start reimburse Defendant (Dinesh) payments. He replied that we have no official bank account in the states to transfer funds to a Canadian individual and requested Defendant (Dinesh) to open a PayPal account. So Defendant (Dinesh) opened a private PayPal account. AravSai said he will make few of his contacts in USA to pay

> Defendant (Dinesh) as well as local pickup in meet up location in
> Canada to recover Defendant (Dinesh) upfront funds. Defendant
> (Dinesh) was forced to agree in order to bail out of this as soon as
> possible. Due to Lyca ("LYCATEL") eventually closing their TV
> product and Defendant (Dinesh) was redundant, he was really in need
> of those funds to accommodate his family/kids and to fund Defendant
> (Dinesh) current career as a professional Real Estate Agent. As per
> above mentioned facts and circumstances the Defendant (Dinesh) was
> used by AravSai for his personal gain but fact of matter is that the
> Defendant (Dinesh) was also in financial crises, the Defendant (Dinesh)
> denies the allegations that he distribute, sell, and promote Chitram set-
> top boxes and Chitram Subscriptions to Service Users and resellers
> located in the United States, including in the State of Texas. This
> Court's has no right to exercise of jurisdiction over Defendant (Dinesh)
> is consistent with Constitution and laws of the United States, DISH's
> claims arise under federal law, and Defendant (Dinesh) are not subject
> to the jurisdiction of the courts of general jurisdiction of any state."

In the first place, as Defendant is not a US Citizen, nor operate or owned any business in USA; therefore, not a subject of US law, and also from day One, Defendant's submission was that Court's has no right to exercise of jurisdiction over Defendant, DISH's claims arise under federal law, and Defendant are not subject to the jurisdiction of the courts of general jurisdiction of any state. Besides, Defendant has not legal awareness about local rule 5.4, that prohibits the submission of requests and answers to the court. Based on the court's request, Defendant submit his response.

Furthermore, Defendant comprehensively submitted his response to the court adequately within the given time frame. Moreover, If Defendant's response does not contain the information that Plaintiff lawyer expected; does not mean that Defendant's response is incorrect or incomplete. Hagan Noll & Boyle LLC received a complete and comprehensive response to each requested item. For court consideration, following are the responses by Defendant in the said matter:

1. June 4, 2021 - Response Case 4:21-cv-00859 Document 5 Filed on 3/17/21 in TXSD

2. Oct 22 2021 – Response Case 4:21-cv-00859 Document 35 Filed on 10/14/21 in TXSD Page

3. Dec 8 2021 – Response Case 4:21-cv-00859 Document 35 Filed on 10/26/21 in TXSD

4. Jan 24, 2022 – Response Case 4:21-CV-00859 Document 41 Filed on 11/15/21 in TXSD

5. Feb 17, 2022 – Response Plaintiff DISH Network L.L.C.'s Initial Disclosures

6. Mar 3, 2022 – Response Joint Proposed Discovery Plan

7. Mar 3, 2022 – Response Case 4:21-cv-00859 Document 51 Filed on 03/03/22 in TXSD

8. Apr 8, 2022 & Jul 6, 2022 – Responses Case 4:21-cv-00859 Document 51 Filed on 03/03/22 in TXSD

9. Apr 8, 2022 – Response Plaintiff DISH Network L.L.C.'s Response to Defendant Dinesh Vigneswaran's First Set of Interrogatories

10. April 8, 2022 – Response Plaintiff DISH Network L.L.C.'s Response to Defendant Dinesh Vigneswaran's first set of Requests for Production

11. Apr 21, 2022 – Response Letters do not comply with the Rule 26(f) requirements to have a conference and plan for discovery

12. Jun 15, 2022 – Response DISH's responses to your first set of interrogatories and first set of requests for production. And Agreed Motion for Entry of Protective Order and Protective Order

13. Jun 15, 2022 – Response letter regarding your deficient supplemental responses to DISH's first set of interrogatories and first set of requests for production

14. Jul 7 2022 – Response Case 4:21-cv-00859 Document 62 Filed on 06/15/22 in TXSD

15. Aug 12, 2022 – Response reply from Ferguson regarding Dinesh's reply to court

16. Aug 12, 2022 – Response Case 4:21-cv-00859 Document 64 Filed on 07/12/22 in TXSD

As, Defendant is not a US Citizen, nor operate or owned any business in USA; therefore, not a subject of US law, and also from day One, Defendant's submission was that Court's has no right to exercise of jurisdiction over Defendant, DISH's claims arise under federal law, and Defendant are not subject to the jurisdiction of the courts of general jurisdiction of any state.

Additionally, Defendant stated earlier that the attached bank account is his personal account. Defendant had only shared relevant information to the subject matter. Since Defendant is not a subject of US civil law, the precedents of law that Plaintiff mentioned are not applicable to the territorial jurisdiction of Canada and citizens of Canada. The bank statement once again proves the veracity of the information that Defendant provided initially.

Moreover, "Exhibit 10" Case 4:21-cv-00859 Document 68-2 Filed on 09/09/22, Plaintiff attached a sales agreement between two companies. Difficult to understand for Defendant that how can "sales agreement" is an evidence to the subject matter, Defendant has no relevance to both mentioned companies and the email address; as email sent from some other TV company name. Court should refer these irrelevant documents. Regarding, PayPal account, Defendant right from the day one categorically stating that Defendant was compelled by chitramTV contact Arav Sai; all transactions that came to PayPal were controlled by Arav Sai and alleged PayPal accounts are Stranger, unknown to Defendant; nor met ever in life. Moreover, Defendant has already submitted his personal PayPal transactions to the Court. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature. Furthermore, PayPal works only with an email address and bank account; Defendant had no choice but to create an email address to receive his money back, whole matter mentioned above. The title of PayPal account name "chitramtvcanada" belongs to Arav Sai and alleged email account was never used by Defendant for any other reason than the PayPal account itself.

Defendant categorically denied in all of his submission to the court that he never sold Chitram services in the US. Also, Defendant convincingly submitting that phone number 647-262-8404 never registered under his name. Moreover, Defendant never spoke with any investigators on the phone number indicated.

## CONCLUSION

Defendant Vigneswaran has never abused the discovery process and should not be held in contempt and sanctioned for violating the Court's July 12, 2022 Discovery Order as Defendant answered interrogatories 1 and 4–12 to the best of his knowledge, making initial disclosures, or produced available documents. Defendant right from the day one categorically stating that Defendant was compelled by chitramTV contact Arav Sai; all transactions that came to PayPal were controlled by Arav Sai and alleged PayPal accounts are Stranger, unknown to Defendant; nor met ever in life. Moreover, Defendant has already submitted his personal PayPal transactions to the Court. Fact of the matter is that number of transactions listed in alleged PayPal account is personal in nature. Furthermore, Defendant never spoke with any of Plaintiff investigators on the phone number indicated. As Defendant pointed out earlier, someone would have done this on Defendant behalf in order to subsequently denigrate Defendant's name, because he was a successful manager of LycaTV.

Defendant professionally worked in financial sector, since Lyca closure, Defendant struggled almost 3 years to get licensed to become a real estate mortgage agent; commission-based profession. The Honorable court is aware about the fact that online is the first and most reliable source to crosscheck about the real estate agent credibility before pitching their needs & requirements. Due to said lawsuit and fabricated defamatory online campaign against Defendant, when clients approach Defendant for their needs & requirements they check his name online from Google links - social media; Defendant name has been published negatively as owner of Chitram. (**"Copy of links attached as Exhibit 4"**)

Due to this defamatory online campaign, Defendant does not get enough clients to entertain his family needs; resultant; financial and mental stress made him diagnosed with high blood pressure and diabetes 2 months ago. Defendant completely blames the plaintiff and the plaintiff's lawyer for his medical condition and for knowingly publishing a negative name for Defendant and make his entire career and health miserable. (**"Copy of medical statements attached as Exhibit 5"**)

Plaintiff requesting honorable court for further Four months is clearly indicating that he stretching the matter further malafidely to cause further mental harm to Defendant. Fact of the matter is only that Plaintiff mentioning an anonymous phone number that was never under Defendant name and further claiming that it sold 4 boxes worth of 300$ and change to some test buyer. Furthermore, Plaintiff claims are full of contradictions that Defendant is a representative

and US Manager of ChitramTV; Server Owner of ChitramTV; head of sales in USA; website owner and Texas sales-man etc. Furthermore, to Justify his baseless prior malafide allegations against Defendant, Plaintiff have not provided a single piece of evidence. Regarding, PayPal account that clearly indicating, transactions were personal, money came in are return payments for Defendant upfront payment. ("herein attached as Exhibit A")

 The Court should not enter default judgment against Defendant or alternatively (1) should not extend the discovery deadline, for DISH; (2) as Court aware of the fact that Defendant is dealing with extreme difficult financial situation but still cooperating in this matter right from the beginning, besides, he is not US citizen; (3) allowing Defendant from introducing any evidence against malafide intent of Dish and claiming of damages for the criminal prosecution of innocent Defendant; and (4) dismissal of this contempt motion with fine as court think fit.


 I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.



Dated on the 21st of September, 2022

DINESH VIGNESWARAN

# EXHIBIT 4

Case 4:21-cv-00859   Document 72   Filed on 09/29/22 in TXSD   Page 10 of 23

# 3 Count: Twitch Takedown

🎙 Jonathan Bailey   ·  March 18, 2021





*Have any suggestions for the 3 Count? Let me know via Twitter @plagiarismtoday.*

## 1: DISH Network Sues ChitramTV For Copyright Infringement Over Purported Program Retransmissions

First off today, Kirsten Errick at Law Street Media reports that Dish Network has filed a lawsuit against Dinesh Vigneswaran, doing business as Chitram TV Canada and Chitram.ca for copyright infringement over programs that the Dish Network has the exclusive right to transmit.

# 'Pirate' IPTV Provider and Reseller Hit With $31m Copyright Lawsuit

April 4, 2021

 TM ⊚ 3 • News

US broadcaster DISH Network has built a reputation for going in hard against companies and individuals who offer unlicensed access to its channels.

Over the years the company has gone after card-sharing (IKS) operations but more recently its focus has been on 'pirate' IPTV providers that offer DISH programming to the public at a cheap price.

These cases rarely end well for the entities targeted by DISH, with courts happy to hand down large damages awards alongside broad, prohibitive injunctions. A new case filed in the United States this week sees DISH target yet another 'pirate' IPTV provider and the alleged manager of a reselling network, demanding considerable damages.

## Copyright Infringement Lawsuit Filed in Texas

DISH's lawsuit targets IPTV provider ChitramTV, which does business from the Chitram.tv domain. It also names Dinesh Vigneswaran, the alleged owner of ChitramTV Canada,

# DISH Wins $31m Judgment & Injunction Against Pirate IPTV Service & Resellers

November 16, 2021 by Andy Maxwell

HOME > LAWSUITS > IPTV AND STREAMING >

*In March, pirate IPTV provider ChitramTV was hit with a large copyright infringement lawsuit by DISH Network. This week a Texas court handed down a $31m judgment and a broad injunction that requires ChitramTV and resellers to cease-and-desist, third-party server companies to terminate services, and registries and registrars to disable domains. Even then, the case is still not quite over.*

As reported by TF back in March, DISH Network filed a huge lawsuit against pirate IPTV provider ChitramTV.



The complaint also named Dinesh Vigneswaran, the alleged owner of ChitramTV Canada, who allegedly does business from the Chitram.ca website. DISH claimed that ChitramTV obtained its broadcasts and streams, transferred them to its own servers, and then rebroadcasted them to subscribers of the Chitram service.

ChitramTV was accused of distributing, selling and promoting 'Chitram' set-top boxes and subscription packages containing more than 500 live TV channels and 10,000 movies, both directly to users and through a network of resellers, including Vigneswaran.

In an effort to shut the service down, DISH said it sent at least 134 copyright infringement notices to Chitram between July 2014 and November 2015. In December 2015, Chitram reportedly "temporarily ceased" transmitting DISH content but by December 2017, it was back online.

DISH Wins $31m Judgment & Injunction Against Pirate IPTV Service & Resellers * TorrentFreak

All direct complaints were ignored so DISH sent copyright notices to the service's CDN providers too but according to the broadcaster, Chitram simply moved its business elsewhere.

## Demands for Massive Statutory Damages

In its complaint, DISH demanded $150,000 in statutory damages for more than 200 registered works – around $31 million in total damages. The broadcaster also sought to take over the service's domains as part of a broad injunction. The case would not be straightforward, however.

While DISH had managed to identify Dinesh Vigneswaran from the beginning, finding out the identities and physical locations of those actually behind the main ChitramTV service (Does 1-10) proved impossible. Ultimately, the court allowed DISH to serve a summons to the names ChitramTV and Chitram.tv via two email addresses, one linked to a Chitram domain and another registered to Google. DISH later filed motions for default judgment against Vigneswaran and Does 1-10.

## DISH Wins $31m Judgment

This week District Judge Lynn N. Hughes handed down a default judgment in the case noting that after being served on August 20, 2021, the unknown individuals behind ChitramTV had not answered or otherwise appeared.

"DISH Network, L.L.C., will take $31,050,000 from ChitramTV, plus 0.15% post-judgment interest. This reflects the statutory damages of $150,000 for ChitramTV's willful infringement of 207 of DISH's registered copyrighted works," the Judge wrote.

While the $31m win makes for good headlines, the question of whether DISH will ever recover a penny remains unanswered for now. However, the Judge also issued a broad injunction that should make it much more difficult for ChitramTV to operate and sell its services in the United States.

## Broad Injunction

In response to DISH's requests, Judge Hughes' order requires ChitramTV to stop distributing the broadcaster's channels (or the works airing on those channels) in the United States. ChitranTV is also enjoined from distributing, selling, or promoting set-top boxes, subscriptions or services that provide access to DISH content. Importantly, the same also applies to its resellers, meaning that if anyone pops their head above the parapet on ChitramTV's behalf, DISH is likely to be right there.

The injunction also covers third-party service providers that have (or may in the future) allow ChitramTV to operate in the United States.

Several are named – Private Layer, IP Volume, Cooperative Investments, Owl Protect, Virtual Systems, Alkar0AS and FDCServers – but the list can be expanded to encompass other providers too. None are allowed to assist ChitramTV to distribute DISH content in the United States and are required to comply within 48 hours of receiving the order.

The injunction also covers registries and registrars that currently (or may in future) control ChitramTV-related domains including but not limited to Thulsi.tv, Chitram.tv, Chitram.ca, Oranthservice.site, and Newmembership.net. The .TV Corporation, Verisign, Canadian Internet Registration Authority and Radix FZC (and any future entities) are required to disable and then transfer to DISH any infringing domains. They too have 48 hours to comply with the order.

## IBCAP Welcomes The Judgment

The International Broadcaster Coalition Against Piracy (IBCAP), of which DISH is a member, welcomes the decision as it will allow them to shut ChitramTV down and target any resellers that may appear.

"We are very pleased with this legal victory as it will enable us and our members to shut down one of the most popular South Asian pirate services operating in the U.S. The injunctions imposed, along with the transfer of current and future domains associated with ChitramTV, will have a devastating effect on ChitramTV and any dealer selling ChitramTV," said Chris Kuelling, executive director of IBCAP.

"A dealer that continues to sell ChitramTV after receiving notice of the injunction will be in contempt of the Court's order and liable for further damages. Dealers should be aware that it's not worth risking their business by selling pirate IPTV services."

While the judgement stands, immediately after it was issued Judge Hughes withdrew the entry of default against Dinesh Vigneswaran, the only individual to be personally identified by DISH. The reason is that Vigneswaran did indeed answer the complaint and according to our monitoring of the case, that actually happened in late October. This means that the case is not over just yet.

7/21/22, 9:48 AM                        They condemn a pirate IPTV giant to pay 31 million

A↓Z **adsl zone**                                                                          Q

They condemn a pirate IPTV giant to pay 31 million

# They condemn a pirate IPTV giant to pay 31 million

**Alberto Garcia**  |  Posted on November 17, 2021 • 16:12

💬 0    f    🐦    ☽    📱    ✉



**Front page** ›  **News** ›  **TV Streaming** ›   They condemn a pirate IPTV giant to pay 31 million

New demonstration of **how dangerous it is to offer pirated IPTV** . For each work that
infringes rights, usually $150,000 is claimed in the United States. Now, a platform
offered hundreds of them, for which the fine they have received is up to **31 million
dollars** .

The Court for the Southern District of Texas in the United States has sentenced the **ChitramTV**
platform to a fine of **31.05 million dollars** for having infringed the **copyright of 207 works** , with a
fine of **150,000 dollars for each work** . Last March, the platform was sued for that amount, and
finally the plaintiffs, in this case **DISH Network** , have emerged the winner.

### ChitramTV: one of the biggest pirate websites in Asia

The owner of the service was **Dinesh Vigneswaran** , who offered the service in Canada through
the **Chitram.ca** website . The domain is still operational on that website, but the prices do not
appear. There are also other **Chitram websites** that offer links to Europe and Asia, where annual
prices are charged for their content. Specifically, **a player that came with preloaded links** at a price of
**119 euros per year** . In the case of links, they had a duration of **14 months** and cost **99 euros** . In
another version oriented to India they offer the option of 6 months for 59 euros.

TECH   INTELLECTUAL PROPERTY   NEWS

# DISH Network Sues ChitramTV For Copyright Infringement Over Purported Program Retransmissions

by KIRSTEN ERRICK   MARCH 17, 2021

On Tuesday, television provider DISH Network L.L.C. filed a complaint in the Southern District of Texas against Dinesh Vigneswaran doing business as Chitram TV Canada and Chitram.ca (Vigneswaran) as well as unknown individuals doing business as ChitramTV and Chitram.tv (collectively Chitram) for copyright infringement over the defendants' purported retransmission of programs of which DISH has the exclusive distribution and performance rights.

According to the complaint, DISH "contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents." DISH noted that it entered into licensing agreements with various networks, which granted DISH "the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States." DISH added that its exclusive distribution and performance rights are currently in effect. However, DISH averred that "Chitram is taking television channels exclusively licensed to DISH and is unlawfully retransmitting these channels throughout the United States on Defendants' ChitramTV service (the Chitram Service) to customers who purchase Defendants' Chitram set-top boxes and Chitram Service subscriptions."

DISH argued that it did not authorize the alleged conduct and it has not been compensated. DISH asserted that the defendants are willfully infringing copyrights because they have continued to retransmit DISH's exclusively licensed channels, despite DISH's request that they cease this conduct.

The plaintiff contended that the defendants use the "Chitram Service to transmit the Protected Channels to Service Users soon after the original authorized transmission." Specifically, Chitram allegedly "takes broadcasts or streams of the Protected Channels, transfers them to one or more computer servers provided, controlled, and maintained by Chitram, and then transmits the Protected Channels to Service Users through (over-the-top) OTT delivery to subscribers in the United States." Thus, anyone with internet access can allegedly receive the protected channels via Chitram by purchasing a Chitram set-top box and a Chitram Subscription.

Consequently, DISH averred that the defendants are responsible for this alleged retransmission and copyright infringement, not only through their conduct but also by their claims that Chitram is "one of the major IPTV service provider(s) worldwide offering content." DISH proffered that other features, such as its CatchupTV and Timeshift features a copy of the original work in order to form their purported function, but, as a result, also infringe on DISH's rights.

The counts against the defendants include direct copyright infringement and inducing and materially contributing to copyright infringement.

DISH seeks a permanent injunction; an award for damages, costs, and fees; impoundment and disposition of all infringing articles; an order permanently transferring the defendants' domain names to DISH; pre- and post-judgment interest; and other relief.

DISH is represented by Hagan Noll & Boyle LLC.

  Gaming and Codes    Esports    Other games and toys

We are talking about DISH , the largest satellite provider in the United States. The company has been one of the toughest hacking companies in the world for years, focusing on people who offer their signals unlicensed. A few years ago I was going against IKS, but currently the fight is practically against pirated IPTV, which is the most popular modality in recent years.

# Hundreds of IPTV channels with annual or semi-annual subscription

These types of cases are quite lucrative for companies like DISH, as they tend to win lawsuits quite easily, and receive millionaire compensation for this activity, therefore, they report anyone they see who is duplicating their signal. The latest to receive a lawsuit was ChitramTV , which uses the chitram.tv domain. It is owned by Dinesh Vigneswaran, and reportedly operates from Canada, Germany, the United States or the United Kingdom , although the trace seems to indicate that it is based in Germany.

The platform takes IPTV signals and shares them through its servers with service subscribers. To subscribe, you must buy an IPTV box offered by the seller, and which has all the links preloaded. The duration of the subscription is 1 year, and you can pay 99 euros to renew it for 14 months, or 59 euros for 6 months. The reader, purchased separately, costs 40 euros. Acquiring channels for such a long time is one of the main dangers of pirated IPTV because you can run out of them after a few days or weeks and not get your money back.

We use cookies to ensure you get the best experience on our website. If you continue to use this site we will assume that you are happy with it.

OK      Nope

☰ The Tech Zone                                                                    🔍

# $ 31 million for a lawsuit

March 22, 2021 by The Tech Zone

We speak about DISH, the most important satellite tv for pc supplier within the United States. The firm has been one of many hardest-fighting piracy firms on the planet for years, specializing in these people who provide their indicators with out a license. A couple of years in the past I used to be going in opposition to the IKS, however at the moment the struggle is virtually in opposition to pirated IPTV, which is the most well-liked modality lately.

## Hundreds of IPTV channels with annual or biannual subscription

These varieties of instances are fairly profitable for firms like DISH, since they have an inclination to win lawsuits fairly simply, and obtain millionaire compensation for that exercise, therefore they report anybody they see that replicates their sign. The final to obtain a lawsuit was ChitramTV, which makes use of the chitram.television area. It is owned by Dinesh Vigneswaran, and reportedly operates from Canada, Germany, United States or United Kingdom, though the hint appears to point that it's based mostly in Germany

The platform takes the IPTV indicators and shares them by its servers to subscribers of the service. To be a subscriber, it's obligatory to purchase an IPTV field provided by the vendor, and that has all of the hyperlinks preloaded. The length of the subscription is 1 yr, and you'll pay 99 euros to resume it for 14 months, or 59 euros for 6 months. The participant, bought individually, prices 40 euros. Acquiring    ^

Big Law

# Dish Network Files Copyright Infringement Lawsuit Against ChitramTV Over Program Retransmissions

News.law    • March 18, 2021    💬 0    🔥 177



Like 0        Share 0

On Tuesday, television provider DISH Network L.L.C. filed a complaint in the Southern District of Texas against Dinesh Vigneswaran doing business as Chitram TV Canada and Chitram.ca (Vigneswaran) as well as unknown individuals doing business as ChitramTV and Chitram.tv (collectively Chitram) for copyright infringement over the defendants' purported retransmission of programs of which DISH has the exclusive distribution and performance rights.

According to the complaint, DISH "contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents." DISH noted that it entered into licensing agreements with various networks, which granted DISH "the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States." DISH added that its exclusive distribution and performance rights are currently in effect. However, DISH averred that

United States Courts
Southern District of Texas
FILED

SEP 29 2022

Nathan Ochsner, Clerk of Court

# EXHIBIT 5

 

# Fenton Medical Center

**Fenton Medical Center**
Dr.Rajaratnam Kirubaharan, MD, MBBS, CCFP
Dr.Shanthiya Sanmugathas MD

FentonMedicalCenter • 2 Fenton Rd, Unit 4 • Markham • Ontario • L3R 7B4 • Phone: 905-948-9455 • Fax: 905-948-0570

Aug 4, 2022

**Billing Number:  014614**

**TO:**
Referral Note

**PATIENT DETAILS:**
**VIGNESWARAN DINESH**
25 RUSHWORTH DRIVE
AJAX, , L1Z1S2

**Health Card:**
9354301500XN
**Date of Birth:**
1983-12-12

CHIEF COMPLAIN

ASSESSMENT

To whom it may concern,
Dinesh has been diagnosed with diabetes + high blood pressure and he is
on medications to control from last two months.

WORKUP

MEDICAL HISTORY

MEDICATIONS                                              ATTACHMENT

Thank you for seeing VIGNESWARAN DINESH; please use the reference number below on all communications and do contact our practice if
further information is needed.

Dr.K.Kirubaharan

| Preferred Appointment Time (if any) | | Actual Appointment | |
|---|---|---|---|
| | **Date:** | | **Time:** |

Note:

**Reference Number:**
F4-91523

Generated using eMedDesk EMR/CMS one-click solution!
Visit or Call Us at www.eMedDesk.com / 416-845-3826



**Fenton Medical Center**
Dr.Rajaratnam Kirubaharan, MD, MBBS, CCFP
Dr.Shanthiya Sanmugathas MD

Fenton Medical Center • 2 Fenton Rd, Unit 4 • Markham • Ontario • L3R 7B4 • Phone: 905-948-9455 • Fax: 905-948-0570

Name:  DINESH VIGNESWARAN
DoB:  1933-12-12
HC ID: 9354301500XN

Aug 4, 2022
CPSO # 073526

**METFORMIN 500 MG->NO SUBSTITUTION**
Qty: 500 Freq.: BID Dose: 2Tablet

**METOPROLOL 100 mg**
Freq.: QHS Dispense: 3Month(s) Dose: 1 Refill(s): 3  For: 3 Month(s)

Dr.R. Kirubaharan



**COMMERCIAL INVOICE / CN23    FACTURE COMMERCIALE / CN23**

Sender / Expéditeur
dinesh vigneswaran
25 Rushworth Dr
Ajax ON  L1Z 1S2
Canada
Addressee / Destinataire

NATHAN OCHSNER – CLERK OF COURT
PO BOX 61010
HOUSTON TX  77208
UNITED STATES

Item ID
N° d'article                    CX 676 113 145 CA
Date                            2022 09 21
Reference No.
N de référence

Reason for Export
Raison de l'exportation
Tax ID/GST/VAT/EIN
Références de destinataire
Gross Weight
Poids brut                      0.235 kg

9999999999

| Quantity Quantité | Description of Contents Description du contenu | HS Tariff Code Code tarif SH | Country of Origin Pays d'origine | Net Weight (kg) Poids net (kg) | Total Value Valeur totale |
|---|---|---|---|---|---|
| 1 | Documents | | | 0.000 | 100.00 |
| | | | | | |
| | | | | | |

|  |  | TOTAL | Currency & Value Devise et valeur | CAD 100.00 |

J'ay accep té, l'expéditeur des merchandses, atteste que l'information fournie sur la présente déclaration relative à la lecture est véridique et correcte et que la colis ne contient pas de merchandses dangereuses ou prohibées, conformément aux conditions générales de transport.

I, the undersigned exporter of goods, certify that the particulars given in this invoice declaration are true and correct to the best of my knowledge and that the items do not contain any dangerous or prohibited articles as defined in the General Conditions of Carriage.

SIGNATURE:
*DGRPVDV2209.0.257                            SPEC 3627 V4
                                              Page 1   of/de 1

---

**CANADA POSTES**
**POST CANADA**                                    **2**

Expedited Parcel ™ – USA | Colis accélérés   ™– É.-U.

From/De :

dinesh vigneswaran
25 Rushworth Dr
Ajax ON  L1Z 1S2
Canada

Postage paid / Port payé
C0100560
Date
2022 09 21
Gross Weight / Poids brut
0.235 kg
Insured Value / Valeur assurée
$100.00 CAD
Postage Rate / Tarif d'affran.

To/À :          Tel No.  N° de tél.:
                9999999999

$24.71 CAD
Transaction No. / N° de transaction
0200755569
Non-Delivery Instructions
Instructions de non-livraison
treat as abandoned
traiter comme abandonné

NATHAN OCHSNER – CLERK OF COURT
PO BOX 61010
HOUSTON TX  77208
UNITED STATES

See Commercial Invoice CN23 Attached   Voir la facture commerciale ou le CN23 adjoint
**UNITED STATES POSTAL SERVICE®**   **PRIORITY MAIL®**

USPS TRACKING™ #

CX 676 113 145 CA

Sender warrants that this item does not contain non-mailable matter.
L'expéditeur garantit que cet envoi ne contient pas d'objet inadmissable.
DGRPVD V2209.0.257                            SPEC 3697 V3
Ipping Label                                  Étiquette d'expédition