| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| DISH Network L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-21-859 |
| | § | |
| Dinesh Vigneswaran, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Plaintiff DISH Network L.L.C.'s Reply in Support of its Motion for Contempt and Sanctions

Plaintiff DISH Network L.L.C. ("DISH") submits this reply in support of its Motion for Contempt and Sanctions against Defendant Dinesh Vigneswaran (the "Motion").

### I.      Introduction

While DISH is painfully aware that Defendant is proceeding without counsel, his pro se status is not an exemption from initial disclosures, interrogatories, or requests for production. The Court made this clear in its July 12th order by overruling Defendant's objections and excuses and ordering him to "*fully and completely* respond" to DISH's requests for production and interrogatories and to supplement his initial disclosures. (Dkt. 64, the "Discovery Order" (emphasis in original).) Because Defendant has spurned multiple opportunities over the last several months to correct his initial disclosures and discovery responses, including after the Discovery Order and the Motion, severe sanctions including default judgment are now warranted. While the arguments in Defendant's response are difficult to follow, what is clear is that they are virtually

identical to the ones he made in response to DISH's motion to compel (Dkt. 63.), which

the Court overruled in the Discovery Order, and they are properly overruled again. (Dkt.

65, "Def.'s Resp.)

## II.      Argument

**A.      Defendant Still Has Not Made Initial Disclosures or Supplemented His Inadequate Interrogatory Responses.**

Defendant has had ample time to make initial disclosures and respond to

interrogatories – but instead of productively using this time to cooperate in discovery, he

has responded with the same repetitive, conclusory objections and denials that have

defined his recalcitrant and combative style throughout this case. (*See* Discovery Order

at ¶ 1 ("Dinesh Vigneswaran has exhausted the court's patience with his recalcitrance in

participating properly in this lawsuit. The court has been overly accommodating to his

current situation, but he continues to make repetitive objections – which the court has

already overruled.")

About eight months ago, Defendant purported to serve initial disclosures. (Dkt.

47.) But they failed to provide the information required under Rule 26(a)(1). Namely, the

disclosures do not provide the names of individuals likely to have discoverable

information and their contact information or describe documents that may be used to

support Defendant's claims or defenses. (*Id.*) Rather than provide this information,

Defendant in his disclosures made statements not called for under Rule 26(a)(1).[1]

---

[1] By way of example, Defendant denies he had any contact with the individuals and entities listed in DISH's initial disclosures and he denies the allegations in the complaint – both uncalled for under Rule 26(a)(1). (Dkt. 47.)

Defendant did not provide any additional or supplemental initial disclosures and his purported initial disclosures remain inadequate because they do not contain names of witnesses or descriptions of documents. Fed. R. Civ. P. 26(a)(1).

Defendant has had more than enough time to cure his improper initial disclosures, but he has willfully refused to do so. He could have cured them in April after DISH sent Defendant a meet and confer letter highlighting the deficiencies and requesting that he fix them. (Dkt. 62-1 at ¶ 5, Ex. 4.) He could have cured them in June after DISH moved to compel and in July after the Court granted the motion and ordered new disclosures. (Dkts. 62, 64.) He could have cured them in August after DISH sent him a second meet and confer letter. (Dkt. 68-1 at ¶ 5, Ex. 4.) Finally, he could have cured them in September in response to this Motion. (Dkt. 68.)  Instead – eight months after serving deficient disclosures and two months after being ordered to fix them – Defendant still will not fix his initial disclosures. (Def.'s Resp., at 1.)[2]

Defendant answered the complaint about a year ago (Dkt. 38), but the case has not sufficiently progressed because of his deficient disclosures. Without proper disclosures, DISH is prejudiced because it cannot contact Defendant's witnesses, identify and review his evidence, evaluate the merits of his defenses, or adequately prepare for depositions, summary judgment, and trial. *See Haynes v. Otho*, No. MO-16-cv-00096-DC, 2017 WL 11645307, at \*2 (W.D Tex. Nov. 17, 2017) (granting default judgment where pro se defendant did not make initial disclosures or respond to discovery); *Horace v. Univ. of Tex.*

---

[2] If Defendant is confused about the type of disclosures required of him under Rule 26(a)(1), he could have agreed to participate in phone calls that DISH requested in meet and confer letters, rather than choose only to participate in writing through "official correspondence." (Dkt. 68-1 at ¶ 6, Ex. 5.)

*Health Sci. Ctr. at Hou.*, No. H-12-01371, 2013 WL 2422636, at *1 (S.D. Tex. June 3, 2013) (dismissing pro se party's case with prejudice where he failed to make disclosures preventing other party from evaluating the merits of the case or taking that party's deposition); *Lowe v. Extend Health, Inc.*, No. 3:14-CV-1407-K, 2016 WL 7745173, at *2–3 (N.D. Tex. Dec. 12, 2016) (dismissing pro se party's case and stating that the failure to provide initial disclosures prevents the other party from preparing their case).

Defendant has treated the Court's order to "fully and completely" answer Interrogatories 1 and 4–12 with the same stubborn disregard as his initial disclosures. (Dkt. 64 at ¶ 3.) For six months Defendant has failed to adequately respond to these interrogatories and he has willfully refused to avail himself of multiple opportunities to fix them in April, June, July, August, and September. (*See* Dkts. 62, 62-1 at ¶ 5, Ex. 4, 64, 68, 68-1 at ¶ 5, Ex. 4.)

As with his initial disclosures, Defendant claims to have adequately responded to the interrogatories. (Def.'s Resp. at 1.) But as the Court previously found and as shown again now, this is not correct. (Dkt. 64 at ¶ 3.) Indeed, Defendant has provided no supplementation to any of the interrogatories, even after the Discovery Order required that he do so.

For Interrogatory 1, Defendant still refuses to identify or explain when he created the "Chitramtvcanada" PayPal account, how much money the account received, the email address and phone number associated with the account, the IP addresses Defendant used to access the account, and all transactions concerning sales of Chitram set-top boxes and service subscriptions. (Dkts. 58, 63.) Defendant admits he "opened" this

4

account under the name "Chitramtvcanada" to get "reimbursed" from sales of Chitram set-top boxes and subscriptions – and thus Defendant should have access to this information. (Def.'s Resp. at 3, 6.) Defendant's vague and unbelievable explanations that those who sent money to him are "stranger, unknown to Defendant" and that an individual named "Arav Sai" "controlled" his PayPal account fail to sufficiently explain why Defendant cannot currently access it or gather the requested information. (*Id.* at 2, 6.)

For Interrogatory 4, Defendant clings to the same boilerplate objection the Court previously overruled, and Defendant has willfully refused to state his annual unit and dollar sales. (Dkts. 58, 63–64.) Defendant's statement that he was and is not a "representative, agent, [and] owner…of the ChitramTV" likewise fails to explain why he cannot obtain the requested information from the Chitramtvcanada PayPal account or from communications with his purported ChitramTV handler Arav Sai. (Def.'s Resp. at 3, 6.)

For Interrogatories 5–7, Defendant has willfully refused to provide any responses, despite the Court overruling his objections. (*See* Dkts. 58, 63–64.)

For Interrogatory 8, while Defendant claims that Arav Sai compelled him to sell ChitramTV, he has still willfully refused to identify the ChitramTV products he sold, describe how they were marketed, or describe ChitramTV's customer service operation. (Dkt. 63.)

For Interrogatory 9, Defendant has willfully refused to say what he did to ensure that certain channels exclusively licensed to DISH were not transmitted on Chitram set-top boxes or subscriptions. (*Id*.)

For Interrogatory 10, Defendant has willfully refused to identify his customers and resellers, the number of Chitram set-top boxes and subscriptions sold to each customer or reseller, or explain how he was compensated from sales. (*Id*.) Defendant provides no explanation for why he lacks this information or what he has done to seek to obtain it, such as by reviewing the Chitramtvcanada PayPal account or communications with Arav Sai. (*Id*.)

For Interrogatories 11 and 12, Defendant has willfully refused to explain what he knows about the *www.chitram.ca* website or identify all of his financial accounts. (*Id*.) DISH requested Defendant to supplement his responses to Interrogatories 1 and 4–12 on several occasions, including in its motion to compel and two meet and confer letters, but Defendant will not comply even after issuance of the Discovery Order and this Motion.

**B.      Defendant's Document Production is Inadequate and He Has Not Explained What He Did to Search for Responsive Documents.**

Nearly a year after answering the complaint, Defendant has produced no responsive documents except for heavily redacted statements from three bank accounts[3]

---

[3] DISH requested unredacted bank statements from Defendant because "[t]he unilateral redaction of parts of a produced document is inconsistent with the discovery rules and privileges." *Gen. Elec. Co. v. Mitsubishi Heavy Indus., Ltd.*, 2011 WL 13202145, at *4 (N.D. Tex. Sept. 14, 2011); (Motion at 8). But Defendant has not provided them, instead claiming – without authority – that although he is a defendant in this case, he "is not a subject of US civil law" and that "the precedents of law [DISH] mentioned are not applicable" to him. (Def.'s Resp. at 6.)

that were identified in his PayPal account,[4] and which DISH specifically requested by account number. (Dkts. 67 1–5.) Defendant admits he sold Chitram set-top boxes and subscriptions for several years, accepted payment through PayPal, and reported to Arav Sai – however, he has produced no accounting or financial records other than heavily redacted bank statements, no communications with or information about customers or resellers, and no communications with or information about Arav Sai or other ChitramTV representatives. (Def.'s Resp. at 2, 6–7.) Defendant claims to have "already given all the information he knows," but this is inadequate because it is not clear if Defendant has complied with Rule 34's requirement to search for and produce documents within his "possession, custody, or control." (*Id.* at 1); Fed. R. Civ. P. 34(a)(1).

Defendant did not respond to DISH's argument that Defendant's failure to produce the materials listed above, to which it would appear he should reasonably have access, raises serious doubts about the diligence of his investigation. (Motion at 9–11.) Defendant also did not respond to DISH's argument that if responsive documents once existed but were lost, he must explain how this happened. (*Id.* at 11 n.6.) Accordingly, Defendant is deemed to have conceded that these unanswered questions require him to submit a supplement to show the sufficiency of his investigation. *See Safe Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. 2021) ("[T]he failure to respond to arguments constitutes abandonment or waiver of the issues.").

---

[4] Defendant claims to have produced his PayPal account statements to DISH during discovery, but it was DISH that obtained these records from PayPal through a subpoena – not Defendant.

**C.    Default Judgment Should be Entered Against Defendant for His Willful Failure to Make Initial Disclosures or Adequately Respond to Discovery.**

The Court has broad discretion to "fashion remedies suited to the misconduct," except that for the strictest sanction of default judgment, there should be a "finding of bad faith or willful misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Additionally, before entering default, courts should consider whether a "less drastic remedy would be more tailored to the misconduct…." *Id.*

Here, the severest sanction of default judgment is warranted because Defendant acted willfully in refusing to adequately respond to DISH's discovery or make disclosures. Defendant has had multiple opportunities to respond to discovery requests and make disclosures – including after two meet and confer letters, a motion to compel, order to compel, and this Motion – but he has failed to do so. (Dkts. 62, 64, 68.) Defendant cites 16 documents in his response that he claims show he has complied, but only two of them are dated after the Court issued the Discovery Order on July 12.  However, neither of those two documents included supplemental initial disclosures or discovery responses. (Def.'s Resp. at 5.) Defendant has admittedly not supplemented his discovery responses or initial disclosures at any time after the Court overruled his objections and ordered him to do so.

Defendant's apparent reasons for failing to comply with the Discovery Order rehashes arguments the Court previously overruled or otherwise have no merit. Defendant's primary excuse is that he was "compelled by ChitramTV contact Arav Sai" to sell Chitram set-top boxes and subscriptions. (Def.'s Resp. at 2, 6–7.) But even if this

8

were true, it would not exempt him from discovery. Moreover, Defendant already made

this argument in response to DISH's motion to compel – numerous times – and the Court

ruled against him. (*See* Dkt. 65, Def.'s Resp. to Mot. to Compel, at 2, 3, 5, 7–8, 15.)[5] Nor is

Defendant exempt from complying with discovery rules, as he claims, by virtue of being

a Canadian citizen. (*Id*. at 2, 6–7); *see* Fed. R. Civ. P. 1 (stating that federal discovery rules

apply in all civil actions in United States district courts).

Less drastic sanctions would not adequately remedy Defendant's willful

misconduct. The Fifth Circuit has "[r]ejected the view that a court is required to attempt

to coax parties into compliance with its order by imposing incrementally increasing

sanctions." *Timms v. LZM, L.L.C.*, 657 F. App'x 228, 231 (5th Cir. 2016). Default judgment

is appropriate where, as here, a party is uncooperative in responding to discovery and

subsequently does not abide by a court's order aimed at remedying the problem.[6] *Id*.

(citing *United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003)); *see Chilcutt v.*

*United States*, 4 F.3d 1313, 1319–21 (5th Cir. 1993) (affirming district court's decision to

deem liability facts against defendant established for failing to respond to plaintiff's

---

[5] Def.'s Resp. to Mot. to Compel at 2 ("Arav Sai was one of them who asked Defendant to promote their product in North America…."); at 3 ("Defendant was used by Arav Sai for his personal gain but fact of matter is that the Defendant was also in financial crises…."), at 3 ("[I]t is an established fact right from day one that Defendant was compelled by ChitramTV contact Arav Sai of opening a PayPal account name 'chitramtvcanada'…."); at 5 ("It is pertinently mention that is an established fact right from the day one that Defendant was compelled by chitramTV contact Arav Sai…."); at 7 ("The Chitram TV representative Arav Sai was one of them who asked Defendant to promote their product in North America."); at 8 ("Defendant arranged payment through loan from friends and family and paid to Arav Sai in compensation to provide alternative source of similar services to his old LycaTV customers, who pressurizes Defendant for the refund."); at 15 ("Due to Lyca TV eventually closing their TV product and Defendant was redundant, he was really in need of those funds to accommodate his family/kids. At that point of time Arav Sai bring up solution for Defendant from ChitramTV.").

[6] Alternative sanctions were proposed in the Motion, but it does not appear that those less severe sanctions will obtain Defendant's compliance because of his continued recalcitrance. (Motion at 12-16.)

discovery requests); *Otho*, 2017 WL 11645307, at *2 (granting default judgment against

pro se defendant for failing to respond to discovery requests or make initial disclosures).

### III.     Conclusion

Defendant had eight months to cure his deficient initial disclosures and six

months to supplement his inadequate discovery responses. But Defendant failed to do so

– choosing instead to continue to press the same objections, denials, and excuses that the

Court already rejected. Default judgment is an appropriate sanction because prior orders

and warnings have failed to bring Defendant into compliance.

Dated:  October 6, 2022                     Respectfully submitted,

                                            HAGAN NOLL & BOYLE LLC

                                            By: /s/ Stephen M. Ferguson
                                            Stephen M. Ferguson (attorney-in-charge)
                                            Texas Bar No. 24035248
                                            Southern District of Texas Bar No. 614706
                                            Two Memorial City Plaza
                                            820 Gessner, Suite 940
                                            Houston, Texas 77024
                                            Telephone: (713) 343-0478
                                            Facsimile: (713) 758-0146

                                            *Counsel for Plaintiff DISH Network L.L.C.*

**Certificate of Service**

I hereby certify that on October 6, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all CM/ECF participants in this case, and the document was emailed and placed in a sealed envelope with postage thereon fully prepaid and then deposited the envelope with the United States Postal Service, addressed to the following non-CM/ECF participant:

Dinesh Vigneswaran
25 Rushworth Drive
Ajax, Ontario L1Z 1S2
Canada
dineshvigneswaran119@gmail.com
*Defendant*

/s/ Stephen M. Ferguson
Stephen M. Ferguson (attorney-in-charge)