UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DISH Network L.L.C., § § Plaintiff, § § Versus § § Dinesh Vigneswaran, et al., § § Defendant (Dinesh)s. § | Civil Action H-21-859 United States Courts Southern District of Texas FILED OCT – 6 2022 Nathan Ochsner, Clerk of Court |

## RESPONSE TO PLAINTIFF DISH NETWORK L.L.C.'S RESPONSE TO ORDER TO CLARIFY

Defendant Dinesh Vigneswaran comply with the Court's response of Plaintiff Dish against the order to clarify (Dkt. 70 at ¶ 3.) dated September 28, 2022, seeking statutory damages of $2,850,000 and a permanent injunction against the Defendant Dinesh Vigneswaran. Defendant categorically testify right from the being of said copyright infringement lawsuit against Defendant that he is/was never a representative, agent, owner or any lawful individual who can represent/response on the behalf of the ChitramTV; Defendant have no knowledge concerning all aspects of liability and damages pertaining to ChitramTV copyright infringement.

Pertinently, in "Plaintiff's Dish Network L.L.C response to order to clarify", September 28, 2022, Plaintiff claimed that he sent an order/notice to Defendant Dinesh Vigneswaran to stop promoting Chitram services in November 2020 and furthermore misleading the Court by vesting allegations against the Defendant that beside notice of stopping ChitramTV services promotion he was continuously promoting Chitram services. Defendant categorically denied such baseless claim by Plaintiff, in fact, Defendant never served an order by Plaintiff in November 2020. Moreover, on March, 2021 Defendant received first letter and in result

Defendant immediately submitted his response. Meanwhile, since then the Defendant show his unconditionally cooperation in said matter and submitted & part of all the legal correspondence directly with the Honorable Court as well to the Plaintiff. Furthermore, burden of proof is on the Plaintiff to proof and justify his claim to the Honorable Court that he served any such order/notice on November, 2020 and proof of to which address it was sent to and confirmation of receipt by defendant.

Furthermore, Defendant right from the day one categorically denied the allegations are baseless, malafide, ill-willed with intent to justify their personal vendetta and maliciously bestow against him by Plaintiff and firmly stated to the Honorable Court that he is nor representative, agent, owner or any lawful individual who can represent on the behalf of the ChitramTV and never promoted or sold Chitram services or owned any business in the United States.

It is pertinently mentioned here that as per Plaintiff claim in "response to the order to clarify" that Defendant has actual knowledge about Chitram Service as copyright infringing against DISH, and that's the reasons seeking additional relief and gaining time clearly indicating that they are stretching the matter further malafidely to cause further mental harm to Defendant. Meanwhile, Plaintiff requesting more time to justify his malicious prosecution of Defendant is clearly indicating that they are willfully stretching the matter further malafidely. Furthermore, Plaintiff claims are full of contradictions that Defendant is a representative and US Manager of ChitramTV; Server Owner of ChitramTV; head of sales in USA; website owner and Texas sales-man etc. Furthermore, to justify his baseless prior malafide allegations against Defendant, Plaintiff have not provided a single piece of evidence.

Furthermore, Plaintiff mentioned that Dish network LLC was rewarded with maximum amount of statutory damages of $31,050,000, and requesting a judgment against Defendant Dinesh Vigneswaran for $2,850,000, which is $150,000 for each of 19 registered, copyrighted works that aired after DISH notified Vigneswaran in November 2020 of the infringement; resultant, burden of proof is on the Plaintiff to proof and justify his claim to the Honorable Court that he served any such order/notice on Novermber, 2020 and proof of to which address it was sent to and confirmation of receipt by defendant. Honorable Court shall administer that how come the Defendant is responsible for what is aired by Chitram?, and how

can Defendant Dinesh be aware of each channels/works aired? Defendant is nor representative, agent, owner or any lawful individual to give his opinion/comment about ChitramTv.

In the light of above stated facts, the Honorable Court shall not allow Plaintiff plea to further drag the matter to another year or two. Defendant humble submission stated that Court shall dismiss Plaintiff proposed case deadline extension and passes default judgement in favor of Defendant in the light of following: (1) should not extend the discovery deadline, for DISH; (2) as Court aware of the fact that Defendant is dealing with extreme difficult financial situation but still cooperating in this matter right from the beginning, besides, he is not US citizen; (3) allowing Defendant from introducing any evidence against malafide intent of Dish and claiming of damages for the criminal prosecution of innocent Defendant; and (4) dismissal of Plaintiff's status report with fine as court thinks fit.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND USE AS EVIDENCE IN COURT AND IN SUBJECT TO PENALTY FOR PERJURY.

Dated on the 29th of September, 2022

DINESH VIGNESWARAN

Dinesh Vigneswaran
25 Rusholme dr
Ajax ON
L1Z1S2
CANADA

Nathan Ochsner
Clerk of Court
P.O. Box 61010
Houston TX 77208

2209301644
3808 M4L
CANADA 1.30

United States Court
Southern District of Texas
FILED
OCT 6 2022
Nathan Ochsner, Clerk of Court

772081010 B001