United States District Court
Southern District of Texas
**ENTERED**
January 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DISH NETWORK, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-00859 |
| | § | |
| **DINESH VIGNESWARAN d/b/a** | § | |
| **CHITRAM TV CANADA and** | § | |
| **CHITRAM.CA,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a copyright infringement case. Pending before the Court is Defendant Dinesh Vigneswaran's Rule 60(b)(6) Motion to Set Aside November 15, 2022 Default Judgment and Injunction. (Dkt. No. 82). For the following reasons, the Court **DENIES** the Motion.

## I.  BACKGROUND[1]

Dinesh Vigneswaran, a Canadian national initially proceeding pro se until earlier this year,[2] was sued by DISH Network, LLC ("DISH") for copyright infringement in Spring 2021.[3] (*See* Dkt. No. 1 at 17). Judge Lynn Hughes presided over this case until it was reassigned to the undersigned on May 25, 2023. (*See* Dkt. No. 83).

---

[1]  The Court makes these factual findings for the sole purpose of this Order.

[2]  It is unclear from the record when Vigneswaran retained counsel. The pending motion, however, was filed by counsel on May 25, 2023. (*See* Dkt. No. 82 at 11). The Court treats this as the effective date that his representation by counsel began.

[3]  The infringement's scope is detailed throughout the record, (*see, e.g.*, Dkt. No. 35-1), and need not be repeated here.

During the time his case was pending before Judge Hughes, Vigneswaran had default judgment entered against him twice—first, because he failed to answer,[4] (Dkt. No. 31), and second, as a result of sanctions, (Dkt. No. 76). The latter is central to the pending motion.

On September 9, 2022, over a year after DISH sued, DISH moved to hold Vigneswaran in civil contempt because he violated a discovery order entered by Judge Hughes and was evasive during the discovery process. (Dkt. No. 68). DISH requested that the Court sanction Vigneswaran for this behavior with entry of a default judgment. (*Id.* at 2). Judge Hughes agreed. (Dkt. No. 76 at 1). Specifically, Judge Hughes found that Vigneswaran's discovery violations were willful, attributable to him, and substantially prejudiced DISH. (*Id.* at 5–6). Judge Hughes also found that lesser sanctions were inappropriate. (*Id.* at 6–7). Vigneswaran, still proceeding pro se at the time, initially appealed the sanctions order, (Dkt. No. 78), but the appeal was dismissed because he did not pay the filing fee, (Dkt. No. 81). Vigneswaran then retained counsel, filed the pending Motion, (Dkt. No. 82), and this case was subsequently transferred to the undersigned. (Dkt. No. 83). With briefing complete, the Court turns to the Motion's merits.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), grounds for relief from judgment include:

> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[4] Judge Hughes withdrew this order because Vigneswaran filed an answer to the original complaint after entry of default judgment. (Dkt. Nos. 38, 41).

>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). The Fifth Circuit "has consistently held that relief under [Rule] 60(b)(6) is mutually exclusive from relief under sections (1)-(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). "This means that 'the reason for relief set forth' in the other subsections of Rule 60(b) 'cannot be the basis for relief under Rule 60(b)(6).'" *Curtis v. Brunsting*, 860 F.App'x 332, 335 (5th Cir. 2021) (quoting *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (alterations omitted)). Accordingly, Rule 60(b)(6) relief is warranted only if extraordinary circumstances are present, and those circumstances are not covered under another Rule 60(b) ground. *See Hess*, 281 F.3d at 216 (describing Rule 60(b)(6) as a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."). The movant bears the burden of showing that relief is warranted under Rule 60(b). *See Hess*, 281 F.3d at 216.

### III.     DISCUSSION

As an initial matter, a Rule 60(b)(6) motion must be filed within a reasonable time, although there is no express deadline. *See* Fed. R. Civ. P. 60(c)(1). The Court assumes without deciding that the Motion is timely under Rule 60(c).[5]

Vigneswaran's argues that Judge Hughes's imposition of default judgment was manifestly unjust in light of his pro se status at the time. (Dkt. No. 82 at 5–10). DISH responds that Judge Hughes applied the correct legal standard in imposing sanctions and that Rule 60(b)(6) relief is unwarranted. (Dkt. No. 84 at 16–21). The Court agrees with DISH.

A motion under Rule 60(b)(6) should only be granted where the initial judgment was "manifestly unjust," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993), and where "extraordinary circumstances are present." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773-74 (5th Cir. 1995) (quoting *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815–16 (5th Cir.1993)). This is not such a case.

While Judge Hughes's order imposed a heavy penalty against Vigneswaran, it was not "manifestly unjust" or "extraordinary." The order was not entered *sua sponte*, but because DISH requested entry of default judgment. (*See* Dkt. No. 68 at 2). Further, in finding such relief was warranted, Judge Hughes relied on Fifth Circuit law upholding default-judgment sanctions for discovery order violations. (*See* Dkt. No. 76 at 5–7) (citing *United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003)).

---

    5    It is worth noting, however, that although the Motion is not brought under subsections (1), (2), or (3), it was filed within the one-year limitation for doing so. *See* Fed. R. Civ. P. 60(c)(1).

4

A litigant's pro se status does not insulate him from sanctions or dismissals. *Cf. Campbell v. Maye*, No. 1:10-CV-00463, 2010 WL 2671725, at *5 (W.D. Tex. June 30, 2010), *aff'd*, 428 F.App'x 382 (5th Cir. 2011). In fact, pro se litigants' cases are regularly dismissed for want of prosecution when they fail to comply with court orders. *See, e.g., Rice v. Doe*, 306 F.App'x 144, 146 (5th Cir. 2009) (per curiam). Vigneswaran failed to comply with a court order despite being told that he was on his "last warning" and had "exhausted th[e] court's patience with his recalcitrance in participating properly in this lawsuit." (Dkt. No. 64). In light of the extensive case-law wherein courts routinely dismiss pro se litigants' cases for this very reason, the Court finds that Vigneswaran has failed to carry his burden of showing that Judge Hughes's entry of default judgment was in error, much less that the criteria for relief under Rule 60(b)(6) have been satisfied.

## IV.  CONCLUSION

In light of the foregoing, Defendant Dinesh Vigneswaran's Rule 60(b)(6) Motion to Set Aside November 15, 2022 Default Judgment and Injunction, (Dkt. No. 82), is **DENIED**.

It is SO ORDERED.

Signed on January 11, 2024.

                                                          *Drew B. Tipton*
                                                      **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**